UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK and JAE S. LEE,                     Civil Docket No.: 1:25-cv-789

                              Plaintiffs,          **COMPLAINT**

        -against-

BARRINGTON D. PARKER, ALISON J. NATHAN,
and SARAH A. L. MERRIAM, in their individual capacities,

                              Defendants.

-------------------------------------------------------------------X

        Plaintiffs, by and through their attorneys, JSL LAW OFFICES, P.C.,

as and for their Complaint, file this Complaint against Defendants, Judges Barrington D. Parker,

Alison J. Nathan, and Sarah A. L. Merriam of the United States Court of Appeals for the Second

Circuit for acts taken **outside their judicial capacity** and **in the clear absence of jurisdiction**,

resulting in violations of Plaintiffs' constitutional rights, defamation, and improper disciplinary

referral in *Park v. Kim,* and respectfully allege, upon information and belief as follows:

## I.      PRELIMINARY STATEMENT

        This action challenges Defendants' actions, taken outside their judicial capacity and in clear

absence of jurisdiction, resulting in violations of Plaintiffs' constitutional rights, defamation,

improper disciplinary referral, and a violation of attorney-client privilege in Park v. Kim. The AI-

generated case citation in question does not present a legitimate controversy under Article III,

rendering Defendants' jurisdiction void. The disciplinary referral violated constitutional rights,

including due process under the Fifth Amendment by failing to provide notice or a fair hearing

and equal protection under the Fourteenth Amendment by exhibiting bias in failing to review the

1

351-page appendix, which contained evidence of Plaintiff's compliance with discovery orders. These actions exceeded judicial authority and caused irreparable harm to Plaintiff Lee.

Furthermore, the lack of an impartial appellate procedure ensures that any sanction imposed on Plaintiff Lee would be reviewed by the same biased Second Circuit panel, exacerbating the harm. Defendants' disciplinary referral of Plaintiff Lee to the Committee on Admissions and Grievances violated New York Judiciary Law § 90(10), exceeded judicial authority, and was made in an administrative, non-judicial capacity, stripping them of absolute judicial immunity. This unlawful referral contravenes Judiciary Law § 90(10) and Second Circuit Local Rule 46.2, breaching confidentiality provisions.

Defendants' improper dissemination of the disciplinary referral to hundreds of media outlets falsely suggested that as Plaintiff Lee had been disciplined, causing irreparable harm to her reputation, loss of livelihood, and severe emotional distress.

Defendants baselessly accused Plaintiff Lee of fraudulent conduct in their disciplinary referral despite the absence of regulatory guidance on AI-generated citations. Disciplinary actions must be based on explicit statutory provisions to prevent judicial overreach. Defendants mischaracterized the citation as fraudulent, failing to demonstrate deception or scienter to prove "Fraudulent" Intent Under Rule 11.

Moreover, the AI-generated citation was immaterial and merely suggested using minimum wage calculations for Plaintiff's lost wages due to underlying medical malpractice when no prior income records were available. Plaintiff's legal counsel reasonably relied on advanced legal

2

technology in good faith, as OpenAI publicly disclosed that its training data was based on online resources available up to September 2021.

Defendants also failed to render a decision on Plaintiff's motion to vacate the judgment filed on February 5, 2024, and the mandate filed on January 16, 2025, instead denying or striking relief without judicial signatures, reasoning, or justification. These failures prevented the correction of their unlawful acts and further deprived Plaintiffs of due process.

Defendants are not immune from liability and must compensate Plaintiffs for damages.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 for federal questions and 28 U.S.C. § 1343 for constitutional violations.

2. Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this district, where the Second Circuit Court of Appeals is located, and where the defamatory and unconstitutional actions were taken.

3. Plaintiff Minhye Park resides in South Korea, but the harm to her case and constitutional rights arose from Defendants' actions in New York, making venue appropriate in this Court.

## III. JURY DEMAND

4. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## IV. THE PARTIES

3

5.  Plaintiff MINHYE PARK is at all times relevant hereto, resident of the South Korea and was represented by Plaintiff Lee in appeals involving allegations of judicial bias and procedural misconduct.

6.  Plaintiff Jae S. Lee is an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and a resident of New York.

7.  Defendants are Judges Parker, Nathan, and Merriam of the United States Court of Appeals for the Second Circuit, who presided over the case *Park v. Kim* (Docket No. 22-2057).

## V.  FACTUAL ALLEGATIONS

### Defamation and Irreparable Harm

8.  On January 30, 2024, Defendants issued a disciplinary referral accusing Plaintiff Lee of "fraudulent" conduct based on an alleged citation of a non-existent case generated by AI tools.

9.  Defendants publicly disseminated the referral to media outlets and reporters, falsely implying Plaintiff Lee engaged in unethical conduct and had been formally disciplined, despite no determination of misconduct.

10.  Defendants' referral violated New York Judiciary Law § 90(10), which protects the confidentiality of attorney disciplinary proceedings, and caused irreparable harm to Plaintiff Lee's reputation, career, and personal relationships.

### Violation of Due Process and Attorney-Client Privilege

11.  Defendants violated the Fifth and Fourteenth Amendments by issuing a disciplinary referral without providing Plaintiff Lee with prior notice of the charges or an opportunity to be heard in a fair hearing.

4

12. The disciplinary referral constituted a quasi-criminal action, and Defendants failed to adhere to the due process standards required in such proceedings.

13. Defendants acted outside their jurisdiction by making the referral, as the allegations did not arise from a live controversy or contested issue within their appellate review authority.

14. Further, Defendants violated Plaintiff Lee's attorney-client privilege by compelling her to report the unlawful disciplinary referral to her client, Plaintiff Minhye Park. This forced disclosure undermined the confidentiality and trust inherent in the attorney-client relationship, causing additional harm to both Plaintiffs.

### Failure to Review, Judicial Bias and Evidence

15. Plaintiffs' appeals included a 351-page appellate appendix containing clear evidence of district court bias and procedural irregularities in *Park v. Kim.*

16. Despite the compelling evidence presented, Defendants failed to review even a single page of the appendix or address allegations of judicial bias raised in the appeal.

17. Defendants in the Second Circuit mirrored the same bias and misconduct, perpetuating the unfair treatment of Plaintiffs by ignoring critical evidence, dismissing valid motions, and refusing to address judicial bias, despite overwhelming evidence.

18. Defendants failed to acknowledge procedural irregularities, including motions struck from the record without explanation or authority, which compounded the harm to Plaintiffs.

19. By failing to review evidence and ignoring their appellate responsibilities,

5

Defendants denied Plaintiffs meaningful access to judicial remedies, thereby violating their due process rights.

### Judicial Immunity Exception

20. Defendants' actions in this complaint fall outside the protections of judicial immunity because judicial immunity does not extend to non-judicial acts, such as publicizing the unlawful referral to media outlets, violation of due process, judicial bias, intentional torts and defamation.

21. Judicial immunity does not apply when judges act in clear absence of all jurisdiction, as Defendants did by creating and enforcing new quasi-criminal standards without statutory authority.

### Loss of Livelihood and Reputational Harm

22. As a direct result of Defendants' actions, Plaintiff Lee has lost professional relationships with colleagues, clients, and coworkers. Her ability to practice law and maintain her livelihood has been irreparably damaged.

23. Plaintiff Lee has also suffered severe emotional distress, including anxiety, humiliation, and damage to her mental and emotional well-being.

24. Plaintiff Park was denied a fair judicial process, resulting in harm to her legal claims and denial of remedies to which she was entitled under law.

### CAUSES OF ACTION

### Count I: Defamation and Libel Per Se

25. Defendants publicly accused Plaintiff Lee of fraudulent conduct, falsely implying unethical and criminal behavior.

6

26. These statements constitute defamation and libel per se under New York law

because they: Directly attacked Plaintiff Lee's professional reputation by accusing her of

dishonesty and unethical conduct, which are inherently damaging; Were published widely to media

outlets, ensuring maximum reputational harm; Implied criminal or quasi-criminal conduct without

any basis in fact or law; Were made with malice and reckless disregard for the truth; Defendants'

false statements caused Plaintiff Lee to suffer harm to her professional reputation, loss of clients,

emotional distress, and significant economic damages.

## Count II: Violation of Due Process (Fifth and Fourteenth Amendments)

27. Defendants violated Plaintiffs' due process rights by: Issuing a disciplinary

referral without providing notice or an opportunity to be heard; Failing to review critical evidence,

including the appellate appendix, that demonstrated judicial bias and procedural errors; Acting

without jurisdiction or authority in creating and enforcing new quasi-criminal standards for AI-

generated content; Violating attorney-client privilege by compelling Plaintiff Lee to report the

unlawful and undecided disciplinary referral to her client.

28. These actions deprived Plaintiffs of their right to a fair and impartial judicial

process and caused significant harm.

## Count III: Violation of Equal Protection (Fourteenth Amendment)

29. Defendants selectively enforced disciplinary action against Plaintiff Lee without a

regulatory framework governing AI-generated citations.

30. Defendants failed to apply similar scrutiny to other attorneys, demonstrating

selective enforcement and discrimination, violating Plaintiff Lee's equal protection rights.

## Count IV: Violation of Judiciary Law § 90(10)

31. Defendants breached the confidentiality of attorney disciplinary proceedings by publicizing the referral to media outlets, violating statutory protections.

32. This breach caused irreparable harm to Plaintiff Lee's reputation, career, and emotional well-being.

## Count V: Intentional Infliction of Emotional Distress (IIED)

33. Defendants acted with malice and reckless disregard for Plaintiffs' emotional and professional well-being by: Publicly disseminating false and defamatory statements; Ignoring evidence of compliance and judicial bias, compounding the harm caused to Plaintiffs; The conduct was outrageous and beyond the bounds of decency, causing severe emotional distress.

## Count VI: Abuse of Process

34. Defendants misused the disciplinary referral process as a tool to defame and harm Plaintiff Lee, rather than to address genuine misconduct.

35. The process was initiated with improper motives and resulted in harm to Plaintiffs that exceeded the scope of any legitimate judicial purpose.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Enter judgment against Defendants for defamation, libel per se, and constitutional violations.

8

2. Award compensatory damages of $5,000,000 individually and separately against each Defendant for reputational harm, emotional distress, and financial losses.

3. Award treble damages for the intentional, malicious, and bad-faith nature of Defendants' conduct.

4. Award punitive damages to deter similar future misconduct.

5. Declare that Defendants violated Plaintiffs' constitutional and statutory rights.

6. Enjoin Defendants from further defamatory or unconstitutional actions.

7. Award attorneys' fees, costs, and any other relief the Court deems just and proper.

Dated: Uniondale, NY
　　　　January 27, 2025

JSLLAW OFFICE P.C.

JAE S. LEE
626 RXR PLAZA
UNIONDALE, NY 11556
