UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINHYE PARK,<br><br>        Plaintiff,<br><br>            v.<br><br>HON. BARRINGTON D. PARKER, ET AL.,<br><br>        Defendants. | 25-CV-00789 (MAB)<br><u>ORDER</u> |

MARK A. BARNETT, United States Judge:[1]

       Before the court is a motion for a temporary restraining order ("TRO") and for a preliminary injunction. ECF No. 31.[2] Plaintiff, Minhye Park, seeks to enjoin the U.S. Court of Appeals for the Second Circuit Committee on Admissions and Grievances ("Grievance Committee") from proceeding with a hearing regarding the conduct of Plaintiff's attorney, Ms. Jae S. Lee,[3] on April 14, 2025. *Id.* at 1.[4] The hearing relates to

---

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.

[2] ECF No. 32 is docketed as an emergency motion for a TRO but contains no such motion. Instead, ECF No. 32 contains a Declaration and sealed exhibits filed ostensibly to support the instant motion. The confidential status of the exhibits is subject to the court's review of a pending motion to file under seal, ECF No. 30. That filing will be separately denied for both its filing and substantive deficiencies. The court has also reviewed Plaintiff's letters to the court. ECF Nos. 33, 34. Both letters reference the same email communication that was provided as one of the exhibits to ECF No. 32 and seek to make arguments in support of Plaintiff's Motion for a TRO without providing any justification for the additional filings.

[3] The original complaint listed both Ms. Park and Ms. Lee as plaintiffs. ECF No. 9. The docket contains an amended complaint, ECF Nos. 20 (rejected as deficient), 35 (pending review by the court's quality control team), that lists Ms. Park as the sole plaintiff. *See, e.g.*, ECF No. 35 at 1.

[4] Plaintiff has made both the occurrence and timing of the hearing public in her filing. ECF No. 31 at 1.

Ms. Lee's inclusion of a citation to a non-existent case generated by ChatGPT in a reply brief before the U.S. Court of Appeals for the Second Circuit ("Second Circuit") in an appeal from the judgment of the U.S. District Court for the Eastern District of New York dismissing Plaintiff's action.  *See Park v. Kim*, 91 F.4th 610, 612–15 (2d Cir. 2024). Plaintiff also seeks to enjoin "further dissemination or reliance on the disciplinary referral issued January 30, 2024, which [Plaintiff alleges] was issued without jurisdiction and in violation of Local Rule 46.2."  ECF No. 31 at 1.

The TRO is denied.  The motion for a preliminary injunction will be held in abeyance pending notice to Defendants and an opportunity for a hearing.

There is no indication that Defendants have been served.  Thus, Plaintiff seeks an *ex parte* TRO.  Rule 65 provides for the issuance of an *ex parte* TRO

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Taking the latter requirement first, Plaintiff did not file the Rule 65(b)(1)(B) certification required for *ex parte* relief.  Noncompliance with Rule 65(b)(1)(B) is sufficient to deny the motion.  *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320 (3d Cir.

2020) ("[A] TRO may be entered *ex parte*, but only if safeguards in Rule 65(b) are met.").[5]

Plaintiff also failed to make the requisite showing under Rule 65(b)(1)(A).  Ms. Lee[6] filed a Declaration under penalty of perjury containing bald assertions of harm arising from the scheduled hearing.  ECF No. 32 ¶ 8.  The hearing, however, is just that—a hearing—and one in which Ms. Lee will have the opportunity to defend her conduct.  *See* ECF Nos. 32-4, 32-5 (referencing Ms. Lee's arguments regarding the allegations).  Ms. Lee made additional conclusory assertions regarding harm from publication of the Second Circuit panel's disciplinary referral.  ECF No. 32 ¶¶ 6–7.  Here too, however, Ms. Lee offers no concrete support for the assertions.[7]

Even had these showings been made, the court would deny the TRO.  "The standards for granting a temporary restraining order and a preliminary injunction

---

[5] Compliance with Rule 65(b)(1)(B) is rooted in the importance of notice and an opportunity to be heard and the need for strict adherence to the rule permitting deviation from those norms.  *See Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 3 (2d Cir. 1979) ("[T]his Court has on a number of occasions commented on the special nature of an Ex parte order and has cautioned district courts to observe scrupulously the requirements of Rule 65(b)").

[6] The filing of the Declaration by Ms. Lee highlights one of the issues in this case, namely, the standing of Plaintiff Minhye Park to pursue an action that appears solely related to her attorney.

[7] Furthermore, the Second Circuit panel that issued *Park v. Kim* did not, as Ms. Lee avers, act "as a Grievance Panel."  ECF No. 32 ¶ 4.  Rather, the panel referred Ms. Lee "to the Court's Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration [i.e., by the Grievance Panel] of a referral to the Committee on Admissions and Grievances."  *Park*, 91 F.4th at 616.  Second Circuit Local Rule 46.2(a) states that "[a]ll attorney grievance and discipline matters are initially handled by a panel of judges, the 'Grievance Panel.'"  Thereafter, "[t]he court's Grievance Panel may refer to the [Grievance] Committee . . . an accusation or evidence of attorney misconduct."  2d Cir. Local Rule 46.2(b)(2)(A)(i).

pursuant to Rule 65 . . . are identical." *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) (quotation omitted) (alteration in original). The plaintiff "must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed., Inc.*, 883 F.3d 32, 37 (2d Cir. 2018); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Irreparable harm must not merely be possible but must be likely, absent injunctive relief.  *See Winter*, 555 U.S. at 20.

Plaintiff has not met the requirements for irreparable harm or likelihood of success on the merits.  Accordingly, the court need not consider the remaining factors.  The requirement for irreparable harm is unfulfilled for the same reasons discussed above in connection with Rule 65(b)(1)(A).  Plaintiff offers three arguments for finding likelihood of success on the merits.  Each argument fails.

Plaintiff first argues that "[t]he citation in question was included in a discovery-related filing to calculate minimum wage damages," and "[t]hus, Rule 11 is inapplicable as a matter of law."  ECF No. 31-1 at 4.[8]  Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."

---

[8] Plaintiff included the same assertion in Ms. Lee's Declaration.  ECF No. 32 ¶¶ 2, 3.

Fed. R. Civ. P. 11(d).  The citation, however, appeared in Plaintiff's reply brief to the

Second Circuit.  *See Park*, 91 F.4th at 614.[9]  Rule 11 therefore applies.

Plaintiff next argues that the Second Circuit panel "failed to issue the required

show-cause order under Rule 11(c)(3)."  ECF No. 31-1 at 4.  Rule 11(c)(3) provides: "On

its own, the court may order an attorney, law firm, or party to show cause why conduct

specifically described in the order has not violated Rule 11(b)."  Fed. R. Civ. P. 11(c)(3).

Relatedly, Rule 11(c)(1) permits a court, "after notice and a reasonable opportunity to

respond," to "impose an appropriate sanction on any attorney, law firm, or party" that is

determined to have violated Rule 11(b).  Fed. R. Civ. P. 11(c)(1).  The Second Circuit

panel referred Ms. Lee to the Grievance Panel for its investigation and consideration as

to whether further referral should be made to the Grievance Committee.  The Second

Circuit panel was not required to issue a show cause order pursuant to Rule 11(c)(3)

prior to making such a referral to the Grievance Panel.  The hearing that is the subject of

this TRO motion is precisely the notice and opportunity to be heard contemplated by

Rule 11(b).

Lastly, Plaintiff argues that the Second Circuit panel's referral violated the

confidentiality provisions of New York Judiciary Law § 90(10).  ECF No. 31-1 at 4.  That

law states: "[A]ll papers, records and documents . . . upon any complaint, inquiry,

---

[9] Plaintiff relied on the citation to support the argument that the district court had erred in construing the law regarding lost earnings.  Reply Br. for Pl.-Appellant at *6, 2023 WL 4882413.  While the citation ostensibly related to the calculation of damages, Plaintiff's repeated assertion that she included the citation in a "discovery brief" or "discovery-related filing," ECF No. 31-1 at 2, 4; *see also* ECF No. 32 at 1, is inconsistent with the evidence available to the court.

investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential."  NY Judiciary Law § 90(10).  That requirement applies to state court proceedings.  *See id.*; *cf. Christian v. N.Y. State Bd. of Law Examiners*, 899 F. Supp. 1254, 1256 (S.D.N.Y.1995) (characterizing a claim under New York Judiciary Law § 90(10) as "a state law claim"). Nevertheless, Second Circuit Local Rule 46.2, also relied on by Plaintiff, ECF No. 31 at 1, contains a similar confidentiality provision.  It states, *inter alia*: "All matters referred to, all proceedings conducted by, and all records possessed by the Committee remain confidential, unless the Grievance Panel orders otherwise, or the Committee acts under (b)(2)(B) or (b)(7)."  2d Cir. Local Rule 46.2(b)(6).  But the Second Circuit panel's referral of Ms. Lee's conduct to the Grievance Panel does not fall within this provision.  Rather, the provision appears to capture matters referred to the Grievance Committee from the Grievance Panel and protects the confidentiality of proceedings and documents of the Grievance Committee.  Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits.

Plaintiff is urged to consider the extraordinary nature of, and requirements for, injunctive relief, and is reminded of the requirement of candor to the court.  Plaintiff will be required to address relevant deficiencies identified in this order at any hearing on the preliminary injunction motion.

Based upon the foregoing, it is hereby

**ORDERED** that the motion for a temporary restraining order, ECF No. 31, is **DENIED**; it is further

Court No. 25-cv-00789                                                                    Page 7

     **ORDERED** that the motion for a preliminary injunction, ECF No. 31, will be held in abeyance pending notice to Defendants; and it is further

     **ORDERED** that the clerk of the court is directed to terminate the motion at ECF No. 32.

                          /s/     Mark A. Barnett
                          Mark A. Barnett, Chief Judge
                          U.S. Court of International Trade
                          (sitting by designation)

Dated: April 3, 2025
      New York, New York