UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                              Plaintiffs,

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit, in their individual capacities; JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States District Court for the Eastern District of New York, in their individual capacities; CATHERINE O'HAGAN WOLFE, in her official capacity as Clerk of the Second Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the Committee on Admissions and Grievances;
and OPENAI, INC.,

                              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs Minhye Park and Jae S. Lee respectfully submit this memorandum of law in support of their Emergency Motion for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to prevent the unconstitutional and unlawful continuation of disciplinary proceedings initiated by the Second Circuit and the Committee on Admissions and Grievances. The underlying referral was issued sua sponte on January 30, 2024 by Judges Barrington D. Parker, Alison J. Nathan, and Sarah A. L. Merriam— without jurisdiction, without a pending dispute, and without compliance with the procedural requirements of Rule 11 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Plaintiff respectfully seeks to prevent the Second Circuit's Committee on Admissions and Grievances from proceeding with a disciplinary hearing scheduled for April 14, 2025. The underlying referral was issued sua sponte on January 30, 2024 by Judges Barrington D. Parker,

Alison J. Nathan, and Sarah A. L. Merriam—without jurisdiction, without a pending dispute, and without compliance with the procedural requirements of Rule 11 of the Federal Rules of Civil Procedure.

The disciplinary referral was premised on a single AI-generated citation included in a discovery-related filing in a reply brief, a context expressly excluded from Rule 11 sanctions under Rule 11(d). The Second Circuit issued no Rule 11(c)(3) show-cause order, nor did it identify fraudulent intent. Nonetheless, the panel ordered public dissemination of the referral in violation of Judiciary Law § 90(10) and Local Rule 46.2(6), and compelled Plaintiff's attorney to disclose the referral to her client and to report the communication Plaintiff's counsel was ordered to disclose the disciplinary referral to Plaintiff and report the communication back to the court in public, breaching attorney-client privilege and damaging the professional relationship. These actions have resulted in irreparable reputational harm, public ridicule, and the denial of fundamental due process rights.

On December 30, 2024, the Committee on Admissions and Grievances waited nearly a year before issuing a notice of hearing, just three days after Plaintiff filed suit against the referring judges, suggesting a retaliatory motive. The hearing threatens irreparable harm, reputational damage, and lacks any impartial appellate review, as any appeal would return to the same Second Circuit panel. Plaintiff respectfully requests a TRO to enjoin the April 14, 2025 hearing and prevent further dissemination or reliance on the unlawful referral.

# FACTUAL BACKGROUND[1]

---

[1] **District Court Proceedings (EDNY)**

Petitioner Minhye Park filed a medical malpractice action in the U.S. District Court for the Eastern District of New York against Defendant Dr. David Kim, arising from injuries sustained during a failed abortion procedure. Dr. Kim admitted deviation from the standard of care. Both Petitioner's expert and Dr. Kim confirmed that a prior abortion performed ten years earlier did not cause the present injuries.

During discovery, defense counsel Hayley Newman submitted false and unsupported statements, claims that an unnamed defense expert demanded HIPAA authorizations for ten years of Plaintiff's medical history—including unrelated, pre-abortion records. However, no such expert was ever disclosed or retained by Defendant's counsel Hayley Newman. Petitioner repeatedly provided HIPAA authorizations for 10 years and extensive medical documentation, including surgical reports, ultrasounds, and photographs whatever she could have obtained. Despite this, the District Court compelled further production, largely based on Newman's unsupported assertions, while defendant owed outstanding discovery obligations.

Petitioner twice moved for sanctions against Newman under Rule 11 and Rule 26 for making false statements and engaging in improper discovery conduct. The Court denied both motions without issuing any opinion or citing legal authority. Ultimately, the District Court dismissed Petitioner's case based on alleged discovery noncompliance, despite evidence that Plaintiff had complied with all discovery orders under the law. The dismissal reflected a pattern of judicial bias favoring the defense.

**Second Circuit Appeal**

Petitioner timely appealed to the U.S. Court of Appeals for the Second Circuit. The appellate record included a 351-page appendix documenting full compliance with discovery obligations and highlighting defense counsel's misconduct. Despite this, the Second Circuit failed to address the discovery record, did not rule on the motions for sanctions, and affirmed the dismissal.

More concerning, on January 30, 2024, the Second Circuit issued a sua sponte disciplinary referral against Petitioner's counsel based on a single, non-material AI-generated citation found in a reply brief. The brief discussed the application of minimum wage estimates where Plaintiff lacked income in the year prior to the incident—a point never contested by the defense. No bad faith was alleged or found. The Second Circuit issued no Rule 11(c)(3) show-cause order and held no hearing.

Critically, the referral was issued by a merits panel rather than a designated Grievance Panel as required under Local Rule 46.2(b)(2). The court then ordered counsel to disclose the referral to her client and report back—publicly—on that attorney-client communication within 21 days, thereby breaching attorney-client privilege and violating New York Judiciary Law § 90(10), which prohibits public disclosure of disciplinary matters prior to final determination.

On appeal, the Second Circuit imposed attorney's fees and taxed costs despite no finding of frivolousness. The court failed to review the 351-page record or address Petitioner's legal challenges to the discovery ruling. Petitioner's February 5, 2024 motion to vacate judgment was timely filed but was removed from the docket and formally stricken without judicial review on February 14, 2024. The motion was never adjudicated despite following motion to render decisions. The mandate issued on February 23, 2024. Subsequent post-judgment motions—including to stay the mandate, recall the mandate, and dismiss the disciplinary referral—were either denied by the clerk, returned as outside jurisdiction, or struck without reasoning.

**Proceedings Before the U.S. Supreme Court**

The January 30, 2024 disciplinary referral arose from a citation generated by OpenAI's ChatGPT, used in a good-faith attempt to estimate lost wage damages using a minimum wage standard. At the time, neither the Second Circuit nor the State of New York had promulgated any rules or guidance on the use of AI-generated content in legal filings. The citation in question was not related to a dispositive legal issue and had no effect on the outcome of the case. Importantly, the AI-generated citation was used only to illustrate a common minimum wage benchmark, which is routinely applied in New York courts when plaintiffs lack prior income history. The citation was not material to the case, and no prejudice or harm resulted.

---

Petitioner e-filed a motion for extension of time to file a writ of certiorari on April 26, 2024, and physically delivered it on May 13, 2024—within 90 days of the February 14, 2024 order. Nonetheless, the Supreme Court Clerk denied the motion as untimely, failing to credit that the February 5 motion to vacate should toll the deadline under Rule 13.3 of the Rules of the Supreme Court.

**Disciplinary Proceedings and Judicial Retaliation**

On December 27, 2024, Petitioner filed a lawsuit against Judges BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit. The Committee on Admissions and Grievances initiated proceedings based solely on the Second Circuit's illegitimate referral—not promptly, but only after Plaintiff filed lawsuits against the judges. A notice of hearing was issued on December 30, 2024, just three (3) days after the latter case was filed, and a year after the judgment including the defective referral was issued. Instead of limiting its review to the referral's contents, the Committee expanded its investigation to include administrative and procedural matters—such as delays due to court access issues and court-caused filing errors. These actions go beyond its jurisdiction under Local Rule 46.2 and constitute retaliatory overreach following Plaintiffs' civil suits against the referring judges and opposing counsel. Surprisingly, the Committee on Admissions and Grievances emailed a notice of disciplinary hearing and investigation report that was not sealed, lacked proper service, and was delivered via unsecured email.

Petitioner filed a lawsuit against Judges Chen and Bloom on December 27, 2024, challenging structural bias in both the original and a related case, *Park v. Newman*, Case No. 1:24-cv-04770-PKC-LB. On December 30, 2024, just three days later, the Committee on Admissions and Grievances emailed a notice of disciplinary proceedings based on the original referral. The notice was not sealed, lacked proper service, and was delivered via unsecured email.

**Repeated Judges Chen and Bloom's Bias**

Subsequently, in *Park v. Newman*, 1:24-cv-04770-PKC-LB, Judges Chen and Bloom continued issuing sua sponte denials of Plaintiff's motions without opposition, reinforcing a pattern of bias, including for recusal, summary judgment, docket correction, and reconsideration—sua sponte and without issuing any opinions. The denials mirrored the same bias and disregard for due process present in the underlying action.

The citation was included in a discovery reply brief, not a dispositive motion, thus placing it outside the purview of Rule 11 sanctions, per Rule 11(d). Nevertheless, the Second Circuit issued a sua sponte disciplinary referral against Plaintiff's counsel and publicly disseminated it via court docket and media, creating the false impression that formal discipline had occurred.

The Committee on Admissions and Grievances did not act for nearly a year. Its first notice of hearing was issued on December 30, 2024, just three days after Plaintiff initiated a lawsuit against the referring judges—raising serious concerns of retaliatory motive.

The Committee on Admissions and Grievances further violated established rules and due process by transmitting the Notice of Hearing and the Investigation Report via unsecured email, in contravention of confidentiality obligations and proper service procedures. This method of service violates Second Circuit Local Rule 46.2(3)(B), which requires formal notice and secure, reliable means of transmission for disciplinary matters that are quasi-criminal in nature.

The disciplinary referral was further tainted by false statements from opposing counsel Hayley Newman, who employed litigation tactics including attempts to schedule depositions during nighttime hours in Plaintiff's time zone. Plaintiff filed motions for sanctions against Newman and Defendant on September 22, 2021, and March 15, 2022, which Judges Chen and Bloom denied without reasoning or citation of authority.

Notably, the Committee's formal proceedings were only initiated after Plaintiff filed legal actions against both opposing counsel (July 2024) and the judges who issued the referral (December 2024). Subsequent to these filings, Judge Chen issued sua sponte denials of all Plaintiff's motions in the related matter *Park v. Newman,* further evidencing ongoing judicial bias.

## ARGUMENT

### I. LEGAL STANDARD FOR INJUNCTIVE RELIEF

To obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

## II. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

The underlying disciplinary referral issued by the Second Circuit on January 30, 2024—based on a single AI-generated citation in a reply brief—was procedurally defective, legally unauthorized, and constitutionally infirm. The citation was used in a discovery-related filing concerning minimum wage estimates, which places it outside the scope of Rule 11 sanctions per *Rule 11(d)*.

No show-cause order under Rule 11(c)(3) was issued. No finding of bad faith or intent to mislead was made. Yet the referral was made sua sponte without any opportunity to respond. This violates clearly established due process requirements. *See In re Ruffalo*, 390 U.S. 544, 550 (1968) (discipline imposed without prior notice of charges violates due process); *Snider v. Melindez*, 199 F.3d 108 (2d Cir. 1999) (sua sponte action without opportunity to respond is improper).

The referral was publicly docketed and disseminated in violation of Judiciary Law § 90(10), which mandates confidentiality until final determination. The Court also compelled Plaintiff's counsel to disclose the referral to her client and report back to the court, breaching attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (recognizing the foundational importance of the attorney-client privilege).

Additionally, the referral was issued by a merits panel, not a designated Grievance Panel, contrary to Second Circuit Local Rule 46.2(b)(2). Under *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004), a court's failure to follow procedural rules affecting jurisdiction renders its actions void.

The Committee on Admissions and Grievances compounded the illegality by initiating proceedings nearly one year later, and only **three days after** Plaintiff filed suit against the referring judges, raising an inference of retaliation. *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (temporal proximity between protected conduct and retaliation creates inference of improper motive).

The Committee then served the **Notice of Hearing and Investigation Report via unsecured email**, in direct violation of *Local Rule 46.2(3)(B)*, which requires secure and formal service of notice in disciplinary matters that are quasi-criminal in nature.

In total, the referral was:

- not authorized under *Rule 11*,
- issued without jurisdiction under *Local Rule 46.2*,
- disseminated in violation of *Judiciary Law § 90(10)*,
- and procedurally invalid under *In re Ruffalo*, *Withrow v. Larkin*, and *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

These cumulative violations provide a clear basis for injunctive relief

### III. IRREPARABLE HARM WILL RESULT

Absent immediate relief, Plaintiff and her counsel will continue to suffer irreparable harm. The reputational damage inflicted by public dissemination of the referral cannot be undone through monetary damages alone. *Doe v. Department of Public Safety ex rel. Lee*, 271 F.3d 38, 57 (2d Cir. 2001), rev'd on other grounds, 538 U.S. 1 (2003).

Plaintiff's counsel has already experienced professional isolation, emotional distress, and financial harm. The January 30, 2024 referral was disseminated to news outlets, including

7

international publications and law reviews, and continues to be cited as if formal discipline had been imposed despite the absence of any adjudication. The pending disciplinary hearing is based on a non-material, corrected citation in a discovery brief—conduct not governed by Rule 11 and not made in bad faith. The continued prosecution of this proceeding imposes reputational harm, litigation cost, and stigmatization disproportionate to the alleged act. Further, the compelled public disclosure of confidential attorney-client communications exacerbates the damage.

There is no mechanism for impartial appellate review of the disciplinary proceedings because any appeal would return to the same Second Circuit panel or its designees that issued the referral in the first place. This creates a closed loop that violates the core constitutional requirement of a neutral decisionmaker. As the Supreme Court recognized in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), and *In re Murchison*, 349 U.S. 133 (1955), due process prohibits adjudication by a tribunal with a prior or vested interest in the outcome. The absence of any structurally independent forum for review also raises the risks of prejudgment and retaliation, as cautioned in *Withrow v. Larkin*, 421 U.S. 35 (1975). These unresolved structural defects compound the irreparable harm to Plaintiff and her counsel, who face a disciplinary process with no fair opportunity for neutral appeal.

### IV. PUBLIC INTEREST FAVORS INJUNCTIVE RELIEF

Preserving the integrity of the legal system and public confidence in the judiciary demands strict adherence to due process, especially in attorney disciplinary matters. The public interest is not served by disciplinary actions undertaken without jurisdiction, notice, or an impartial forum for review. Disciplinary referrals that originate from the same panel that later reviews them violate basic structural fairness, as cautioned in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

Courts have consistently recognized that the legitimacy of judicial institutions depends on transparency, procedural regularity, and the absence of retaliatory conduct. *See Withrow v. Larkin*, 421 U.S. 35 (1975). Here, the Committee's disciplinary hearing is based on a referral that was both unauthorized and publicly disseminated before adjudication, in direct violation of Judiciary Law § 90(10) and Local Rule 46.2. The Committee's notice of hearing—issued via unsecured email shortly after Plaintiff filed a lawsuit against the referring judges—further undermines public confidence and raises serious questions about retaliatory motive.

Moreover, no governing body has yet established binding ethical standards for the use of AI in legal filings. Sanctioning attorneys retroactively for non-material, good-faith conduct in the absence of guidance risks chilling innovation and punishing responsible advocacy. An injunction would therefore serve the broader public interest by ensuring fair application of the rules and preventing unchecked disciplinary overreach.

### V. SECOND CIRCUIT'S FAILURE TO RENDER DECISIONS ON POST-JUDGMENT MOTIONS AND LACK OF REVIEW MECHANISM FOR DISCIPLINARY PROCEEDINGS VIOLATES DUE PROCESS AND WARRANTS INJUNCTIVE RELIEF

The Second Circuit's refusal to adjudicate multiple post-judgment motions, including a timely motion to vacate judgment—constitutes a serious violation of procedural due process and reinforces the need for immediate injunctive relief.

On February 5, 2024, Petitioner timely filed a motion to vacate judgment, just five days after the judgment was entered on January 30, 2024. The Clerk returned the motion requesting technical correction. Petitioner refiled it on February 6, 2024, with the required Form T-1080, and submitted a clarifying letter on February 7, 2024, requesting review as a motion to vacate. On February 14, 2024, however, the motion was stricken from the docket without judicial order, signature, or explanation.

This removal, without adjudication, deprived Petitioner of the opportunity for judicial review and violates the holding in *Day v. McDonough*, 547 U.S. 198 (2006), which guarantees a meaningful opportunity to be heard before final judgment becomes conclusive. It further contravenes *Bowles v. Russell*, 551 U.S. 205 (2007), which requires that jurisdictional deadlines be calculated from the final disposition of post-judgment motions.

Petitioner also filed a motion to dismiss the disciplinary referral on March 25, 2025, which remains unresolved. The next day, on March 26, 2025, the Second Circuit Clerk returned the motion, stating the court lacked jurisdiction, even though the disciplinary process remains ongoing. Similarly, a motion to recall the mandate was denied without opinion on January 16, 2025. None of these motions received review by a judge or opinion. Many were dismissed by the Clerk's Office, not the Court. This violates the Supreme Court's holding in *Gonzalez v. United States*, 553 U.S. 242 (2008), which prohibits delegation of core judicial functions, including post-judgment rulings, to non-judicial personnel.

Moreover, there exists no independent forum to challenge the ongoing legality of the disciplinary proceedings initiated by the Second Circuit's Committee on Admissions and Grievances. The Committee acts based on the referral issued by the same panel of judges now subject to litigation. Any review of the Committee's decision would return to that very court, creating an impermissible conflict. This lack of an impartial forum violates the fundamental right to due process and mirrors the structural defect recognized in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), where the appearance of judicial bias required recusal to preserve constitutional fairness. These cumulative violations—failure to adjudicate post-judgment motions, denial of access to judicial review, and lack of any avenue to challenge the disciplinary proceedings—warrant immediate injunctive relief.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court:

1. **Grant reconsideration** of its April 3, 2025 denial of Plaintiff's prior motion, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure;

2. **Issue a Temporary Restraining Order and Preliminary Injunction** enjoining the Second Circuit's Committee on Admissions and Grievances from proceeding with the hearing currently scheduled for April 14, 2025;

3. **Enjoin further dissemination or reliance on the unlawful disciplinary referral** dated January 30, 2024, which was issued without jurisdiction, without compliance with Rule 11, and in violation of due process, Local Rule 46.2, and New York Judiciary Law § 90(10);

4. **Recognize that Plaintiff lacks any alternative forum** to challenge the ongoing disciplinary proceedings, which were triggered by judicial actors now subject to litigation and for which no independent appellate review mechanism exists;

5. **Acknowledge that continued prosecution of the disciplinary action will result in irreparable harm** to Plaintiff's counsel, both reputational and constitutional, and will further chill the rights of similarly situated attorneys seeking to engage in good faith advocacy;

6. **Grant such other and further relief** as this Court deems just and proper to preserve the integrity of the judicial process, prevent abuse of authority, and ensure that constitutional protections apply equally to all attorneys, regardless of affiliation or firm size.

Dated: April 11, 2025
      Uniondale, New York

                                    Respectfully submitted,

                                    */s/ Jae S. Lee*
                                    Jae S. Lee, Esq.
                                    JSL Law Offices, P.C.
                                    626 RXR Plaza, Uniondale, NY 11556
                                    (718) 461-8000