UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MINHYE PARK,                                          Civil Docket No.: 1:25-cv-789

                        Plaintiffs,

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit, in their individual capacities; JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States District Court for the Eastern District of New York, in their individual capacities; CATHERINE O'HAGAN WOLFE, in her official capacity as Clerk of the Second Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the Committee on Admissions and Grievances;
and OPENAI, INC.,
                        Defendants.
------------------------------------------------------------------X

**DECLARATION OF JAE S. LEE IN SUPPORT OF PLAINTIFF'S ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

      I, Jae S. Lee, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am the attorney of record for Plaintiff Minhye Park in the above-captioned matter. I am admitted to practice before this Court and submit this declaration in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

2. On January 30, 2024, a disciplinary referral was issued against me by a merits panel of the U.S. Court of Appeals for the Second Circuit, consisting of Judges Barrington D. Parker, Alison J. Nathan, and Sarah A. L. Merriam. The referral was based on a single, immaterial AI-generated

1

citation contained in a reply brief regarding discovery damages estimates. The citation appeared in a non-dispositive, discovery-related filing.

3. The citation was used to approximate minimum wage damages where the Plaintiff had no prior income record, consistent with accepted practice under New York law. No party moved for sanctions, and the Court issued no show-cause order as required under Federal Rule of Civil Procedure 11(c)(3).

4. Under Rule 11(d), filings related to discovery are expressly exempt from sanctions. No rule, guideline, or ethical authority—federal or state—had addressed the use of AI tools like ChatGPT at the time the citation was included. No finding of bad faith or intent to mislead was ever made.

5. The panel that issued the referral was not designated as a Grievance Panel under Second Circuit Local Rule 46.2(b)(2) and therefore lacked jurisdiction to initiate such proceedings. The referral was issued sua sponte, without process, without a hearing, and without notice.

6. On December 30, 2024, the Committee on Admissions and Grievances issued a hearing notice and investigation report based on the referral—nearly one year later and only three days after I filed a civil lawsuit against the referring judges on December 27, 2024. This retaliatory timing undermines fairness and gives rise to an appearance of bias.

7. The Committee transmitted the notice of hearing and accompanying report to me via unsecured email, not by sealed or formal service, in violation of Local Rule 46.2(3)(B). No formal charges were served in accordance with Rule 46.2(4).

8. The disciplinary referral was published on PACER and disseminated through official court channels. It was later reported in over 100 legal and news media outlets globally. As a result, I was publicly portrayed as having been formally disciplined, despite the absence of any adjudication or final finding.

9. I was further ordered by the Court to disclose the referral to my client and report the substance of that communication to the Court in public, which I believe violated the attorney-client privilege and Judiciary Law § 90(10).

10. This public dissemination and forced disclosure caused me severe reputational, professional, and emotional harm. I have been ostracized in legal communities, lost clients, and suffered physical and mental distress. My ability to practice law and represent my clients continues to be impaired.

11. The disciplinary hearing is now scheduled for April 14, 2025. There is no independent appellate forum available to review the legality of these proceedings. Any appeal from a sanction imposed by the Committee would be returned to the same Second Circuit judges who issued the original referral, raising serious due process concerns.

12. The disciplinary referral and related proceedings were additionally triggered by false statements made by opposing counsel Hayley Newman, who falsely claimed that an undisclosed expert required 10 years of HIPAA records. Defendant never retained such an expert. Plaintiff submitted two well-supported motions for sanctions against Newman in September 2021 and

March 2022. Both were denied without reasoning by Judge Pamela K. Chen and Magistrate Judge Lois Bloom.

13. The following exhibits are submitted in support of this motion:

- **Exhibit A:** January 30, 2024 disciplinary referral
- **Exhibit B:** December 30, 2024 Committee Notice of Hearing and report
- **Exhibit C:** Plaintiff's responses to the Committee dated March 18 and 27, 2025
- **Exhibit D:** Judiciary Law § 90(10) and Local Rule 46.2
- **Exhibit E:** August 11, 2021 transcript (false statements by Hayley Newman)
- **Exhibit F:** Plaintiff's expert report dated September 12, 2021
- **Exhibit G:** Plaintiff's motions for sanctions filed September 22, 2021 and March 15, 2022

No previous application for this relief has been granted. A prior motion for a Temporary Restraining Order was denied by this Court on April 3, 2025, without the benefit of the expanded procedural, jurisdictional, and constitutional arguments now presented.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 11, 2025
       Uniondale, New York

                                    Respectfully submitted,

                                      */s/ Jae S. Lee*
                                      Jae S. Lee, Esq.
                                      JSL Law Offices, P.C.
                                      626 RXR Plaza, Uniondale, NY 11556
                                      (718) 461-8000