Judiciary Law § 90(10):

[Any statute or rule to the contrary notwithstanding, all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law and upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential. However, upon good cause being shown, the justices of the appellate division having jurisdiction are empowered, in their discretion, by written order, to permit to be divulged all or any part of such papers, records and documents. In the discretion of the presiding or acting presiding justice of said appellate division, such order may be made either without notice to the persons or attorneys to be affected thereby or upon such notice to them as he may direct. In furtherance of the purpose of this subdivision, said justices are also empowered, in their discretion, from time to time to make such rules as they may deem necessary. Without regard to the foregoing, in the event that charges are sustained by the justices of the appellate division having jurisdiction in any complaint, investigation or proceeding relating to the conduct or discipline of any attorney, the records and documents in relation thereto shall be deemed public records.] https://www.nycourts.gov/courts/ad1/committees&programs/ddc/Section90(10).shtml

# Local Rule 46.2. Attorney Discipline

**(a) Grievance Panel.** All attorney grievance and discipline matters are initially handled by a panel of judges, the "Grievance Panel."

**(b) Committee on Admissions and Grievances.**

**(1) Appointment of Committee Members, Chair, and Secretary.**

**(A)** A standing committee of members of the bar, the "Committee on Admissions and Grievances," is appointed by the court to serve staggered three-year terms.

**(B)** The court designates a Committee member to serve as chair, and appoints a bar member to serve as secretary. The Committee's secretary is not entitled to vote on its proceedings.

**(2) Referrals.**

**(A)** The court's Grievance Panel may refer to the Committee, for investigation, hearing and report, the following types of matters:

**(i)** an accusation or evidence of attorney misconduct, including affirmative misconduct, negligent conduct, or conduct caused by or resulting from physical or mental infirmity, or the use of alcohol, drugs or other substances;

**(ii)** any other circumstance suggesting that an attorney may be unable to meet obligations to the court; or

**(iii)** any other situation in which the Grievance Panel seeks the guidance of the Committee, including matters relating to applications for admission or reinstatement to the court's bar, possible reciprocal discipline based on the imposition of discipline by another court or bar, or possible discipline based on an attorney's criminal conviction.

**(B)** The Committee may refer a matter to an appropriate attorney disciplinary authority for preliminary investigation, or may conduct a joint investigation with that authority. For the purpose of this rule, an attorney disciplinary authority includes any court, bar association, attorney admissions or discipline committee, government agency, or other licensing authority responsible for regulating the conduct of attorneys practicing law in that jurisdiction.

**(3) Committee Proceedings.**

**(A)** Investigation. Unless the Grievance Panel directs otherwise, the Committee may commence an investigation of a matter referred to it before the provision of notice to the attorney. The Committee determines the appropriate extent and methods of investigation.

**(B)** Notice of Charges and Order to Show Cause. If the Committee determines to bring charges against an attorney, it will provide the attorney with a written notice of the charges and the reasons the conduct may

warrant the imposition of discipline or other corrective measures, and will order the attorney to show cause why discipline or other corrective measures, either specified in the notice and order or to be later determined, should not be imposed. A notice and order is served on the attorney personally or by certified or registered mail.

**(C)** Representation by Counsel. An attorney subject to proceedings under this rule is entitled to be represented by counsel throughout the proceedings.

**(D)** Attorney Answer to Notice of Charges and Order to Show Cause. Unless the Committee directs otherwise, the attorney must respond to the notice of charges and order to show cause within 28 days after service by filing an answer, any supporting evidence and any request for a hearing.

**(i)** Absent a court order to the contrary, the attorney may examine all documents in the record before submitting an answer.

**(ii)** The answer must include the following information: (a) a list of all bars to which the attorney is admitted, including all bar numbers and other bar identification information; (b) a list of all cases pending before the court in which the attorney is involved; (c) a list of any pending or previous disciplinary proceedings, and any discipline imposed, by an attorney disciplinary authority; (d) a statement of the alleged facts that are controverted; (e) the basis on which any controverted facts are disputed; and (f) any additional facts that are relevant to the Committee's determinations on the need for discipline or other corrective measures, including facts relevant to defense or mitigation.

**(iii)** The attorney must produce all documents requested in the Committee's notice of charges and order to show cause.

**(iv)** The answer must be made under oath or in such other form that the penalties for perjury apply.

**(v)** A copy of the answer may, in the discretion of the Committee, be furnished to a complainant or to other persons whose participation is relevant to the proceeding.

**(E)** Hearing Procedures. After the attorney has answered the Committee's notice of charges and order to show cause, or after the time to answer has expired, the Committee may hold a hearing to take testimony and receive other evidence, to hear argument, or both. If the Committee holds a hearing:

**(i)** the Committee must provide at least 14 days notice to the attorney of any hearing;

**(ii)** the attorney has the right to appear, to present witnesses and other evidence, and to confront and cross-examine under oath any witness against the attorney;

**(iii)** the Committee, or the person presiding over the hearing, may announce and be governed by any other rules of procedure warranted by the circumstances;

**(iv)** the attorney and all witnesses must testify under oath or affirmation; and

**(v)** a record and transcript of the hearing must be made.