UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                          Civil Docket No.: 1:25-cv-789

                              Plaintiffs,

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit, in their individual capacities; JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States District Court for the Eastern District of New York, in their individual capacities; CATHERINE O'HAGAN WOLFE, in her official capacity as Clerk of the Second Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the Committee on Admissions and Grievances;
and OPENAI, INC.,
                              Defendants.
-------------------------------------------------------------------

**Supplemental Submission in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction**

Dear Judge Barnett:

    I write to respectfully submit this supplemental letter in support of Plaintiff Minhye Park's pending motion for a Temporary Restraining Order and Preliminary Injunction to enjoin the disciplinary hearing scheduled for April 14, 2025 by the Second Circuit's Committee on Admissions and Grievances.

    Plaintiff only recently discovered that the disciplinary referral at issue was allegedly issued on July 23, 2024, not January 30, 2024 as previously understood.

    Critically, this referral post-dated the **Second Circuit's issuance of the mandate on February 23, 2024**, which conclusively terminated appellate jurisdiction in the underlying case. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (once the mandate issues, the appellate court lacks further authority); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

    This renders the July 23 referral **jurisdictionally invalid** and **ultra vires**. The panel had no authority to reopen the case or issue a new referral once its mandate had issued, particularly without a pending motion or adversarial proceeding.

    Additional facts further support Plaintiff's claim of retaliatory and procedurally defective disciplinary conduct:

- **July 10, 2024**: Plaintiff filed a lawsuit against Hayley Newman, former defense counsel in *Park v. Kim*, based on false statements and litigation misconduct.

- **July 23, 2024**: The Second Circuit allegedly issued a new referral to the Committee—never docketed, never served, and unknown to Plaintiff until now.

- **December 27, 2024**: Plaintiff filed suit against the referring judges, raising constitutional claims based on the referral and post-judgment misconduct.

- **December 30, 2024**: The Committee issued a **Notice of Hearing and Investigative Report** via **unsecured email**, in violation of **Local Rule 46.2(3)(B)** and **Judiciary Law § 90(10)**, both of which require confidentiality and formal service in disciplinary matters.

The sequence and method of these actions raise substantial concerns of **retaliation**, lack of transparency, and denial of due process. The Court's intervention is necessary to prevent irreparable harm and halt a hearing grounded in an invalid and unlawfully issued referral.

We respectfully request that this supplemental submission be considered in connection with the pending motion.

Dated : April 11, 2025
      Uniondale, New York

                Respectfully submitted,

        */s/ Jae S. Lee*
        Jae S. Lee, Esq.
        JSL Law Offices, P.C.
        626 RXR Plaza, Uniondale, NY 11556
        (718) 461-8000