UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINHYE PARK,<br><br>          Plaintiff,<br><br>          v.<br><br>HON. BARRINGTON D. PARKER, ET AL.,<br><br>          Defendants. | 25-CV-00789 (MAB) (SDA)<br><u>ORDER</u> |

MARK A. BARNETT, United States Judge:[1]

      Before the court is a motion for reconsideration of the court's April 3, 2025, denial of Plaintiff's motion for a temporary restraining order. ECF No. 70.[2] Plaintiff references Federal Rules of Civil Procedure 59(e) and 60(b) in her motion, *id.* at 1, but makes no attempt to meet the standards for reconsideration set forth in those rules. The "expanded procedural, jurisdictional, and constitutional arguments" that Plaintiff purports to present, ECF No. 70-2 at 4, are, in substance, restatements of the arguments the

---

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.

[2] ECF No. 70 is docketed as an emergency motion for a TRO. Plaintiff also filed a memorandum of law in support, ECF No. 70-1, and a declaration by Plaintiff's attorney, ECF No. 70-2. Thereafter, Plaintiff filed a supplemental submission in support of the motion, also docketed as an emergency motion for a TRO. ECF No. 72. In that submission Plaintiff argues that the disciplinary referral "was allegedly issued on July 23, 2024, not January 30, 2024 as previously understood," and is therefore "jurisdictionally invalid and ultra vires" because it post-dates the Second Circuit's mandate. *Id.* at 1 (emphasis omitted). Plaintiff further avers that this was "a new referral to the Committee—never docketed, never served, *and unknown to Plaintiff until now*." *Id.* at 2 (emphasis added). However, Plaintiff has previously filed on the docket of this case a December 30, 2024, notice of hearing explicitly referencing a July 23, 2024 referral order. *See* ECF No. 32-2. Thus, regardless of the merits of Plaintiff's characterizations, the existence of a July 23, 2024 referral order is not new information.

Court No. 25-cv-00789                                                                                           Page 2

court previously rejected. Accordingly, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff's motion for a preliminary injunction remains in abeyance pending notice to Defendants. *See* ECF No. 36.

Additionally, Plaintiff seeks leave to file documents under seal. ECF No. 70 at 2. The documents for which Plaintiff requests leave to file under seal are listed as exhibits in support of the motion for reconsideration. *See* ECF No. 70-2 at 4. However, following the filing of the instant motion, Plaintiff publicly filed said documents. *See* ECF Nos. 71 through 71-8.[3] It is unclear whether Plaintiff intends to abandon confidential filing of the documents. Accordingly, leave to file documents under seal is **DENIED WITHOUT PREJUDICE**.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge
U.S. Court of International Trade
(sitting by designation)

Dated: April 14, 2025
         New York, New York

---

[3] The court previously denied without prejudice Plaintiff's motion for leave to file documents under seal. ECF No. 38. In the Order, the court directed Plaintiff to "seek to limit the documents filed under seal to only those necessary to protect confidential information" and to "state reasons why each exhibit meets the requirements for filings made without redaction pursuant to Federal Rule of Civil Procedure 5.2(d)." *Id.* The court noted that "certain exhibits are publicly available elsewhere or contain legal authorities." *Id.* Plaintiff has not provided the required statement of reasons and, as noted, has filed the documents on the public docket.