# Redline Comparison – Second vs. First Amended Complaint

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

~~Plaintiffs,       FIRST AMENDED COMPLAINT~~

~~AND VERIFIED REQUEST FOR~~

~~-against-                    INJUNCTIVE RELIE~~

Plaintiffs,

-against-

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the
United States Court of Appeals for the Second Circuit, in their individual capacities;
JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States District
Court for the Eastern District of New York, in their individual capacities;
CATHERINE O'HAGAN WOLFE, in her official capacity as Clerk of the Second Circuit;
DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the
Committee on Admissions and Grievances;
and OPENAI, INC.,

~~Defendants.~~

Defendants.

---------------------------------------------------------------------X

(PROPOSED) SECOND AMENDED COMPLAINT

~~FIRST AMENDED COMPLAINT AND VERIFIED REQUEST FOR INJUNCTIVE RELIEF~~

~~This action is brought pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, Rule 65 of the
Federal Rules of Civil Procedure, and the United States Constitution. Plaintiff also brings
claims for damages against certain federal officials in their individual capacities pursuant to
Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for violations of her rights
under the First Amendment (retaliation for protected legal advocacy), the Fifth Amendment
(denial of due process), and the Fourteenth Amendment (denial of equal protection of the
laws).~~

This complaint arises from unconstitutional retaliation, judicial bias, violations of due process, breach of attorney-client privilege, denial of access to the courts, and the initiation of unlawful disciplinary proceedings without jurisdiction, legal authority, or adversarial process.

PRELIMINARY STATEMEN

## PRELIMINARY STATEMENT

BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM

This action challenges systemic constitutional and procedural violations targeting Plaintiff and her attorney. On January 30, 2024, the Second Circuit issued a sua sponte disciplinary referral against Plaintiff's counsel without a pending case, without jurisdiction, and without complying with Rule 11(c)(3)'s requirement for a show-cause order. The referral arose from a single, non-material AI-generated citation, included without bad faith in a discovery-related brief, and was therefore inapplicable under Rule 11(d). Moreover, the Second Circuit panel was not designated as a Grievance Panel under Local Rule 46.2(b)(2), rendering the referral unauthorized and void.

The panel also violated Judiciary Law § 90(10) and the Second Circuit's own Local Rule 46.2(6), by unlawfully publicizing the confidential referral to over 100 global media outlets, severely damaging Plaintiff's counsel's reputation. Plaintiff's motion to vacate the judgment, filed February 5, 2024, was never adjudicated. Instead, the Second Circuit Clerk denied numerous post-judgment motions without legal authority or signature, violating 28 U.S.C. § 2106 and Fed. R. App. P. 27.

Despite the submission of a 351-page appellate appendix establishing judicial bias, compliance with discovery obligations, and the absence of misconduct, the Second Circuit judges failed to review the record. The Second Circuit's failure to render appealable orders, including the denial of the February 5, 2024 motion to vacate without a judge's signature or reasoning. They compelled Plaintiff's attorney to disclose the referral to her client, violating attorney-client privilege and exacerbating reputational damage. The original complaint remains fully incorporated herein with the same force and effect.

CATHERINE O'HAGAN WOLFE

Post-judgment motions, including but not limited to a motion to vacate filed on February 5, 2024, and a motion to render decisions, were denied by the Clerk's Office without judicial signature or legal reasoning, obstructing appellate rights and violating the Federal Rules.

DAVID COON and TERRENCE M. CONNORS

　　　　The Committee on Admissions and Grievances initiated proceedings based solely on the Second Circuit's illegitimate referral—not promptly, but only after Plaintiff filed lawsuits against attorney Hayley Newman in July 2024 and against the referring judges on December 27, 2024. A notice of hearing was issued on December 30, 2024, just three (3)

days after the latter case was filed, and a year after the judgment including the defective referral was issued. Instead of limiting its review to the referral's contents, the Committee expanded its investigation to include administrative and procedural matters—such as delays due to court access issues and court-caused filing errors. These actions go beyond its jurisdiction under Local Rule 46.2 and constitute retaliatory overreach following Plaintiffs' civil suits against the referring judges and opposing counsel.

On January 13, 2025, March 18, 2025 and March 27, 2025, Plaintiff's counsel submitted formal letters raising jurisdictional objections, including the absence of any rules governing AI-generated citations, the lack of fraudulent intent, and the Second Circuit's breach of confidentiality under Judiciary Law § 90(10) and Local Rule 46.2. The citation at issue was a good-faith attempt to calculate minimum wage damages for a plaintiff with no income history. No impartial appellate process exists if sanctions are imposed, as appeals would return to the same Second Circuit panel that issued the referral.

However, on March 31, 2025, the Committee confirmed the hearing on April 14, 2025, without addressing these serious legal concerns, reflects a lack of procedural safeguards and an absence of governing standards for AI-generated content in legal filings and bad faith.

The Committee also violated Local Rule 46.2 by accepting an invalid referral not made by a Grievance Panel under Rule 46.2(b)(2)(A), and thus the referral was ultra vires and void ab initio.
        The Committee's hearing notice and investigation report were issued via email directly to the attorney on March 17, 2025 and March 31, 2025, respectively, not under seal, further violating confidentiality obligations. These communications were not treated as confidential, further eroding any legitimacy of protective disciplinary procedures. The Committee never issued a valid notice of charges or show cause order as required by Local Rule 46.2(3)(B).

These procedural defects and jurisdictional violations deprived Plaintiff of fair notice, an opportunity to be heard, and any impartial appellate process as required by due process and the standards set forth in re Ruffalo, 390 U.S. 544 (1968). Attorney disciplinary proceedings are quasi-criminal in nature and must comply with due process, notice, and impartiality. The Second Circuit and the Committee violated these standards and initiated proceedings in a retaliatory, overbroad, and procedurally unlawful manner. The referral lacked any legal basis, as Rule 11(d) expressly excludes discovery-related filings from its sanctions provisions. The panel's actions were not within the bounds of judicial authority.

PAMELA K. CHEN and LOIS BLOOM

Judges Chen and Bloom, who presided over Park v. Kim and Park v. Newman, have demonstrated a consistent and troubling pattern of bias. They repeatedly denied all of Plaintiff's motions without legal justification and refused to recuse themselves despite clear conflicts of interest. In Park v. Kim, they encouraged and ordered Defendants to file a

motion to dismiss and seek attorney's fees—despite substantial evidence supporting Plaintiff's claims, including the testimony of Plaintiff's expert and the Defendant's own admissions.

In an unusual procedural restriction, the court also limited Plaintiff's electronic filing access to 5:00 PM, instead of the standard 24-hour filing window available to other litigants—further disadvantaging Plaintiff. In Park v. Hayley Newman, Plaintiff's motion for recusal was summarily denied by Judge Chen, raising additional concerns about judicial impartiality and fairness in proceedings involving Plaintiff and her counsel.

On January 30, 2024, the Second Circuit Judges panel, composed of Barrington D. Parker, Alison J. Nathan, and Sarah A. L. Merriam—who have demonstrated a dangerous willingness to subvert the rule of law and democracy, acting with unchecked impunity and without accountability, acted with the intent to destroy Plaintiff's reputation and permanently deprive her counsel of the right to practice law. In doing so, they unlawfully breached the attorney-client privilege and imposed a form of professional and social death. These judges issued a shocking and unauthorized disciplinary referral, blatantly violating constitutional protections, statutory mandates, and procedural rules. In a calculated and malicious act, they falsely and knowingly disseminated the referral worldwide through major news outlets, legal journals, and media platforms, falsely portraying that Plaintiff's counsel had been disciplined.

Despite Plaintiff's motion to vacate the judgment was timely filed, it was improperly removed from the docket without authority. Other post-judgment motions were similarly disregarded without any decision, reasoning, or judicial signature, further depriving Plaintiff of due process and fair appellate review. The Second Circuit failed to review the appealed documents, including a 351-page appendix conclusively proving Plaintiff's compliance with all discovery orders under the law. Without reviewing the record, the Second Circuit simply adopted and quoted the biased and factually false findings of the district court, which had preemptively issued warnings designed to facilitate dismissal of the complaint, even as Defendants failed to respond to outstanding discovery demands. These procedural abuses culminated without judicial signature, further compounding the deprivation of due process and appellate review rights. The panel never rendered any decision on Plaintiff's post-judgment motions, including the motion to vacate judgment; instead, it unlawfully removed the motions from the docket without review.

The referral was unlawfully issued by the merit panel, not the authorized grievance panel, in knowing and willful disregard of constitutional limits. Lacking any evidence of fraudulent intent or bad faith, the Second Circuit acted without jurisdiction under Article III of the U.S. Constitution and directly contravened U.S. Supreme Court precedent prohibiting sua sponte rulings by appellate courts. These actions also violated Federal Rule of Civil Procedure 11, New York Judiciary Law § 90(10), and Second Circuit Local Rule 46.2. Despite repeated objections, no response was provided by the Committee on Admissions and Grievances ("Committee")  and the Second Circuit to address the absence of a fair appellate system or

the undeniable bias exhibited by the Second Circuit in handling adverse outcomes against Plaintiff.

The Committee, acting without lawful authorities and beyond its legal scope, conducted unrelated and improper investigations, made inaccurate findings that did not constitute misconduct, and distributed sensitive materials through unsecured electronic communications, once again violating Local Rule 46.2. The Committee continued to harass and threaten Plaintiff's counsel with baseless disciplinary actions and the threat of possible disbarment, despite the absence of any fair appeals process to challenge such outcomes.

This cascade of injustices originated from the false and malicious statement made by attorney Hayley Newman on August 11, 2021. She knowingly and falsely claimed that a non-existent defense expert had recommended Plaintiff undergo an abortion a decade earlier, fraudulently linking that claim to Plaintiff's current medical condition. This deceitful litigation tactic was calculated solely to procure dismissal of the complaint, even though the underlying causes of action had already been established. District Judge Chen and magistrate judge Bloom demonstrated clear judicial bias by denying Plaintiff's two motions for sanctions against Newman without providing any legal reasoning or citation to controlling authority, thereby compounding this injustice. Their crystal-clear bias was reaffirmed in Park v. Newman, when they were reassigned the case and imposed unjust procedural restrictions, including limiting Plaintiff's e-filing to 5:00 p.m. instead of the standard 24/7 access. Plaintiff's motions were immediately and unfairly denied—even before receiving opposition papers—such as a pre-conference motion for summary judgment based on documentary evidence of record, while Defendants' pre-conference motion to dismiss was entertained despite Plaintiff's objections, plainly showing Judge Chen's intent to dismiss the complaint. Further evidencing bias, Plaintiff's appeal filing, submitted with the mandatory $605 fee, was never entered into the docket, and Plaintiff's motion to correct the docket entry was summarily denied by Judge Chen.

Plaintiff Minhye Park, through undersigned counsel, respectfully submits this Proposed Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), asserting constitutional, statutory, and common law claims for declaratory and injunctive relief, as well as damages. This action arises from unauthorized and ultra vires disciplinary proceedings initiated after final judgment and issuance of the mandate, without jurisdiction or procedural safeguards. It further challenges retaliatory conduct by judicial and quasi-judicial officers, systemic structural bias, unconstitutional removal and denial of post-judgment motions, violations of attorney-client privilege and confidentiality protections, and discriminatory treatment of Plaintiff's counsel.

Additionally, Plaintiff alleges that Defendant Catherine O'Hagan Wolfe, Clerk of the Second Circuit, acted outside the scope of her ministerial authority by signing, docketing, and publicly releasing the disciplinary referral in Lee v. Delta despite the fact that no disciplinary action had been initiated anywhere in that case. Wolfe's unauthorized public dissemination caused immediate reputational harm and was undertaken in retaliation for Plaintiff's protected First Amendment activities. These ultra vires actions, administrative

and discretionary in nature, were not protected by quasi-judicial immunity and independently violated Plaintiff's constitutional rights.

Plaintiff brings this action under 42 U.S.C. § 1983, the First and Fifth Amendments, Judiciary Law § 90(10), and common law. In addition, Plaintiff seeks redress for product liability and negligence against developer OpenAI, Inc., whose defective AI software generated a fictitious legal citation that Plaintiff's counsel relied upon in good faith—an event that ultimately triggered these unlawful proceedings. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages for the irreparable reputational, emotional, and financial harm caused by Defendants' egregious actions. Plaintiff further demands that Defendants publish a formal apology by the same manner and through the same major news outlets as the unlawful disciplinary referral published on January 30, 2024, to restore Plaintiff's and her counsel's reputation.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this

action arises under the Constitution and laws of the United States, including claims brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Declaratory and injunctive relief is authorized under 28 U.S.C. §§ 2201 and 2202.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the

events or omissions giving rise to the claims occurred in the Southern District of New York, and several defendants reside or are located in this District.

PARTIES

Plaintiff Minhye Park is a natural person and a resident of South Korea.

Defendants Judges Barrington D. Parker, Alison J. Nathan, and Sarah A. L. Merriam are

federal judges of the U.S. Court of Appeals for the Second Circuit and are sued in their individual capacities for actions taken outside the bounds of judicial immunity.

Defendants Judge Pamela K. Chen and Magistrate Judge Lois Bloom are federal judges

of the U.S. District Court for the Eastern District of New York and are sued in their individual capacities.

Defendant Catherine O'Hagan Wolfe is the Clerk of the Court for the U.S. Court of

Appeals for the Second Circuit and is sued in her official capacity.

Defendants David Coon and Terrence M. Connors are members of the Committee on

Admissions and Grievances and are sued in their official capacities.

Defendant OpenAI, Inc. is a private artificial intelligence company headquartered in San

Francisco, California, and is the developer of ChatGPT, the tool that generated the citation at issue in this matter.

III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Underlying Case – Medical Malpractice (EDNY)

Plaintiff Minhye Park initiated a medical malpractice action in the United States District

Court for the Eastern District of New York ("EDNY") against Dr. David Dennis Kim, who admitted to negligence causing severe injury to Plaintiff. Despite clear medical evidence, including plaintiff's expert confirmation and Dr. Kim's own statements that a prior abortion ten years earlier was unrelated to the injury, defense counsel Hayley Newman falsely asserted that a non-existent defense expert required Plaintiff's ten-year medical records as relevant.

Discovery Misconduct and Judicial Error
(Judge Pamela K. Chen & Magistrate Judge Lois Bloom)

Relying solely on Newman's false statement, Magistrate Judge Lois Bloom and Judge

Pamela K. Chen compelled additional disclosures and later dismissed Plaintiff's case for noncompliance, disregarding a 351-page record evidencing full compliance.

Plaintiff moved for sanctions against Hayley Newman on September 22, 2021, and again

on March 15, 2022, pursuant to Federal Rules of Civil Procedure 11 and 26, citing discovery misconduct and false statements. Both motions were denied without explanation, further demonstrating bias in favor of Newman and her firm.

Subsequent Litigation and Retaliation
(Park v. Newman)

In a related matter, Park v. Newman, Judge Chen imposed a discriminatory 5:00 p.m. filing

restriction on Plaintiff, deviating from standard 24-hour ECF access. The same judges sua sponte denied motions for recusal and summary judgment without addressing Plaintiff's arguments, reflecting structural bias.

Appeal to the Second Circuit (Judges Parker, Nathan, and Merriam)

On appeal, Judges Parker, Nathan, and Merriam affirmed the dismissal without reviewing

the record and sua sponte improperly imposed costs and attorney's fees without a Rule 38 motion or finding of frivolity, violating Federal Rule of Appellate Procedure 38.

On January 30, 2024, the same panel issued a sua sponte disciplinary referral based on a single AI-generated citation concerning a non-material minimum wage estimation in discovery, found in a reply brief, in violation of Federal Rule of Civil Procedure 11(d) and Rule 11(c)(3), and without any adversarial proceedings or show-cause order.

The citation related to wage estimation for a plaintiff with no income history, a non-dispositive factual issue that was neither material to the appeal nor disputed by the parties. By acting without a live controversy or adversarial presentation on the issue, the panel exceeded its authority under Article III of the Constitution, which limits judicial power to actual "cases" or "controversies." The referral was thus procedurally improper and constitutionally invalid.

The referral was issued in direct violation of Federal Rule of Civil Procedure 11. Rule 11(d) expressly exempts discovery-related filings from sanction, and Rule 11(c)(3) requires the court to issue a show-cause order before imposing any sanction. No such order was ever issued. The panel's failure to adhere to these procedural safeguards further rendered the referral unlawful.

The Second Circuit judges published publicly the disciplinary referral on PACER and to over 100 media outlets, in violation of Judiciary Law § 90(10), which mandates confidentiality of attorney disciplinary matters until final adjudication, causing Plaintiff and her counsel reputational harm and "social death" worldwide.

Plaintiff's counsel was then ordered to disclose the referral to her client and report the communication back to the court, an egregious breach of attorney-client privilege.

The panel failed to review the full record on appeal, including evidence of Plaintiff's compliance, Defendant's own non-compliance, Dr. Kim's malpractice admission, and defense counsel's false statements (August 11, 2021, conference transcript).

Patterns of Misconducts by Clerk of Court Catherine O'Hagan Wolfe

On February 5, 2024, Plaintiff filed a motion to vacate the judgment. On February 14, 2024, Clerk Catherine O'Hagan Wolfe struck the motion from the docket without judicial review or authority. Plaintiff subsequently filed motions on June 5 and August 14, 2024, requesting a ruling on the vacatur motion, but those were also struck without any judicial order or signature or reasoning.

On February 12, 2024, Plaintiff moved to stay the mandate, however, the Second Circuit issued the mandate on February 23, 2024.

Despite having issued the mandate, the Second Circuit issued a disciplinary referral on July 23, 2024, well after its jurisdiction had ended, while Plaintiff had already filed a separate civil action against Hayley Newman on July 9, 2024.

On January 16, 2025, Plaintiff moved to recall the mandate. The motion was struck by the Clerk without judicial decision, citation, reasoning, or signature.

Plaintiff also filed motions on January 14 and March 25, 2025, to vacate the disciplinary referral. On March 26, 2025, the Clerk denied the motion as "lacking jurisdiction," even though the court had previously exercised jurisdiction to issue the July 2024 referral, revealing selective enforcement and bias.

All post-judgment motions were repeatedly struck by Clerk Catherine O'Hagan Wolfe without judicial review, violating 28 U.S.C. § 46 (only judges may decide substantive motions).

On April 11 and May 1, 2024, costs and attorney's fees totaling $8,622.20 were taxed against Plaintiff without notice or a Rule 38 motion, and without a finding of frivolity.

Subsequent Litigation and Retaliation
(Lee v. Delta)

Defendant Catherine O'Hagan Wolfe ("Wolfe") was, at all relevant times, the Clerk of the United States Court of Appeals for the Second Circuit. In that position, Wolfe had both ministerial and administrative duties relating to docket management and the processing of court orders.

Wolfe knowingly and willfully signed and entered an order styled as a "disciplinary referral" against Plaintiff's counsel in Lee v. Delta even though no disciplinary action had been initiated anywhere or by any person in that case.

Wolfe's actions exceeded the ministerial scope of a Clerk's authority and constituted an ultra vires exercise of judicial power, in violation of Article III and the court's own Local Rules.

The issuance and public docketing of the May 19, 2025 "disciplinary referral" — rather than treating it as confidential in accordance with New York Judiciary Law § 90(10) — was a discretionary and unauthorized act that caused immediate and foreseeable reputational harm. Multiple news outlets reported on the referral using language implying professional misconduct.

Wolfe's conduct was calculated to, and did, damage Plaintiff's professional reputation.

Wolfe's  actions were taken in retaliation for Plaintiff's protected First Amendment activity, including filing appeals, motions, and lawsuits against federal judges and Wolfe herself.

Wolfe's conduct was not undertaken in a quasi-judicial capacity entitled to absolute immunity but was instead administrative and ministerial, involving discretionary acts wholly outside her lawful authority.

By the acts and omissions described above, Wolfe, acting under color of federal law, deprived Plaintiff of clearly established constitutional rights to due process and equal protection under the Fifth Amendment, actionable under 42 U.S.C. § 1983 and Bivens.

Wolfe's ultra vires conduct also constitutes abuse of process, as she misused court procedures for an improper collateral purpose—namely, to retaliate against Plaintiff and inflict reputational and professional harm.

The public dissemination of a non-final, non-existent disciplinary proceeding constitutes defamation per se under New York law because it imputes professional misconduct and unfitness to practice law.

As a direct and proximate result of Wolfe's conduct, Plaintiff and Plaintiff's counsel suffered concrete injury, including reputational damage, loss of professional opportunities, emotional distress, and impairment of their ability to fairly litigate pending and future cases.

Plaintiff demands against Wolfe:
    (1)    A declaratory judgment that Wolfe's issuance and publication of the May 19, 2025 "disciplinary referral" violated Plaintiff's constitutional rights;
    (2)    Injunctive relief enjoining Wolfe from taking further action in any case involving Plaintiff and mandating removal of the referral from all public court records;
    (3)    Compensatory damages;
    (4)    Punitive damages;
    (5)    Costs and attorney's fees; and
    (6)    Such other and further relief as the Court deems just and proper.

Committee on Admissions and Grievances Misconduct

The Committee, chaired by David Coon and Terrence M. Connors, acted without

jurisdiction to proceed with the disciplinary referral, and violated rules for multiple reasons:

(1) Under Article III of the Constitution, the Second Circuit had no authority to issue a referral based on an AI-generated citation that was neither disputed by the parties nor material to the appeal. The January 30, 2024 sua sponte referral was therefore beyond the scope of any live "case or controversy."

(2) The citation appeared in a reply brief addressing discovery-related issues, which are explicitly exempt from sanctions under Federal Rule of Civil Procedure 11(d).

(3) Additionally, no show-cause order was issued as required by Rule 11(c)(3), and there was no finding of bad faith or fraudulent intent.

(4) The referral was improperly issued on July 23, 2024, five months after the mandate had issued on February 23, 2024, at which point the court no longer had jurisdiction over the matter. These procedural and constitutional defects rendered the entire disciplinary process ultra vires and invalid.

(5) On December 27, 2024, Plaintiff sued Judges Parker, Nathan, and Merriam. Three days later, the Committee issued a hearing notice, strongly suggesting retaliatory conduct.

The Committee's investigation report exceeded its jurisdiction by expanding the inquiry

far beyond the AI-generated citation and violating confidentiality. It improperly scrutinized Plaintiff's entire litigation history and treated administrative delays as if they constituted professional misconduct.

On December 30, 2024, the Committee transmitted confidential notices and its

investigation report  via unsecured email, in violation of confidentiality obligations under Local Rule 46.2.

The Second Circuit provides no appellate process for reviewing the Committee's actions,

leaving Plaintiff without any neutral impartial forum for appeal, in clear violation of due process protections.

The Committee's authority is derived exclusively from Second Circuit Local Rule 46.2,

which permits investigations into alleged attorney misconduct only where there is a violation of the New York Rules of Professional Conduct.

Critically, those rules contain no provisions regulating the use of artificial intelligence in

legal practice, and at no point was there a finding of bad faith or fraudulent intent on the part of Plaintiff's counsel.

Nevertheless, the Committee refused to dismiss the referral and instead expanded its

inquiry well beyond the bounds of the original citation. The investigation encompassed unrelated court filings, minor administrative delays attributable to court staff, and inconsequential procedural incidents that bore no relation to the appellate record or to the AI-generated citation at issue.

34. This expanded scope of review exceeded the Committee's jurisdiction and contravened the procedural boundaries imposed by Local Rule 46.2, rendering the process ultra vires and legally baseless.

Plaintiff's counsel submitted multiple requests urging the Committee to dismiss the

disciplinary referral on both jurisdictional and procedural grounds, including:
(1) The lack of jurisdiction following issuance of the mandate on February 23, 2024;
(2) Rule 11(d)'s express exemption for discovery-related filings;
(3) The absence of any finding of bad faith or intent to mislead;
(4) The failure to issue a show-cause order as required by Rule 11(c)(3);
(5) The improper and unsecured transmission of confidential notices and reports via email, in violation of Local Rule 46.2;
(6) The Committee's ultra vires expansion of the investigation beyond the original scope of the referral; and
(7) The absence of any governing rule or ethical provision regulating AI-generated content under the New York Rules of Professional Conduct.

Despite these detailed and well-founded objections, the Committee persisted in proceeding with the disciplinary action, further violating due process and compounding the reputational, professional, and procedural harm inflicted upon Plaintiff's counsel.

OPENAI, INC.

Upon information and belief, GPT-3.5, the large language model at issue in this case, was

developed by OpenAI and trained on a broad corpus of internet-based and publicly available textual materials through September 2021. It was publicly released in or around November 2022.

In its 2019 formal comment to the United States Patent and Trademark Office, OpenAI

admitted that:

"By analyzing large corpora... AI systems can learn patterns inherent in human-generated data and then use those patterns to synthesize similar data which yield increasingly compelling novel media in modalities as diverse as text, image, and audio."
"We are acutely aware of both the promises and perils of issues related to generative AI systems."
– OpenAI, Comment Regarding Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation, Docket No. PTO–C–2019–0038

Upon information and belief, despite being aware of these risks, OpenAI failed to disclose

the phenomenon of hallucinated outputs, GPT-3.5's tendency to generate plausible-sounding but fictitious legal citations, to downstream users, including legal professionals.

OpenAI did not designate the model as experimental or caution against its use in legal or regulatory contexts.

OpenAI further acknowledged in its public filings that:

"Legal uncertainty on the copyright implications of training AI systems imposes substantial costs on AI developers and so should be authoritatively resolved."

At the time of GPT-3.5's release in November 2022, and based on its prior public

statements, OpenAI had actual or constructive knowledge of the risks associated with its model generating fictitious legal citations. Upon information and belief, despite this knowledge, OpenAI failed to take any remedial steps, such as implementing technical safeguards, issuing appropriate warnings, or restricting use in legal contexts, to ensure the product's reliability or to prevent foreseeable misuse by legal practitioners.

OpenAI, Inc., whose software generated the disputed citation, failed to provide adequate warnings or disclaimers regarding potential "hallucinations" in legal content. Its failure to implement safeguards foreseeably contributed to the disciplinary controversy, despite the absence of any rules or guidance governing AI use in legal filings at the time.

Plaintiffs respectfully seek emergency relief from this Court to stop the ongoing constitutional violations, dismiss the unlawful referral, and enjoin any further retaliation, given that no fair appellate structure exists if sanctions are imposed and subsequently reviewed by the

same panel that initiated them.

II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §1331 for federal questions arising under the

Constitution and laws of the United States.

Venue is proper in this District under 28 U.S.C. §1391(b) as a substantial part of the events

or omissions giving rise to the claims occurred in this district, and certain defendants reside or are employed within the Southern District of New York.

III. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

IV. THE PARTIES

Plaintiff Minhye Park is an individual and attorney residing in New York.

Defendant Judges BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM are federal judges of the United States Court of Appeals for the Second Circuit. They are sued in their individual capacities.

Defendant JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM are federal judges of the United States District Court for the Eastern District of New York. They are sued in their individual capacities.

Defendant CATHERINE O'HAGAN WOLFE is the Clerk of Court for the United States Court of Appeals for the Second Circuit. She is sued in her official capacity.

Defendants DAVID COON and TERRENCE M. CONNORS are members of the Second Circuit's Committee on Admissions and Grievances. They are sued in their official capacities.

Defendant OPENAI, INC. is a private technology company headquartered in California. Plaintiff alleges that negligence and product design flaws in OpenAI's services contributed to the events leading to this action.

V. CLAIMS FOR RELIEF

DEFENDANTS JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, AND SARAH A. L. MERRIAM

Plaintiffs reiterate and incorporate all prior allegations and arguments with the same

force and effect under each respective claim as though fully stated herein.

Count I: Due Process Violations and Judicial Overreach

11. Issued disciplinary referral without jurisdiction, notice, or hearing in violation of Rule

11(c)(3) and Rule 11(d).  Moreover, the Second Circuit panel was not designated as a Grievance Panel under Local Rule 46.2(b)(2), rendering the referral unauthorized and void. The Second Circuit judges failed to review the record, and to render appealable orders, including the post-judgment motions without judicial reasoning or signature, including denial of the February 5, 2024 motion to vacate.

Count II: Defamation and Breach of Confidentiality

12. Referral was unlawfully disseminated to the public and reported by over 100 media outlets.

13. Violated Judiciary Law § 90(10) and Local Rule 46.2, resulting in defamation per se and reputational harm.

Count III: Breach of Attorney-Client Privilege

14. Compelled disclosure of the referral to Plaintiff's client and public.

Count IV: Judicial Immunity Exception

15. Actions fall outside judicial immunity: publicizing referral and acting without jurisdiction.

DEFENDANTS JUDGE PAMELA K. CHEN AND MAGISTRATE JUDGE LOIS BLOOM

16. Prior allegations are reiterated herein with the same force and effect.

Count V: Systematic Judicial Bias and Misconduct

17. Repeated denial of Plaintiff's motions, refusal to recuse, and procedural favoritism toward Defendants.

DEFENDANT CATHERINE O'HAGAN WOLFE

18. Prior allegations are reiterated herein with the same force and effect.

Count VI: Violation of Procedural Due Process

19. Refused to docket valid motions; deprived Plaintiff of judicial review.

DEFENDANTS DAVID COON AND TERRENCE M. CONNORS

20. Prior allegations are reiterated herein with the same force and effect.

Count VII: Lack of Jurisdiction and Retaliatory Action

21. Initiated disciplinary proceedings based on unlawful referral.

22. Issued hearing notice only after lawsuits filed, nearly one year later.

Count VIII: Unlawful Disciplinary Process

23. Proceeded without legal foundation; no fair appeal available.

DEFENDANT OPENAI, INC.

24. Prior allegations are reiterated herein with the same force and effect.

Count IX: Negligence and Misrepresentation

25. Failed to implement safeguards for AI hallucinations; contributed to misuse in legal filings.

Count X: Violation of Second Circuit Local Rule 46.2 by the Panel and Committee

26. Plaintiff realleges and incorporates all preceding paragraphs.

27. The Second Circuit panel (Judges Parker, Nathan, and Merriam) violated Local Rule 46.2 by issuing a disciplinary referral without convening as a formally designated Grievance Panel under Rule 46.2(a). The referral was issued in a published opinion without any order to show cause under Rule 11(c)(3), and it arose from a discovery-related filing exempt under Rule 11(d).

28. The panel unlawfully publicized the referral, triggering global media coverage, in violation of Judiciary Law § 90(10) and Local Rule 46.2(6), causing irreparable harm to Plaintiff and her counsel.

29. The Committee on Admissions and Grievances also violated Local Rule 46.2 by accepting an invalid referral not made by a Grievance Panel under Rule 46.2(b)(2)(A).

30. The Committee failed to serve a proper notice of charges or an order to show cause

as required by Rule 46.2(3)(B), instead issuing vague hearing notices by email rather than personal or certified/registered mail as required.

31. These procedural defects and jurisdictional violations deprived Plaintiff of fair notice, an opportunity to be heard, and any impartial appellate process as required by due process and the standards set forth in In re Ruffalo, 390 U.S. 544 (1968).

COUNT I
VIOLATION OF DUE PROCESS AND STRUCTURAL BIAS (BIVENS CLAIM)
( Against JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, AND SARAH A. L. MERRIAM, PAMELA K. CHEN, LOIS BLOOM IN THEIR INDIVIDUAL CAPACITIES)

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1

through 41 as if fully set forth herein.

Defendants, acting under color of federal law, deprived Plaintiff of her constitutional

right to due process under the Fifth Amendment.

Systematic Judicial Bias and Discrimination

Judge Pamela K. Chen and Magistrate Judge Lois Bloom compelled irrelevant and

overbroad discovery based solely on defense counsel's false representations and dismissed Plaintiff's case without reviewing evidence of compliance, thus arbitrarily depriving Plaintiff of a fair adjudication.

These Defendants exhibited structural and procedural bias against Plaintiff, including

issuing sua sponte denials of all Plaintiff's motions without opposition or reasoning, denying motions for sanctions against defense counsel for false statements, and imposing discriminatory filing deadlines. Their conduct denied Plaintiff equal protection and due process.

Violation of Rules 11 & 38

The Second Circuit panel, composed of Judges Barrington D. Parker, II, and Sarah A.

L. Merriam, affirmed the dismissal without reviewing the record, imposed attorney's fees without a Rule 38 motion or a finding of frivolity, and issued a sua sponte disciplinary referral  without jurisdiction, without a Rule 11(c)(3) show-cause order, and without an adversarial hearing, procedural safeguard, or jurisdiction under Article III. The referral was issued in violation of due process protections under the Fifth Amendment and exceeded the Court's constitutional authority.

Breach of Confidentiality and Defamation Per Se

The Second Circuit judges also violated Judiciary Law § 90(10) by publicly disseminating the disciplinary referral through PACER and media outlets. The public dissemination of an unadjudicated disciplinary referral constitutes defamation per se and caused irreparable reputational harm to Plaintiff and her counsel.

Breach of Attorney-Client Privilege

The Second Circuit judges breached Attorney-Client Privilege, by ordering Plaintiff's counsel to disclose the disciplinary referral to her client and report the communication back to the Court, thereby breaching protected attorney-client privilege in violation of the Fifth Amendment and the ethical duties of confidentiality.

The above actions demonstrate structural bias and a concerted effort to suppress Plaintiff's claims by misusing judicial discretion and bypassing procedural norms.

Defendants acted willfully, knowingly, and with reckless disregard for Plaintiff's constitutional rights, thereby subjecting Plaintiff to ongoing harm.

COUNT II
UNLAWFUL STRIKING OF MOTIONS, IMPOSITION OF SANCTIONS, AND EXCEEDING CLERICAL AUTHORITY (AGAINST CATHERINE O'HAGAN WOLFE IN HER OFFICIAL CAPACITY)

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs through 50 as if fully set forth herein.

Defendant Catherine O'Hagan Wolfe, Clerk of the Court for the U.S. Court of Appeals for the Second Circuit, exceeded her lawful authority by unilaterally striking, denying, or removing Plaintiff's post-judgment motions without judicial review or signature.

These motions included Plaintiff's motion to vacate judgment (filed February 5, 2024), motions to render a decision (filed June 5 and August 14, 2024), motion to recall the mandate (filed January 16, 2025), and motions to vacate the disciplinary referral (filed January 14 and March 25, 2025).

Defendant Wolfe's actions violated 28 U.S.C. § 46, which mandates that decisions on substantive motions be made by judges.

Additionally, Defendant Wolfe imposed appellate costs and attorney's fees against Plaintiff totaling $8,622.20 on April 11 and May 1, 2024, without any Rule 38 motion or judicial finding of frivolity as required under Federal Rule of Appellate Procedure 38.

The unauthorized imposition of sanctions and removal of motions deprived Plaintiff of her

constitutional right to access the courts and constituted a usurpation of judicial authority in violation of Article III.

These acts caused substantial harm, including procedural prejudice, deprivation of

appellate rights, reputational injury, and emotional distress, and were undertaken without legal justification or due process.

In addition, rather than safeguard the confidentiality of pending or non-existent disciplinary

matters as required by New York Judiciary Law § 90(10), Defendant Wolfe knowingly facilitated and/or permitted the public dissemination of a non-final and unauthorized disciplinary referral in Lee v. Delta, despite the fact that no disciplinary proceeding had been commenced in that case, thereby compounding the reputational and professional harm to Plaintiff's counsel.

COUNT III

ULTRA VIRES AND RETALIATORY DISCIPLINARY ACTION
 (AGAINST THE COMMITTEE ON ADMISSIONS AND GRIEVANCES AND ITS AGENTS, INCLUDING DAVID COON AND TERRENCE M. CONNORS)

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1

through 57 as if fully set forth herein.

The Committee on Admissions and Grievances lacked jurisdiction to proceed with the

disciplinary referral due to the following procedural and constitutional defects: (1)  The citation at issue appeared in a reply brief related to discovery, which is exempt from sanction under Federal Rule of Civil Procedure 11(d); (2) No show-cause order was issued as required by Rule 11(c)(3); (3) The January 30, 2024 referral was issued sua sponte without adversarial briefing or party dispute; (4) The July 23, 2024 referral was issued after the mandate had issued on February 23, 2024, depriving the Second Circuit of jurisdiction.

On December 27, 2024, Plaintiff filed suit against the referring judges. Three days later,

the Committee issued a hearing notice, indicating retaliatory motive.

The Committee expanded the scope of its investigation far beyond the original referral,

reviewing unrelated filings, administrative delays caused by court personnel, and inconsequential procedural issues wholly unrelated to the AI-generated citation.

The Committee transmitted notices and its investigation report via unsecured email,

violating Local Rule 46.2's confidentiality requirement.

Plaintiff was denied any neutral forum to appeal or challenge the Committee's ongoing

actions, thereby violating her constitutional right to due process.

The Committee's continuing proceedings without jurisdiction, and its retaliatory conduct

following Plaintiff's lawsuit, constitute ultra vires and unlawful disciplinary action lacking

any legal or factual basis.

IV. OPENAI, INC.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1

through 64 as if fully set forth herein.

Negligence – Failure to Warn
(Restatement (Second) of Torts §§ 388, 324A)

Upon information and belief, at the time of GPT-3.5's public release in November 2022,

OpenAI owed a duty of reasonable care in the design, testing, and distribution of the
product. This duty included an obligation to warn foreseeable users, especially legal
professionals, of the model's known limitations, including its tendency to generate false
legal citations.

OpenAI breached this duty by failing to provide adequate warnings, disclaimers, usage

restrictions, or accuracy checks, despite knowing that GPT-3.5 outputs could and would be
relied upon in sensitive professional contexts.

Plaintiff and Plaintiff's counsel were foreseeably harmed by GPT-3.5's output. As a direct

result of relying on a fabricated citation generated by GPT-3.5 in a reply brief, Plaintiff's
counsel was subject to a sua sponte disciplinary referral, resulting in reputational damage,
emotional distress, and professional harm.

The causal connection between OpenAI's failure to warn and Plaintiff's injury is clear.

Had adequate warnings or disclaimers accompanied GPT-3.5, counsel would not have relied
on its output in legal filings. The lack of any such notice directly led to the inclusion of the
hallucinated citation, which in turn became the basis for the disciplinary action.

Plaintiff's injuries include reputational damage, loss of professional standing, litigation

expenses related to disciplinary proceedings, and emotional and psychological harm. These
injuries were proximately caused by OpenAI's failure to warn of known and foreseeable
risks.

OpenAI's omissions constitute actionable negligence under established principles of tort

law and product liability doctrine. Similar to failures to warn in the context of pharmaceuticals, consumer products, and software, OpenAI's conduct justifies liability for the harm caused by unmarked professional dangers.

Strict Product Liability – Design Defect and Failure to Warn
(Restatement (Third) of Torts: Products Liability § 2)

Upon information and belief, GPT-3.5 is a commercial product released into the stream of

commerce for general use, including in writing, research, and professional applications such as legal drafting.

The model's known propensity to fabricate legal content constitutes a design defect. Upon

information and belief, OpenAI did not incorporate adequate safeguards, such as citation verification, reliability disclaimers, or model warnings, and failed to prevent foreseeable misuse in legal contexts.

OpenAI is strictly liable under product liability law because:

The product was defective when it left OpenAI's control; It was used in a reasonably foreseeable manner (e.g., by an attorney conducting legal research); The product's unverified and misleading outputs directly caused injury to Plaintiff and Plaintiff's counsel.

The lack of any safety mechanisms, fail-safes, or user alerts rendered the product

unreasonably dangerous, particularly in high-stakes legal and regulatory settings. No ordinary user would expect GPT-3.5 to generate fictitious case law without any indication of unreliability.

The injuries sustained by Plaintiff and her counsel—disciplinary proceedings, reputational

harm, and litigation-related emotional and economic injuries—were all proximately caused by the defective nature of GPT-3.5.

Breach of Implied Warranty of Merchantability
(U.C.C. § 2-314; N.Y. U.C.C. § 2-314)

OpenAI marketed GPT-3.5 as a reliable commercial tool suitable for writing assistance,

research support, and professional use, thereby warranting its fitness for ordinary purposes.

Upon information and belief, a core function of GPT-3.5—text generation—was defective.

The model regularly produced fictitious legal citations without indicating that the content was unreliable or synthetically generated.

This failure violated the implied warranty of merchantability. The product was not fit for

its ordinary purpose—namely, generating reliable written content for professional use.

Plaintiff's damages—including the disciplinary referral, reputational harm, litigation costs, disruption to professional standing, and ongoing emotional and psychological injury—were a direct and foreseeable result of reliance on a product that was not fit for its advertised or expected purpose.

OpenAI is liable under warranty law because it failed to ensure that GPT-3.5 would perform as reasonably expected in commercial and professional contexts, or to disclaim such expectations explicitly.

COUNT VII – DECLARATORY RELIEF (AGAINST ALL DEFENDANTS)

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 81 as if fully set forth herein.

An actual controversy exists as to the lawfulness, constitutionality, and jurisdictional validity of the disciplinary referral issued on January 30, 2024, and re-issued or extended on July 23, 2024.

Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that:

The disciplinary referral was issued without jurisdiction;

It violated due process under the Constitution;

It contravened Federal Rule of Civil Procedure 11 and Local Rule 46.2;

It constituted an ultra vires act without legal authority.

COUNT VIII – INJUNCTIVE RELIEF (AGAINST ALL DEFENDANTS)

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 84 as if fully set forth herein.

Plaintiff is suffering and will continue to suffer irreparable harm due to the publication, dissemination, and enforcement of the unlawful disciplinary referral.

Plaintiff lacks an adequate remedy at law because no appellate forum exists for reviewing the Committee's ongoing actions.

Pursuant to 28 U.S.C. § 2202 and general equitable powers, Plaintiff seeks:

An order enjoining the enforcement or publication of the referral;

An order enjoining any further disciplinary proceedings stemming from the citation at issue;

Any other equitable relief deemed just and proper.

~~PRAYER FOR RELIEF~~

VII. PRAYER FOR RELIEF

~~WHEREFORE, Plaintiff respectfully requests that this Court:~~

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her

~~Declare the disciplinary referral and subsequent proceedings unlawful and void;~~

~~Enjoin the continued dissemination or reliance on the referral by Defendants or third parties;~~

~~Enjoin the Committee from proceeding with the April 14, 2025 hearing;~~

~~Award compensatory and punitive damages against each Defendant in their respective capacities;~~

~~Award treble damages where permitted by law;~~

~~Award attorneys' fees and costs; and~~

favor and against the Defendants, and award the following relief:

Compensatory damages for emotional distress, reputational harm, litigation costs, and professional injury in an amount to be determined at trial;

Punitive damages against individual defendants for conduct that was willful, malicious, or in reckless disregard of Plaintiff's constitutional and statutory rights;

Declaratory judgment that the January 30 and July 23, 2024 disciplinary referrals were unconstitutional, void, and ultra vires;

Injunctive relief enjoining enforcement, publication, or continued prosecution of the disciplinary referrals;

Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, and/or the Court's inherent equitable authority;

Pre-judgment and post-judgment interest as allowed by law;

Grant such other and further relief as this Court deems just and proper.

Any such other and further relief as the Court deems just, proper, and equitable.

VIII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues so triable.

Dated: April 1, 2025
        Uniondale, New York


Dated: April 15, 2025
        Uniondale, New York


JSLLAW OFFICE P.C.

        /s/ Jae S. Lee
        JAE S. LEE
    626 RXR PLAZA
    UNIONDALE, NY 11556

    /s/ Jae S. Lee
    JAE S. LEE
    626 RXR PLAZA
    UNIONDALE, NY 11556