UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MINHYE PARK,                                        Civil Docket No.: 1:25-cv-789

                              Plaintiffs,

        -against-



JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit, in their individual capacities; JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States District Court for the Eastern District of New York, in their individual capacities; CATHERINE O'HAGAN WOLFE, in her official capacity as Clerk of the Second Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the Committee on Admissions and Grievances; and OPENAI, INC.,

                              Defendants.
------------------------------------------------------------------X

## NOTICE OF MOTION TO STRIKE APPEARANCE, STRIKE DEFENDANTS' FILINGS, AND ENTER DEFAULT JUDGMENT

**PLEASE TAKE NOTICE** that upon the accompanying Declaration of Jae S. Lee, dated August 9, 2025, the exhibits annexed thereto, and the Memorandum of Law submitted herewith, Plaintiff will move this Court before the Honorable Mark Barnett, at the United States Courthouse, 500 Pearl Street, New York, NY 10007, at a date and time to be determined by the Court, for an Order pursuant to Federal Rules of Civil Procedure 6(b), 7.1, 12(a), and 55(a):

1. Striking the appearance of Assistant U.S. Attorney Rebecca Salk filed on July 23, 2025 (ECF No. 87), as she lacked proper authority to represent Defendants in their individual capacities and did not file a valid substitution of counsel or certification under 28 U.S.C. § 2679(d);

2. Striking Defendants' untimely and unauthorized letter motions filed on July 25, 2025 (ECF Nos. 88, 89);

3. Entering default judgment against Defendants under Fed. R. Civ. P. 55(a), as no answer or dispositive motion was filed by the Court-ordered deadline of July 21, 2025 (ECF No. 72); and

4. Granting such other and further relief as the Court deems just and proper.

Dated: August 9, 2025
Uniondale, New York

                         JSLLAW OFFICE P.C.

                         */s/ Jae S. Lee*
                         JAE S. LEE
                        626 RXR PLAZA
                        UNIONDALE, NY 11556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                Plaintiffs,

    -against-

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM
of the United States Court of Appeals for the Second Circuit, in their individual capacities;
JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States
District Court for the Eastern District of New York, in their individual capacities;
CATHERINE O'HAGAN WOLFE, in her official capacity as Clerk of the Second Circuit;
DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the
Committee on Admissions and Grievances;
and OPENAI, INC.,

                Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Plaintiff moves to strike Defendants' unauthorized appearance and filings, and for entry of default judgment, because Defendants failed to comply with this Court's June 9, 2025 Order (ECF No. 72) (Ex. B) directing them to answer or otherwise respond by July 21, 2025. Instead, no answer or dispositive motion was filed by that date, and on July 23, 2025, Assistant U.S. Attorney Rebecca Salk entered a notice of appearance without filing any certification or substitution authorizing representation in the Defendants' individual capacities. On July 25, 2025, she filed two letter motions that were untimely, unauthorized, and procedurally improper.

The record is clear: Defendants' filings were (1) submitted after the deadline, (2) without proper authorization, and (3) in violation of the Court's scheduling order. Under the Federal Rules and controlling precedent, these pleadings should be stricken and default entered.

## STATEMENT OF FACTS

On May 23, 2025—prior to her Notice of Appearance—AUSA Rebecca L. Salk sent an email to Plaintiff expressly stating that she represented the Defendants only in their official capacities. (Exhibit A)

On June 8, 2025, Plaintiff filed a letter motion requesting that the Court direct Defendants to respond to the Second Amended Complaint by June 21, 2025. (Exhibit B). On June 9, 2025, the Court granted the request in part and set July 21, 2025 as the deadline for Defendants to answer. (Exhibit C). Nonetheless, on July 23, 2025, she filed a Notice of Appearance purporting to represent all Defendants in both their official and individual capacities, without statutory authority, a DOJ scope-of-employment certification, or leave of Court. (Exhibit D).

Defendants failed to answer or file any dispositive motion by the July 21, 2025 deadline. Instead, on July 25, 2025, they filed two letter motions: one seeking to file a response to Plaintiff's TRO (Exhibit E) and another seeking to compel Plaintiff to refile the Second Amended Complaint (Exhibit F). Both were filed without leave of Court, after the expiration of the answer deadline, and without a showing of excusable neglect.

## ARGUMENT

### I. Ms. Salk Lacks Authority to Appear in Defendants' Individual Capacities

On May 23, 2025, AUSA Rebecca L. Salk sent Plaintiff a written communication expressly confirming that she represented the Defendants only in their official capacities. (Exhibit A). Despite that express limitation, she filed a Notice of Appearance on July 23, 2025, purporting to represent all Defendants in both their official and individual capacities, without filing any Department of Justice scope-of-employment certification or obtaining Court authorization as required under 28 C.F.R. §§ 50.15 and 50.16.

The Supreme Court has emphasized that scope-of-employment certifications and statutory authorization are prerequisites for the United States to substitute itself or extend representation to individual-capacity defendants. *Osborn v. Haley*, 549 U.S. 225, 242–43 (2007).

**II. The July 25, 2025 Motions (ECF 86, 87) Were Untimely and Unauthorized**

The Court's June 9, 2025 Order (Exhibit C) required Defendants to file their answer or other responsive pleading by July 21, 2025. Defendants neither filed an answer nor sought an extension before that deadline. Under Fed. R. Civ. P. 6(b)(1)(B), after a deadline has passed, an extension may only be granted upon a motion demonstrating "excusable neglect." No such motion or showing was made here. Moreover, the July 25, 2025 filings (ECF Nos. 86, 87) are procedurally improper because a motion to compel re-filing of the Second Amended Complaint and a motion to file an opposition after the deadline are not substitutes for a Rule 12 or Rule 56 dispositive filing.

The Second Circuit applies a strict standard for excusable neglect, requiring consideration of the danger of prejudice, the length of delay, the reason for the delay, and whether the movant acted in good faith. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003) (the reason for the delay is "the most important" factor and will rarely favor the late filer). Defendants have offered no reason at all for missing the Court-ordered deadline.

**III.  Default Judgment Is Warranted**

Rule 55(a) provides that when a defendant "has failed to plead or otherwise defend," the Clerk must enter default. The Second Circuit has made clear that a failure to respond within the time prescribed by the rules or by court order constitutes grounds for entry of default judgment. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128–29 (2d Cir. 2011) Here, Defendants' failure to comply with the Court's July 21 deadline satisfies the Rule 55 standard.

**V. Service Was Proper and Any Objection Has Been Waived**

The docket reflects proper service of the Summons and Complaint on all Defendants. By appearing and participating in the litigation without raising a Fed. R. Civ. P. 12(b)(5) defense in their first responsive filing, Defendants have waived any objection to sufficiency of service. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61–62 (2d Cir. 1999)

## CONCLUSION

For these reasons, the Court should:

1. Strike Rebecca Salk's appearance as to individual capacities;
2. Strike the July 25, 2025 motions (ECF Nos. 86, 87);
3. Enter default judgment under Rule 55(a); and
4. Grant such other and further relief as the Court deems just and proper.

Dated: August 9, 2025
       Uniondale, New York

                                       JSLLAW OFFICE P.C.
                                        */s/ Jae S. Lee*
                                        JAE S. LEE
                                        626 RXR PLAZA
                                      UNIONDALE, NY 11556

## DECLARATION

I, Jae S. Lee, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. On May 23, 2025, I received an email from Assistant United States Attorney Rebecca L. Salk expressly confirming that her representation of Defendants was limited to their official capacities. A true and correct copy of this email is annexed hereto as **Exhibit A**.

2. On June 8, 2025, I filed a letter motion [briefly state purpose of motion, e.g., "seeking clarification of representation and deadlines"], a true and correct copy of which is annexed hereto as **Exhibit B**.

3. On June 9, 2025, the Court entered an Order directing Defendants to answer or otherwise move by July 21, 2025. A true and correct copy of this Order is annexed hereto as **Exhibit C**.

4. Defendants did not file any answer or dispositive motion by the July 21, 2025 deadline.

5. On July 25, 2025, Defendants filed two letter motions (ECF Nos. 86, 87) without first seeking leave of Court or making any showing of "excusable neglect" as required under Fed. R. Civ. P. 6(b)(1)(B). True and correct copies of these filings are annexed hereto as **Exhibits D** and **E**.

6. Service of the Summons and Complaint on all Defendants was properly effected, as reflected in the docket.

7. This motion is timely, being filed within fourteen (14) days of the Court's July 31, 2025 Orders, in compliance with Local Civil Rule 6.3.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2025

                                                  JSLLAW OFFICE P.C.
                                                          */s/ Jae S. Lee*
                                                            JAE S. LEE
                                                      626 RXR PLAZA
                                                UNIONDALE, NY 11556