UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                            Plaintiffs,

       -against-

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit, in their individual capacities; JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States District Court for the Eastern District of New York, in their individual capacities; CATHERINE O'HAGAN WOLFE, in both her official and individual capacities as Clerk of the Second Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the Committee on Admissions and Grievances; OPENAI, INC.,

                            Defendants.
------------------------------------------------------------------X

**EMERGENCY LETTER MOTION UNDER RULE 72(a) OBJECTING TO MAGISTRATE JUDGE'S AUGUST 14, 2025 ORDER (ECF NO. 92) AND REQUESTING STAY OR MODIFICATION**

Hon. Mark A. Barnett
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Barnett:

      Pursuant to **Fed. R. Civ. P. 72(a)**, Plaintiff objects to Magistrate Judge Stewart D. Aaron's August 14, 2025 Order (ECF No. 92), which granted the Federal Defendants an extension to oppose Plaintiff's pending motion for a preliminary injunction. The order is **clearly erroneous and contrary to law** because it authorizes substantive participation by Assistant U.S. Attorney ("AUSA") Rebecca L. Salk, whose authority to represent individual-capacity Defendants is the subject of a pending, dispositive challenge in Plaintiff's **Motion to Strike Appearance, Strike Defendants' Filings, and Enter Default Judgment** (ECF No. 89).

      Given the imminent August 29 deadline, Plaintiff respectfully requests that the Court **stay** the deadlines set in ECF No. 92 pending resolution of ECF No. 89, or, alternatively, modify ECF No. 92 to state that any filings under it are expressly "subject to" the Court's ruling on ECF No. 89.

1

### I. Procedural Background

On August 9, 2025, Plaintiff moved to strike the July 23, 2025 Notice of Appearance by AUSA Salk, to strike Defendants' post-deadline filings, and to direct entry of default for failure to plead or otherwise defend by the Court-ordered July 21, 2025 deadline.

That motion establishes that:

1. **Representation Limited to Official Capacities:** Ms. Salk confirmed in writing on May 23, 2025, that she represented Defendants only in their official capacities;
2. **No DOJ Authorization:** No certification under 28 U.S.C. § 2679(d) or authorization under 28 C.F.R. §§ 50.15–50.16 has been filed to permit her representation in individual capacities; and
3. **Untimely Filings**: Defendants' July 25, 2025 filings were made after the July 21 deadline without a Rule 6(b)(1)(B) motion or showing of excusable neglect.

Nevertheless, on August 14, 2025, Magistrate Judge Aaron granted Ms. Salk's request for an extension to August 29, 2025 (opposition to the preliminary injunction) and September 12, 2025 (reply), before the Court has resolved whether she may appear for individual-capacity Defendants at all.

### II. Legal Standard Under Rule 72(a)

Rule 72(a) allows a party to object to a magistrate judge's nondispositive order within 14 days. The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

An order is **"clearly erroneous"** when the reviewing court has a "definite and firm conviction that a mistake has been committed," and **"contrary to law"** when it misapplies statutes, case law, or procedural rules.

### III. The August 14 Order is Clearly Erroneous and Contrary to Law

#### A. DOJ Authorization is a Statutory Prerequisite for Personal-Capacity Representation

**28 C.F.R. § 50.15(a)(1)–(5)** requires:

1. A written request from the employee;
2. Scope-of-employment determination by the employing agency;
3. DOJ decision that representation is in the interest of the United States;
4. Notification of the employee's right to private counsel; and
5. Conflict-of-interest screening.

The **Westfall Act**, 28 U.S.C. § 2679(d), requires scope-of-employment certification before substitution of the United States and underscores that representation in personal-capacity suits is

2

**not automatic**. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434–35 (1995) — Certification decisions under § 2679(d) are judicially reviewable; *Osborn v. Haley*, 549 U.S. 225, 242–43 (2007) — Certification functions as a statutory safeguard, determining forum and substitution; *Pope v. Bond*, 641 F. Supp. 489, 500–01 (D.D.C. 1986) — DOJ authority must be established before representing individual-capacity defendants.

Here, there is **no record** of any request, agency determination, or DOJ authorization for Ms. Salk to represent individual Defendants. Her May 23 email limits her role to official capacities, making her July 23 Notice of Appearance unauthorized.

### B. Granting Extensions Before Resolving the Motion to Strike Risks Void Orders

If ECF No. 89 is granted, filings made under ECF No. 92 will be procedurally void. Allowing potentially unauthorized counsel to litigate in the meantime undermines judicial economy, violates Rule 1's mandate for just and speedy determinations, and prejudices Plaintiff by forcing responses to potentially invalid filings.

### IV. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Modify or set aside the August 14, 2025 Order (ECF No. 92) under Rule 72(a);
2. Stay the August 29 and September 12 deadlines until resolution of Plaintiff's Motion to Strike (ECF No. 89); or, alternatively,
3. Modify ECF No. 92 to state that any filings under that schedule are expressly "subject to" the Court's ruling on ECF No. 89; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 14, 2025
Uniondale, New York

JSLLAW OFFICE P.C.

*/s/ Jae S. Lee*
JAE S. LEE
626 RXR PLAZA
UNIONDALE, NY 11556