UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                              Plaintiffs,


JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM
of the United States Court of Appeals for the Second Circuit, in their individual capacities;
JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States
District Court for the Eastern District of New York, in their individual capacities;
CATHERINE O'HAGAN WOLFE, in her official and individual capacities as Clerk of the
Second Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as
members of the Committee on Admissions and Grievances; and OPENAI, INC.,

                              Defendants.
--------------------------------------------------------------------X

## NOTICE OF AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**PLEASE TAKE NOTICE** that upon the accompanying Amended Notice of Motion, the

Amended Memorandum of Law, the Declaration of Jae S. Lee, the Verified Second Amended

Complaint, the exhibits filed under seal pursuant to Fed. R. Civ. P. 5.2(d), and all prior pleadings

and proceedings herein, Plaintiff Minhye Park, by and through her undersigned counsel, will move

this Court, before the Honorable Mark W. Bennett, United States District Judge for the Southern

District of New York, at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New

York, New York 10007, at such time as the Court may direct, for the following relief:

1. A Temporary Restraining Order enjoining the Defendants from proceeding with the

   disciplinary hearing scheduled for April 14, 2025, or taking any further adverse action

   related to the January 30, 2024, July 23, 2024, or May 19, 2025 disciplinary referrals;

2.  An order directing the sealing of all non-final disciplinary materials from public access and prohibiting their further dissemination;

3.  An order directing the Clerk of the Second Circuit to process and docket all post-judgment motions filed by Plaintiff on and after February 5, 2024, and place them before a judicial officer for adjudication;

4.  An order temporarily enjoining Judges Pamela K. Chen and Lois Bloom from presiding over *Park v. Newman* pending reassignment by a neutral judicial authority;

5.  Such other and further relief as the Court deems just and proper.


Pursuant to Fed. R. Civ. P. 65(c), Plaintiff respectfully requests that no bond be required.


Dated: August 15, 2026
        Uniondale, New York


                            */s/ Jae S. Lee*
                            Jae S. Lee, Esq.
                            JSL Law Offices, P.C.
                            626 RXR Plaza, Uniondale, NY 11556
                            (718) 461-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                          Plaintiffs,


JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM
of the United States Court of Appeals for the Second Circuit, in their individual capacities;
JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States
District Court for the Eastern District of New York, in their individual capacities;
CATHERINE O'HAGAN WOLFE, in her official and individual capacities as Clerk of the
Second Circuit;
DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the
Committee on Admissions and Grievances;
and OPENAI, INC.,
                          Defendants.
--------------------------------------------------------------------X

## PLAINTIFF'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## PRELIMINARY STATEMENT

Plaintiff Minhye Park respectfully submits this amended memorandum of law in support of her renewed motion for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

This case arises from unconstitutional and ultra vires actions by the United States Court of Appeals for the Second Circuit, its Committee on Admissions and Grievances ("CAG"), and related officials, in initiating, publicizing, and perpetuating unlawful attorney disciplinary proceedings against Plaintiff's counsel without jurisdiction, due process, or adherence to the governing rules.

Attorney disciplinary proceedings are quasi-criminal in nature and thus subject to heightened due process requirements. *In re Ruffalo*, 390 U.S. 544, 550 (1968). Where such proceedings are unlawfully initiated—without jurisdiction, written notice of charges, a show-cause order, or an impartial tribunal—their continuation is constitutionally tainted, and any derivative actions are void under principles analogous to the "fruit of the poisonous tree" doctrine.

Here, the Second Circuit's January 30, 2024 disciplinary referral was issued sua sponte by a merits panel—rather than the Grievance Panel—based solely on a single AI-generated citation contained in a reply brief on a non-material discovery issue. The referral violated Federal Rule of Civil Procedure 11(d), which expressly exempts discovery-related filings from sanctions, and Rule 11(c)(3), which requires a show-cause order. The panel further violated Judiciary Law § 90(10) and Second Circuit Local Rule 46.2 by unlawfully publicizing the confidential referral to over 100 media outlets, causing severe reputational harm to Plaintiff's counsel. On May 19, 2025, Clerk of Court Catherine O'Hagan Wolfe unlawfully issued an additional disciplinary referral in *Lee v. Delta*, further compounding prior violations by the Second Circuit.

The CAG compounded these violations by proceeding on an invalid referral not issued by the Grievance Panel, expanding the scope of its inquiry far beyond the referral's contents, transmitting confidential materials via unsecured email, and ignoring repeated jurisdictional and procedural objections. On December 30, 2024—nearly a year after the referral and just three days after Plaintiff sued the referring judges—the Committee issued a hearing notice, further demonstrating retaliatory motive.

As of this motion, no decision has been issued on the CAG matter, despite Local Rule 46.2(b)(5)'s requirement for prompt resolution. The unlawful continuation of these proceedings,

coupled with the absence of any fair appellate process—since any review would return to the same Second Circuit that initiated the referral—constitutes an ongoing violation of due process and equal protection.

## FACTUAL BACKGROUND[1]

---

[1] **District Court Proceedings (EDNY)**

Petitioner Minhye Park filed a medical malpractice action in the U.S. District Court for the Eastern District of New York against Defendant Dr. David Kim, arising from injuries sustained during a failed abortion procedure. Dr. Kim admitted deviation from the standard of care. Both Petitioner's  expert and Dr. Kim confirmed that a prior abortion performed ten years earlier did not cause the present injuries.

During discovery, defense counsel Hayley Newman submitted false and unsupported statements, claims that an unnamed defense expert demanded HIPAA authorizations for ten years of Plaintiff's medical history—including unrelated, pre-abortion records. However, no such expert was ever disclosed or retained by Defendant's counsel Hayley Newman. Petitioner repeatedly provided HIPAA authorizations for 10 years and extensive medical documentation, including surgical reports, ultrasounds, and photographs whatever she could have obtained. Despite this, the District Court compelled further production, largely based on Newman's unsupported assertions, while defendant owed outstanding discovery obligations.

Petitioner twice moved for sanctions against Newman under Rule 11 and Rule 26 for making false statements and engaging in improper discovery conduct. The Court denied both motions without issuing any opinion or citing legal authority. Ultimately, the District Court dismissed Petitioner's case based on alleged discovery noncompliance, despite evidence that Plaintiff had complied with all discovery orders under the law. The dismissal reflected a pattern of judicial bias favoring the defense.

**Second Circuit Appeal**

Petitioner timely appealed to the U.S. Court of Appeals for the Second Circuit. The appellate record included a 351-page appendix documenting full compliance with discovery obligations and highlighting defense counsel's misconduct. Despite this, the Second Circuit failed to address the discovery record, did not rule on the motions for sanctions, and affirmed the dismissal.

More concerning, on January 30, 2024, the Second Circuit issued a sua sponte disciplinary referral against Petitioner's counsel based on a single, non-material AI-generated citation found in a reply brief. The brief discussed the application of minimum wage estimates where Plaintiff lacked income in the year prior to the incident—a point never contested by the defense. No bad faith was alleged or found. The Second Circuit issued no Rule 11(c)(3) show-cause order and held no hearing.

Critically, the referral was issued by a merits panel rather than a designated Grievance Panel as required under Local Rule 46.2(b)(2). The court then ordered counsel to disclose the referral to her client and report back—publicly—on that attorney-client communication within 21 days, thereby breaching attorney-client privilege and violating New York Judiciary Law § 90(10), which prohibits public disclosure of disciplinary matters prior to final determination.

On appeal, the Second Circuit imposed attorney's fees and taxed costs despite no finding of frivolousness. The court failed to review the 351-page record or address Petitioner's legal challenges to the discovery ruling.

The January 30, 2024 disciplinary referral arose from a citation generated by OpenAI's ChatGPT, used in a good-faith attempt to estimate lost wage damages using a minimum wage standard for a plaintiff with no income history. At the time, neither the Second Circuit nor the State of New York had promulgated any rules or guidance on the use of AI-generated content in legal

Petitioner's February 5, 2024 motion to vacate judgment was timely filed but was removed from the docket and formally stricken without judicial review on February 14, 2024. The motion was never adjudicated despite following motion to render decisions. The mandate issued on February 23, 2024.  Subsequent post-judgment motions—including to stay the mandate, recall the mandate, and dismiss the disciplinary referral—were either denied by the clerk, returned as outside jurisdiction, or struck without reasoning.

**Proceedings Before the U.S. Supreme Court**

Petitioner e-filed a motion for extension of time to file a writ of certiorari on April 26, 2024, and physically delivered it on May 13, 2024—within 90 days of the February 14, 2024 order. Nonetheless, the Supreme Court Clerk denied the motion as untimely, failing to credit that the February 5 motion to vacate should toll the deadline under Rule 13.3 of the Rules of the Supreme Court.

**Disciplinary Proceedings and Judicial Retaliation**

On December 27, 2024, Petitioner filed a lawsuit against Judges BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM of the United States Court of Appeals for the Second Circuit. The Committee on Admissions and Grievances initiated proceedings based solely on the Second Circuit's illegitimate referral—not promptly, but only after Plaintiff filed lawsuits against the judges. A notice of hearing was issued on December 30, 2024, just three (3) days after the latter case was filed, and a year after the judgment including the defective referral was issued. Instead of limiting its review to the referral's contents, the Committee expanded its investigation to include administrative and procedural matters—such as delays due to court access issues and court-caused filing errors. These actions go beyond its jurisdiction under Local Rule 46.2 and constitute retaliatory overreach following Plaintiffs' civil suits against the referring judges and opposing counsel. Surprisingly,  the Committee on Admissions and Grievances emailed a notice of disciplinary hearing and investigation report that was not sealed, lacked proper service, and was delivered via unsecured email.

Petitioner filed a lawsuit against Judges Chen and Bloom on December 27, 2024, challenging structural bias in both the original and a related case, *Park v. Newman*, Case No. 1:24-cv-04770-PKC-LB. On December 30, 2024, just three days later, the Committee on Admissions and Grievances emailed a notice of disciplinary proceedings based on the original referral. The notice was not sealed, lacked proper service, and was delivered via unsecured email.

**Repeated Judges Chen and Bloom's Bias**

Subsequently, in *Park v. Newman*, 1:24-cv-04770-PKC-LB, Judges Chen and Bloom continued issuing sua sponte denials of Plaintiff's motions without opposition, reinforcing a pattern of bias, including for recusal, summary judgment, docket correction, and reconsideration—sua sponte and without issuing any opinions. The denials mirrored the same bias and disregard for due process present in the underlying action.

filings. The citation in question was not related to a dispositive legal issue and had no effect on the outcome of the case.

The citation was included in a discovery reply brief—not a dispositive motion—placing it outside the purview of Rule 11 sanctions per Rule 11(d). Nevertheless, the Second Circuit issued a sua sponte disciplinary referral against Plaintiff's counsel and publicly disseminated it via court docket and media, creating the false impression that formal discipline had occurred.

The referral was issued by a merits panel rather than a designated Grievance Panel, in violation of Local Rule 46.2(a), and without the clear-and-convincing finding of misconduct required by Local Rule 46.2(b)(2)(G). Despite its non-final nature, it was placed on the public docket and disseminated to over 100 media outlets, in violation of Local Rule 46.2(b)(6) and Judiciary Law § 90(10). Plaintiff's counsel was compelled to disclose it to her client and report back to the court, breaching attorney–client privilege.

On February 23, 2024, the mandate issued, ending appellate jurisdiction. Yet on July 23, 2024, post-mandate referral activity occurred without any new triggering event. On December 30, 2024—nearly a year after the referral and just three days after Plaintiff sued the referring judges—the CAG issued a Notice of Hearing and investigative report via unsecured email, without seal, without a valid charging instrument under Local Rule 46.2(b)(3)(B), and in violation of confidentiality obligations. The Committee expanded its investigation to unrelated matters, including court-caused administrative delays and filings outside the referral's scope.

On May 19, 2025, in the unrelated *Lee v. Delta* matter, Clerk Wolfe placed another "disciplinary referral" on the public docket without judicial authorization or confidentiality protections, causing additional reputational injury.

Post-judgment motions—including a motion to vacate (Feb. 5, 2024), motions to render decisions (June 5 & Aug. 14, 2024), a motion to recall the mandate (Jan. 16, 2025), and motions to vacate the referral (Jan. 14 & Mar. 25, 2025)—were repeatedly struck or denied by the Clerk without judicial signature or reasoning, in violation of 28 U.S.C. § 46 and due process. No impartial forum exists to review the CAG's actions, as any appeal would return to the same court that initiated the referral.

## LEGAL STANDARD FOR INJUNCTIVE RELIEF

To obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

## ARGUMENT

## I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

### A.  The Referrals Were Issued Without Jurisdiction and in Violation of Rule 11

The underlying disciplinary referral issued by the Second Circuit on January 30, 2024—based on a single AI-generated citation in a reply brief—was procedurally defective, legally unauthorized, and constitutionally infirm. The citation was used in a discovery-related filing concerning minimum wage estimates, which places it outside the scope of Rule 11 sanctions per *Rule 11(d)*. Rule 11(d) expressly exempts discovery-related filings from sanctions, including those in reply briefs concerning discovery disputes. The January 30, 2024 referral arose from exactly such a filing in *Park v. Kim*, rendering Rule 11 wholly inapplicable.

The court did not issue a Rule 11(c)(3) show-cause order and made no finding of bad faith or fraudulent intent. Yet the referral was made sua sponte without any opportunity to respond. This violates clearly established due process requirements. *See In re Ruffalo*, 390 U.S. 544, 550 (1968) (discipline imposed without prior notice of charges violates due process); *Snider v. Melindez*, 199 F.3d 108 (2d Cir. 1999) (sua sponte action without opportunity to respond is improper).

These procedural defects alone warrant nullification of the referrals

**B. Violations of Local Rule 46.2 and Judiciary Law § 90(10)**

The public filing of the referral contravened Local Rule 46.2(b)(6) and N.Y. Jud. Law § 90(10), which mandate confidentiality in disciplinary proceedings. These unlawful disclosures caused immediate reputational injury. The referral was publicly docketed and disseminated in violation of Judiciary Law § 90(10), which mandates confidentiality until final determination.

Local Rule 46.2(a) requires disciplinary matters to be initiated by the court's Grievance Panel, not by a merits panel. The referral was issued by a merits panel, not a designated Grievance Panel, contrary to Second Circuit Local Rule 46.2(b)(2). Under *Kontrick v. Ryan*, 540 U.S. 443,

455 (2004), a court's failure to follow procedural rules affecting jurisdiction renders its actions void.

The Committee then served the **Notice of Hearing and Investigation Report via unsecured email**, in direct violation of *Local Rule 46.2(3)(B)*, which requires secure and formal service of notice in disciplinary matters that are quasi-criminal in nature.

The Court also compelled Plaintiff's counsel to disclose the referral to her client and report back to the court, breaching attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (recognizing the foundational importance of the attorney-client privilege).

### C. Retaliatory and Ultra Vires Actions by the CAG and Clerk

The Committee on Admissions and Grievances compounded the illegality by initiating proceedings one year later. The December 30, 2024 hearing notice—issued just three days after Plaintiffs sued the referring judges—gives rise to a strong inference of retaliation, prohibited under *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

Moreover, on May 19, 2025, in the unrelated *Lee v. Delta* matter, Clerk Wolfe placed another "disciplinary referral" on the public docket without judicial authorization or confidentiality protections, causing additional reputational injury. This referral was retaliatory—issued after she was sued in this case—and ultra vires, as clerks lack independent authority to initiate disciplinary actions absent judicial directive. The Clerk's unilateral striking of motions without judicial review violated 28 U.S.C. § 46 and *Gonzalez v. United States*, 553 U.S. 242 (2008).

These cumulative violations provide a clear basis for injunctive relief

### II. IRREPARABLE HARM WILL RESULT

Absent immediate relief, Plaintiff and her counsel will continue to suffer irreparable harm. The reputational damage inflicted by public dissemination of the referral cannot be undone through

monetary damages alone. *Doe v. Department of Public Safety ex rel. Lee*, 271 F.3d 38, 57 (2d Cir. 2001), rev'd on other grounds, 538 U.S. 1 (2003).

Plaintiff's counsel has already experienced professional isolation, emotional distress, and financial harm. The January 30, 2024 referral was disseminated to news outlets, including international publications and law reviews, and continues to be cited as if formal discipline had been imposed despite the absence of any adjudication. The pending disciplinary hearing is based on a non-material, corrected citation in a discovery brief—conduct not governed by Rule 11 and not made in bad faith. The continued prosecution of this proceeding imposes reputational harm, litigation cost, and stigmatization disproportionate to the alleged act. Further, the compelled public disclosure of confidential attorney-client communications exacerbates the damage.

There is no mechanism for impartial appellate review of the disciplinary proceedings because any appeal would return to the same Second Circuit panel or its designees that issued the referral in the first place. This creates a closed loop that violates the core constitutional requirement of a neutral decisionmaker. As the Supreme Court recognized in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), and *In re Murchison*, 349 U.S. 133 (1955), due process prohibits adjudication by a tribunal with a prior or vested interest in the outcome. The absence of any structurally independent forum for review also raises the risks of prejudgment and retaliation, as cautioned in *Withrow v. Larkin*, 421 U.S. 35 (1975). These unresolved structural defects compound the irreparable harm to Plaintiff and her counsel, who face a disciplinary process with no fair opportunity for neutral appeal.

The ongoing CAG proceedings and public referrals cause continuing reputational harm, client distrust, and lost opportunities—harms recognized as irreparable. *Salinger v. Colting*, 607

F.3d 68 (2d Cir. 2010). There is no adequate remedy at law for the stigma of a public disciplinary record issued without adjudication. Such injury cannot be remedied by monetary damages.

### III. BALANCE OF EQUITIES AND  PUBLIC INTEREST FAVORS INJUNCTIVE RELIEF

Preserving the integrity of the legal system and public confidence in the judiciary demands strict adherence to due process, especially in attorney disciplinary matters. The public interest is not served by disciplinary actions undertaken without jurisdiction, notice, or an impartial forum for review. Disciplinary referrals that originate from the same panel that later reviews them violate basic structural fairness, as cautioned in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

Courts have consistently recognized that the legitimacy of judicial institutions depends on transparency, procedural regularity, and the absence of retaliatory conduct. *See Withrow v. Larkin*, 421 U.S. 35 (1975). Here, the Committee's disciplinary hearing is based on a referral that was both unauthorized and publicly disseminated before adjudication, in direct violation of Judiciary Law § 90(10) and Local Rule 46.2. The Committee's notice of hearing—issued via unsecured email shortly after Plaintiff filed a lawsuit against the referring judges—further undermines public confidence and raises serious questions about retaliatory motive.

Moreover, no governing body has yet established binding ethical standards for the use of AI in legal filings. Sanctioning attorneys retroactively for non-material, good-faith conduct in the absence of guidance risks chilling innovation and punishing responsible advocacy. An injunction would therefore serve the broader public interest by ensuring fair application of the rules and preventing unchecked disciplinary overreach.

10

An injunction maintains the status quo, prevents unlawful and retaliatory proceedings, and enforces procedural and constitutional safeguards in attorney discipline. Defendants have no legitimate interest in proceeding under void authority. Public confidence in the judiciary is enhanced when courts halt structurally biased and procedurally defective processes.

## IV. SECOND CIRCUIT'S FAILURE TO RENDER DECISIONS ON POST-JUDGMENT MOTIONS AND LACK OF REVIEW MECHANISM FOR DISCIPLINARY PROCEEDINGS VIOLATES DUE PROCESS AND WARRANTS INJUNCTIVE RELIEF

The Second Circuit's refusal to adjudicate multiple post-judgment motions, including a timely motion to vacate judgment—constitutes a serious violation of procedural due process and reinforces the need for immediate injunctive relief.

On February 5, 2024, Petitioner timely filed a motion to vacate judgment, just five days after the judgment was entered on January 30, 2024. The Clerk returned the motion requesting technical correction. Petitioner refiled it on February 6, 2024, with the required Form T-1080, and submitted a clarifying letter on February 7, 2024, requesting review as a motion to vacate. On February 14, 2024, however, the motion was stricken from the docket without judicial order, signature, or explanation.

This removal, without adjudication, deprived Petitioner of the opportunity for judicial review and violates the holding in *Day v. McDonough*, 547 U.S. 198 (2006), which guarantees a meaningful opportunity to be heard before final judgment becomes conclusive. It further contravenes *Bowles v. Russell*, 551 U.S. 205 (2007), which requires that jurisdictional deadlines be calculated from the final disposition of post-judgment motions.

Petitioner also filed a motion to dismiss the disciplinary referral on March 25, 2025, which remains unresolved. The next day, on March 26, 2025, the Second Circuit Clerk returned the

11

motion, stating the court lacked jurisdiction, even though the disciplinary process remains ongoing.

Similarly, a motion to recall the mandate was denied without opinion on January 16, 2025.

None of these motions received review by a judge or opinion. Many were dismissed by the Clerk's

Office, not the Court. This violates the Supreme Court's holding in *Gonzalez v. United States*, 553

U.S. 242 (2008), which prohibits delegation of core judicial functions, including post-judgment

rulings, to non-judicial personnel.

Moreover, there exists no independent forum to challenge the ongoing legality of the

disciplinary proceedings initiated by the Second Circuit's Committee on Admissions and

Grievances. The Committee acts based on the referral issued by the same panel of judges now

subject to litigation. Any review of the Committee's decision would return to that very court,

creating an impermissible conflict. This lack of an impartial forum violates the fundamental right

to due process and mirrors the structural defect recognized in *Caperton v. A.T. Massey Coal Co.*,

556 U.S. 868 (2009), where the appearance of judicial bias required recusal to preserve

constitutional fairness. These cumulative violations—failure to adjudicate post-judgment motions,

denial of access to judicial review, and lack of any avenue to challenge the disciplinary

proceedings—warrant immediate injunctive relief.

### SEALED EXHIBIT LIST (Fed. R. Civ. P. 5.2(d))

Plaintiff seeks leave to file under seal the following exhibits, which contain confidential

disciplinary communications and records protected under N.Y. Judiciary Law § 90(10) and

Second Circuit Local Rule 46.2:

- Exhibit A – January 30, 2024 Second Circuit "Disciplinary Referral" in Park v. Kim, No.
  22-2057 (2d Cir.) (public docket).

- Exhibit B – July 23, 2024 post-mandate referral activity and related docket entries in Park v. Kim (public docket).

- Exhibit C – May 19, 2025 "Disciplinary Referral" entered by Clerk Catherine O'Hagan Wolfe in Lee v. Delta (public docket).

- Exhibit D – December 30, 2024 Committee on Admissions and Grievances "Notice of Hearing" and accompanying report (email transmissions).

- Exhibit E – March 18, 2025 and March 27, 2025 correspondence and jurisdictional objections submitted to the CAG.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Enjoin the CAG from proceeding on the January 30, 2024 and May 19, 2025 referrals;

2. Prohibit further dissemination or reliance on these referrals;

3. Direct sealing and expungement of all related records; and

4. Grant such other and further relief as is just and proper.

Dated: August 15, 2026
      Uniondale, New York

                        Respectfully submitted,

                        */s/ Jae S. Lee*
                        Jae S. Lee, Esq.
                        JSL Law Offices, P.C.
                        626 RXR Plaza, Uniondale, NY 11556
                        (718) 461-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                              Plaintiffs,

               -against-

JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM
of the United States Court of Appeals for the Second Circuit, in their individual capacities;
JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States
District Court for the Eastern District of New York, in their individual capacities;
CATHERINE O'HAGAN WOLFE, in her official and individual capacities as Clerk of the Second
Circuit; DAVID COON and TERRENCE M. CONNORS, in their official capacities as members
of the Committee on Admissions and Grievances; and OPENAI, INC,

                            Defendants.
------------------------------------------------------------------X

### DECLARATION OF JAE S. LEE IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

       I, Jae S. Lee, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the

following is true and correct:

## I. Introduction and Capacity

    1.   I am counsel for Plaintiff Minhye Park in the above-captioned action. I submit this

Declaration in support of Plaintiff's motion for a Temporary Restraining Order and Preliminary

Injunction ("TRO/PI") under Federal Rule of Civil Procedure 65. Unless otherwise stated, the facts

herein are based on my personal knowledge, my review of court dockets and filings, and records

maintained in the ordinary course of my legal practice. If called as a witness, I could and would

testify competently to these matters.

**II. The January 30, 2024 Referral and Its Limited Context**

2.   On January 30, 2024, a merits panel of the U.S. Court of Appeals for the Second Circuit

(Judges Barrington D. Parker, Alison J. Nathan, and Sarah A. L. Merriam) issued a sua sponte

disciplinary referral in *Park v. Kim*, No. 22-2057 (2d Cir.). The referral arose from a single AI-

generated citation appearing in a reply brief concerning discovery-related damages

approximations.

3.   The cited passage addressed a non-dispositive point in a discovery context; no party moved

for sanctions; no Rule 11(c)(3) show-cause order issued; and there has never been a finding of bad

faith or intent to mislead.

4.   At the time, neither the Second Circuit nor New York's attorney disciplinary authorities

had promulgated rules governing the responsible use of AI tools in legal filings. I understood my

obligation to correct errors, and I did not understand the isolated citation—appearing in a

discovery-related reply—to trigger sanctions or discipline absent notice and an opportunity to be

heard.

**III. Post-Mandate Posture and Subsequent Actions**

5.   On February 23, 2024, the Second Circuit issued the mandate in *Park v. Kim*. Thereafter,

on or about July 23, 2024, additional "referral activity" occurred  notwithstanding the mandate.

6.   The Committee's hearing notice and investigation report were issued via email directly to

the attorney on March 17, 2025, March 31, 2025 and April 13,2025, respectively, not under seal, further violating confidentiality obligations.

7.  The CAG's correspondence expanded beyond the narrow referral to probe unrelated

materials and administrative matters, rather than confining its review to the discrete issue that prompted the referral.

8.   More than twenty (20) months have passed since the January 30, 2024 referral without

resolution, contrary to Local Rule 46.2(b)(5)'s prompt-resolution requirement and basic fairness.

**IV. Public Dissemination and the Separate May 19, 2025 Docket Entry**

9.   The January 30, 2024 referral and related materials became publicly accessible via PACER

and were widely reported by legal and general-interest media outlets, despite the non-final status of any disciplinary proceeding.

10. On May 19, 2025, in a separate case (*Lee v. Delta*), the Clerk of Court, Catherine O'Hagan

Wolfe, independently and publicly docketed another "disciplinary referral" with no factual or legal basis. To my knowledge, that entry was not preceded by a judge-issued show-cause order in that case. The May 19, 2025 public docket entry further amplified media attention and compounded reputational harm.

11. The May 19, 2025 public docket entry further amplified media attention and compounded

reputational harm.

12. I was directed to disclose the referral to my client and to report the substance of that

communication to the Court. I believe this directive, coupled with public docketing, compromised

attorney–client confidentiality and violated confidentiality rules that ordinarily govern attorney

disciplinary matters unless and until public discipline is imposed.

**V. Lack of Notice, Lack of Neutral Review, and Ongoing Harm**

13. I never received a Rule 11(c)(3) show-cause order specifying any charged misconduct. The

filing at issue was discovery-related, which I understand to be exempt from Rule 11 sanctions

under Rule 11(d). The CAG's notices contained no formal, specific charges served in the manner

required for disciplinary charging documents.

14.  There is no neutral appellate forum within the Second Circuit's internal process to review

interim CAG actions. Any final action would be reviewed by the same court that initiated or

publicly disseminated the referral, creating structural due process concerns.

15.  The public dissemination of non-final disciplinary materials has caused me irreparable

reputational and professional harm. I have been portrayed as having been disciplined when no

adjudication has occurred, have lost clients and professional opportunities, and have suffered

substantial emotional distress. These harms continue and cannot be undone by a later ruling.

**VI. Exhibits**

True and correct copies of the following materials (to be filed under seal unless otherwise noted) are submitted in support of the TRO/PI application, with consistent numbering across the Notice of TRO, this Declaration, and the Memorandum of Law:

**SEALED EXHIBIT LIST (Fed. R. Civ. P. 5.2(d))**

Plaintiff seeks leave to file under seal the following exhibits, which contain confidential disciplinary communications and records protected under N.Y. Judiciary Law § 90(10) and Second Circuit Local Rule 46.2:

- Exhibit A – January 30, 2024 Second Circuit "Disciplinary Referral" in *Park v. Kim*, No. 22-2057 (2d Cir.) (public docket).

- Exhibit B – July 23, 2024 post-mandate referral activity and related docket entries in *Park v. Kim* (public docket).

- Exhibit C – May 19, 2025 "Disciplinary Referral" entered by Clerk Catherine O'Hagan Wolfe in *Lee v. Delta* (public docket).

- Exhibit D – December 30, 2024 CAG "Notice of Hearing" and accompanying report (email transmissions).

- Exhibit E – March 18, 2025 and March 27, 2025 correspondence and jurisdictional objections submitted to the CAG.

**PUBLIC EXHIBIT LIST**

- **Exhibit F** – N.Y. Judiciary Law § 90(10) and Second Circuit Local Rule 46.2 (confidentiality and process provisions).

- **Exhibit G** – August 11, 2021 hearing transcript excerpt showing false statements by Hayley Newman.

- **Exhibit H** – Plaintiff's expert report dated September 12, 2021.

- **Exhibit I** – Plaintiff's motions for sanctions filed September 22, 2021 and March 15, 2022.

**VII. Prior Application**

16. A prior TRO application was denied by this Court on April 3, 2025. This renewed application includes expanded procedural, jurisdictional, due process, and confidentiality facts, including post-mandate referral activity, the May 19, 2025 public docketing by the Clerk in a separate matter, the twenty-month delay without resolution, and the CAG's expansion beyond the original referral's scope.

**VIII. Relief Requested**

18. I respectfully request that the Court:

(i) Enjoin the CAG from taking any further action in connection with the January 30, 2024, July 23, 2024, and May 19, 2025 referrals;

(ii) Stay all related disciplinary proceedings;

(iii) Direct the sealing or removal from public access of non-final disciplinary materials and

enjoin further dissemination or reliance; and

(iv) Grant leave to file confidential materials under seal.

**I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

Executed: August 15, 2025
Uniondale, New York

JSLLAW OFFICE P.C.

*/s/ Jae S. Lee*
JAE S. LEE
626 RXR PLAZA
UNIONDALE, NY 11556