**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Minhye Park,<br><br>         Plaintiff,<br><br>   -against-<br><br>Barrington D. Parker et al.,<br><br>         Defendants. | 1:25-cv-00789 (MAB) (SDA)<br><br>ORDER |

**STEWART D. AARON, United States Magistrate Judge:**

  Before the Court is a motion by Plaintiff titled Emergency Letter Motion to Expedite to Accept Second Amended Complaint Nunc Pro Tunc. (Pl.'s 8/18/25 Letter Mot., ECF No. 99.) For the reasons set forth below, Plaintiff's Letter Motion is DENIED.

  On April 15, 2025, Plaintiff filed a motion for leave to file a Second Amended Complaint. (4/15/25 Am. Mot., ECF No. 74.) The Clerk of Court entered a deficiency notice indicating that supporting documents needed to be filed separately.[1] (*See* 4/15/25 Docket Text Entry.) On April 22, 2025, the Court denied Plaintiff's motion without prejudice on the grounds that it did not comply with the Local Civil Rule 15.1. (4/22/25 Order, ECF No. 75.)

  On May 12, 2025, Plaintiff filed a document titled "Second Amended Complaint[,]" which actually was a Notice of Motion for leave to file a Second Amended Complaint, to which she attached as exhibits a Memorandum of Law, Affirmation in Support and proposed Second Amended Complaint. (*See* Second Am. Compl., ECF No. 76.) The Clerk of Court entered a deficiency

---

[1] Plaintiff had filed a Notice of Motion and Memorandum of Law in support her motion as a single filing. (*See* 4/15/25 Am. Mot.) In accordance with ECF Rules 13.2(e) and 15.4, supporting documents, such as a Memorandum of Law or Affidavit in Support, must be filed separately. *See* ECF Rules & Instructions, available at https://nysd.uscourts.gov/rules/ecf-related-instructions.

notice stating that Plaintiff had used the wrong event type and should re-file using the event type Motion to Amend. (*See* 5/13/25 Docket Text Entry.) On May 13, 2025, Plaintiff filed an Amended Motion to Amend/Correct the Second Amended Complaint. (5/13/25 Am. Mot., ECF No. 77.) On May 19, 2025, Plaintiff filed a document titled Motion to Remove from Suspense Docket, which was a Notice of Motion to Correct Docket, Remove Erroneous Deficiency Notices and Accept Second Amended Complaint, to which she attached as exhibits a Memorandum of Law and Affidavit in Support. (5/19/25 Mot., ECF No. 79.) On May 30, 2025, the Clerk of Court entered deficiency notices for both filings, again indicating that supporting documents needed to be filed separately. (*See* 5/30/25 Docket Text Entry.)

On July 25, 2025, the Federal Defendants filed a Letter Motion requesting, *inter alia*, that the Court set a deadline for Plaintiff to refile her motion for leave to file a Second Amended Complaint. (7/25/25 Letter Mot. to Compel, ECF No. 85.) Plaintiff did not file a response, and the Court granted the Federal Defendants motion in an Order dated July 31, 2025, and set a deadline of August 8, 2025 for Plaintiff to re-file her motion for leave to file a Second Amended Complaint. (7/31/25 Order, ECF No. 87.) In that July 31, 2025 Order, the Court provided a link to the ECF Rules and Instructions and encouraged Plaintiff to review ECF Rules 13.2(e) and 15.4. (*See id.*) Nonetheless, on August 8, 2025, Plaintiff filed a document titled Amended Complaint, which actually is a Notice of Motion for leave to file a Second Amended Complaint, which attaches as exhibits an Affirmation in Support, proposed redline and proposed Second Amended Complaint. (8/8/25 Am. Compl., ECF No. 88.) The Clerk of Court entered multiple deficiency notices, indicating that the wrong event type was used. (*See* 8/11/25, 8/14/25 and 8/15/25 Docket Text Entries.)

Plaintiff now asks the Court to accept the Second Amended Complaint (re-filed on August 14, 2025 at ECF No. 91) *nunc pro tunc* as of August 8, 2025; vacate the deficiency notices of August 8 and August 14, 2025 and remove all "erroneous deficiency entries" from the docket. (*See* Pl.'s 8/18/25 Letter Mot. at 2.) However, none of the deficiency entries is erroneous. As set forth above, Plaintiff's filings continue to suffer from the same deficiencies. In cases where Plaintiff used the proper event type (Motion to Amend), her filings remain deficient because she continued to attach supporting documents (Memorandum of Law and Affidavit in Support) as exhibits, rather than file them separately as set forth in the ECF Rules. At other times, including her most recent filing, Plaintiff has failed to file a Motion to Amend and filed only amended pleadings. Thus, at no time has Plaintiff simultaneously fixed the two errors that the Clerk of Court repeatedly has identified.

Moreover, Plaintiff has not been granted leave to file a Second Amended Complaint and, therefore, the Court will not accept the pleading filed at ECF No. 91. Rather, Plaintiff must properly file a motion to amend for the Court's consideration. The Court will grant Plaintiff another opportunity to do so. Plaintiff again is encouraged to review the relevant ECF Rules, as well as other resources on the Court's website, and to comply with such rules to avoid further deficiency notices. For the foregoing reasons, Plaintiff's August 18, 2025 Emergency Letter Motion (ECF No. 99) is DENIED. Plaintiff shall file her motion to amend and separately file her supporting documents as soon as practicable, but no later than August 22, 2025.

**SO ORDERED.**

Dated:   New York, New York
         August 19, 2025

_____
STEWART D. AARON
United States Magistrate Judge