UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINHYE PARK,

       Plaintiff,

          v.

HON. BARRINGTON D. PARKER, ET
AL.,

       Defendants.

25-CV-00789 (MAB) (SDA)
<u>ORDER</u>

MARK A. BARNETT, United States Judge:[1]

Before the court is Plaintiff's objection to an order by Magistrate Judge Aaron granting an extension of time for Federal Defendants[2] to respond to Plaintiff's motion for a preliminary injunction.  ECF No. 93 (objection); *see also* ECF Nos. 92 (order), 31 (motion for preliminary injunction).  Pursuant to Federal Rule of Civil Procedure 72(a), a party may object to a non-dispositive matter decided by a magistrate judge "within 14 days after being served with a copy," but "may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a).  The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*  While Plaintiff's objection was timely, for the reasons stated below, the objection is overruled.

Plaintiff objects to the extension of time as clearly erroneous and contrary to law because the propriety of the U.S. Department of Justice's ("DOJ") representation of

---

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.
[2] So called in reference to all named defendants except OpenAI, Inc.

certain of the Federal Defendants sued in their individual capacities is the subject of a

separate pending motion.  ECF No. 93 at 1; *see also* ECF No. 89 (motion to strike

appearance, strike defendants' filings, and enter default judgment).  In the alternative,

Plaintiff requests either a stay of ECF No. 92 or modification of the order to indicate "that

any filings under it are expressly 'subject to' the Court's ruling on ECF No. 89."  ECF No.

93 at 1.

        As an initial matter, the magistrate judge's order applies to all Federal Defendants,

not just those whose representation is subject to Plaintiff's challenge.  Additionally,

Plaintiff offers no legal basis for her contention that the *extension of time* was unlawful

under the circumstances.  Instead, Plaintiff's objection rests on her view that ECF No. 89

is meritorious with respect to her challenge to DOJ's representation of certain Federal

Defendants.  But that matter is not yet ripe for review.  While the Federal Defendants

have filed their response, ECF No. 101, in accordance with Local Civil Rule 6.1(b),

Plaintiff has seven days in which to file a reply.  The court finds no reason to modify or

set aside any part of ECF No. 92 for reasons that remain undecided.[3]  Accordingly,

pursuant to that order, the Federal Defendants' opposition to Plaintiff's motion for a

preliminary injunction is due by August 29, 2025, and Plaintiff shall file any reply by

September 12, 2025.  ECF No. 92.

---

[3] The court is aware that prompt resolution of ECF No. 89 will benefit the just and speedy resolution of this action.  To that end, the court encourages all parties to avoid both unnecessary extension requests and redundant objections pending resolution of ECF No. 89.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's objection to

ECF No. 92 (ECF No. 93) is **OVERRULED**.


/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge
U.S. Court of International Trade
(sitting by designation)


Dated: August 19, 2025
       New York, New York