UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINHYE PARK, | |
| Plaintiff, | |
| v. | 25-CV-00789 (MAB) (SDA) <br> <u>ORDER</u> |
| HON. BARRINGTON D. PARKER, ET AL., | |
| Defendants. | |

MARK A. BARNETT, United States Judge:[1]

      Before the court is Plaintiff's amended motion for a temporary restraining order ("TRO") and for a preliminary injunction. ECF No. 94.[2] The court previously denied Plaintiff's motion for a TRO and held in abeyance Plaintiff's motion for a preliminary injunction pending notice to Defendants. ECF No. 36 (order); *see also* ECF No. 73 (denying reconsideration of ECF No. 36).[3] Plaintiff's motion for a preliminary injunction, ECF No. 31, is currently before Magistrate Judge Aaron, ECF No. 37 (referral order), and Federal Defendants[4] now have until August 29, 2025, to file their opposition, ECF No. 92 (order resetting deadlines for response and reply).

---

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.
[2] Plaintiff frames the filing as an "amended memorandum of law in support of her renewed motion for a Temporary Restraining Order and Preliminary Injunction." ECF No. 94 at 1. Plaintiff does not specify whether she intends for the motion to supplant the existing motion for a preliminary injunction in its entirety or supplement that motion with new requests for relief.
[3] The court presumes familiarity with the background and rationale for denying relief set forth in those orders.
[4] So called in reference to all named defendants except OpenAI, Inc.

Court No. 25-cv-00789                                                                                                      Page 2

      Plaintiff only nominally acknowledges and entirely fails to address the basis for the court's prior TRO rulings and presents no new reasons for requiring *immediate* relief. *See* Fed. R. Civ. P. 65(b)(1)(A) (permitting issuance of a TRO without notice to the opposing party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").  Instead, Plaintiff's motion appears to be motivated, at least in part, by new facts, including "an additional disciplinary referral" entered on May 19, 2025, in another matter before the U.S. Court of Appeals for the Second Circuit.  ECF No. 94 at 2; *see also id.* at 6–13.  That referral is not, however, the subject of this action.  *See generally* ECF No. 48 (first amended complaint).  And as noted, Plaintiff presents no basis for immediate relief in connection with that referral.  *See* ECF No. 94 at 1 (seeking restraint on "any further adverse action related to" the new referral, among other matters).[5]

      In the interest of time and to save both judicial and the parties' resources, the court hereby **DENIES** Plaintiff's renewed or otherwise amended motion for a TRO for the reasons previously stated in ECF Nos. 36 and 73 and for failing to make the necessary showing under Rule 65(b)(1)(A).  Regarding any preliminary injunction, Federal Defendants may respond to the matters raised in ECF No. 94 within the time currently

---

[5] Plaintiff also seeks an order to seal certain documents, ECF No. 94 at 1, but that request is better addressed through her separate motion to seal, ECF No. 96.  Plaintiff further seeks an order directing matters pending before other courts, ECF No. 94 at 2 (items three and four), but provides no legal basis for the undersigned to do so.  Lastly, the court notes that Plaintiff relies, in part, on her "Verified Second Amended Complaint," *id.* at 1, but that pleading is not properly before the court, *see* ECF No. 100.

Court No. 25-cv-00789                                                                                                      Page 3

permitted for their response to ECF No. 31 (i.e., by August 29, 2025),[6] and Plaintiff may reply on or before September 12, 2025. *See* ECF No. 92.

                                                       /s/      Mark A. Barnett
                                                       Mark A. Barnett, Chief Judge
                                                       U.S. Court of International Trade
                                                       (sitting by designation)

Dated: <u>August 19, 2025</u>
         New York, New York

---

[6] The extended deadline for responding to ECF No. 31 affords Federal Defendants roughly 14 days to respond to ECF No. 94, consistent with Local Civil Rule 6.1(b).