UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

MINHYE PARK,                                    Civil Docket No.: 1:25-cv-789

                              Plaintiffs,       ~~FIRST AMENDED COMPLAINT
                                                AND VERIFIED REQUEST FOR
                    -against-                    INJUNCTIVE RELIE~~


JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM
of the United States Court of Appeals for the Second Circuit, in their individual capacities;
JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM of the United States
District Court for the Eastern District of New York, in their individual capacities;
CATHERINE O'HAGAN WOLFE, in her official and individual capacit~~y~~ies as Clerk of the
Second Circuit;
DAVID COON and TERRENCE M. CONNORS, in their official capacities as members of the
Committee on Admissions and Grievances;
and OPENAI, INC.,

                              Defendants.

--------------------------------------------------------------------X

# ~~FIRST~~SECOND AMENDED COMPLAINT AND VERIFIED REQUEST FOR INJUNCTIVE RELIEF


This action is brought pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, Rule 65 of

the Federal Rules of Civil Procedure, and the United States Constitution. Plaintiff also brings

claims for damages against certain federal officials in their individual capacities pursuant to *Bivens*

*v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violations of her rights under the First

Amendment (retaliation for protected legal advocacy), the Fifth Amendment (denial of due

process), and the Fourteenth Amendment (denial of equal protection of the laws).

This complaint arises from unconstitutional retaliation, judicial bias, violations of due process, breach of attorney-client privilege, denial of access to the courts, and the initiation of unlawful disciplinary proceedings without jurisdiction, legal authority, or adversarial process.

## I.    PRELIMINARY STATEMEN

Because attorney discipline is a quasi-criminal proceeding, it is governed by heightened due process requirements. *See* In re Ruffalo, 390 U.S. 544, 550 (1968). Where such a proceeding is unlawfully initiated—without jurisdiction, notice, or the opportunity to be heard—its continuation is constitutionally tainted, and any derivative actions are void. This principle, recognized in the criminal context as the "fruit of the poisonous tree" doctrine, applies by analogy in quasi-criminal disciplinary matters to bar reliance on unlawfully obtained or initiated proceedings.

The merit panel's disciplinary referral was issued without jurisdiction, in violation of Judiciary Law § 90(10), Second Circuit Local Rule 46.2, and fundamental due process safeguards. It lacked written notice of charges, afforded no fair hearing, ignored exculpatory appellate records conclusively establishing Plaintiff's compliance with discovery orders, and selectively targeted Plaintiff's counsel while excusing comparable or more egregious misconduct by opposing counsel.

This action challenges a series of ultra vires and retaliatory acts that arose in and after appellate proceedings in *Park v. Kim* and related matters, culminating in the public dissemination of non-final disciplinary materials, the continuation and expansion of disciplinary processes without jurisdiction or due process, and collateral retaliatory actions in separate cases.

**BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM**

This action challenges systemic constitutional and procedural violations targeting Plaintiff and her attorney. On January 30, 2024, the Second Circuit issued a sua sponte disciplinary referral against Plaintiff's counsel without a pending case, without jurisdiction, and without complying with Rule 11(c)(3)'s requirement for a show-cause order. The referral arose from a single, non-material AI-generated citation, included without bad faith in a discovery-related brief, and was therefore inapplicable under Rule 11(d). Moreover, the Second Circuit panel was not designated as a Grievance Panel under Local Rule 46.2(b)(2), rendering the referral unauthorized and void.

The panel also violated Judiciary Law § 90(10) and the Second Circuit's own Local Rule 46.2(6), by unlawfully publicizing the confidential referral to over 100 global media outlets, severely damaging Plaintiff's counsel's reputation. ~~Plaintiff's motion to vacate the judgment, filed February 5, 2024, was never adjudicated. Instead, the Second Circuit Clerk denied numerous post-judgment motions without legal authority or signature, violating 28 U.S.C. § 2106 and Fed. R. App. P. 27.~~

Despite the submission of a 351-page appellate appendix establishing judicial bias, compliance with discovery obligations, and the absence of misconduct, the Second Circuit judges failed to review the record. The Second Circuit's failure to render appealable orders, including the denial of the February 5, 2024 motion to vacate without a judge's signature or reasoning. _The panel's actions also breached attorney–client privilege._ They compelled Plaintiff's attorney to disclose the referral to her client, violating attorney-client privilege and exacerbating reputational damage. _They taxed costs and fees without the motion or findings required under Federal Rule of Appellate Procedure 38. Meanwhile, defense counsel Hayley Newman's documented false statements, frivolous discovery motions, and other misconduct were disregarded, reflecting unlawful selective enforcement._

*The original complaint remains fully incorporated herein with the same force and effect.

### *CATHERINE O'HAGAN WOLFE*

Post-judgment motions, including but not limited to a motion to vacate filed on February 5, 2024, and a motion to render decisions, were denied by the Clerk's Office without judicial signature or legal reasoning, obstructing appellate rights and violating the Federal Rules. On May 19, 2025, in a separate case (*Lee v. Delta*), the Clerk of the Second Circuit, Catherine O'Hagan Wolfe, publicly docketed another "disciplinary referral" despite the absence of any disciplinary matter in that action. This referral was not issued by the Grievance Panel as required under Local Rule 46.2(a), was unsupported by clear and convincing evidence, lacked written notice of charges or an order to show cause under Local Rule 46.2(b)(3)(B), and violated confidentiality under Local Rule 46.2(b)(6) and Judiciary Law § 90(10). The act caused further reputational harm and was undertaken in retaliation for Plaintiff's protected First Amendment activity. These ultra vires acts, administrative and discretionary in nature, are not protected by quasi-judicial immunity. This action arises from a pattern of **retaliatory, ultra vires, and unconstitutional conduct** by Defendants, including Defendant **Catherine O'Hagan Wolfe**, Clerk of the U.S. Court of Appeals for the Second Circuit. Wolfe exceeded her ministerial authority and engaged in systemic obstruction of Plaintiff's right of access to appellate review, violating Plaintiff's rights under the **First** and **Fifth Amendments**.

### *DAVID COON and TERRENCE M. CONNORS*

The Committee on Admissions and Grievances initiated proceedings based solely on the Second Circuit's illegitimate referral—not promptly, but only after Plaintiff filed lawsuits against

attorney Hayley Newman in July 2024 and against the referring judges on December 27, 2024. A notice of hearing was issued on December 30, 2024, just three (3) days after the latter case was filed, and a year after the judgment including the defective referral was issued. Instead of limiting its review to the referral's contents, the Committee expanded its investigation to include administrative and procedural matters—such as delays due to court access issues and court-caused filing errors. These actions go beyond its jurisdiction under Local Rule 46.2 and constitute retaliatory overreach following Plaintiffs' civil suits against the referring judges and opposing counsel.

On January 13, 2025, March 18, 2025 and March 27, 2025, Plaintiff's counsel submitted formal letters raising jurisdictional objections, including the absence of any rules governing AI-generated citations, the lack of fraudulent intent, and the Second Circuit's breach of confidentiality under Judiciary Law § 90(10) and Local Rule 46.2. The citation at issue was a good-faith attempt to calculate minimum wage damages for a plaintiff with no income history. No impartial appellate process exists if sanctions are imposed, as appeals would return to the same Second Circuit panel that issued the referral.

However,  on March 31, 2025, the Committee confirmed the hearing on April 14, 2025, without addressing these serious legal concerns, reflects a lack of procedural safeguards and an absence of governing standards for AI-generated content in legal filings and bad faith.

The Committee  also violated Local Rule 46.2 by accepting an invalid referral not made by a Grievance Panel under Rule 46.2(b)(2)(A), and thus the referral was ultra vires and void ab initio.

The Committee's hearing notice and investigation report were issued via email directly to the attorney on March 17, 2025, and March 31, 2025, and April 13,2025, respectively, not under

seal, further violating confidentiality obligations. These communications were not treated as confidential, further eroding any legitimacy of protective disciplinary procedures. The Committee never issued a valid notice of charges or show cause order as required by Local Rule 46.2(b)(6), 46.2(3)(B), and (b)(2)(G).

. The Committee has further failed to decide the matter within a reasonable time, delaying resolution for more than 20 months, in contravention of Local Rule 46.2(b)(5).

These procedural defects and jurisdictional violations deprived Plaintiff of fair notice, an opportunity to be heard, and any impartial appellate process as required by due process and the standards set forth in *re Ruffalo*, 390 U.S. 544 (1968). Attorney disciplinary proceedings are quasi-criminal in nature and must comply with due process, notice, and impartiality. The Second Circuit and the Committee violated these standards and initiated proceedings in a retaliatory, overbroad, and procedurally unlawful manner. The referral lacked any legal basis, as Rule 11(d) expressly excludes discovery-related filings from its sanctions provisions. The panel's actions were not within the bounds of judicial authority.

### PAMELA K. CHEN and LOIS BLOOM

Judges Chen and Bloom, who presided over *Park v. Kim* and *Park v. Newman*, have demonstrated a consistent and troubling pattern of bias, disparate treatment, and intentional procedural obstruction.

. They repeatedly denied all of Plaintiff's motions without legal justification and refused to recuse themselves despite clear conflicts of interest. In *Park v. Kim*, In *Park v. Kim*, Judges Chen and Bloom denied two well-supported motions for sanctions against defense counsel Hayley

6

Newman—who had made knowingly false and prejudicial statements—without providing any reasoning or citation to controlling law, thereby shielding misconduct that directly prejudiced Plaintiff's case. They also deliberately issued baseless "discovery compliance" warnings to Plaintiff, without factual or legal basis, for the purpose of manufacturing a procedural record to justify dismissal of the meritorious complaint in favor of Newman and her law firm Hoguet Newman Regal & Kenney, LLP (HPMB).

In *Park v. Kim,* they encouraged and ordered Defendants to file a motion to dismiss and seek attorney's fees—despite substantial evidence supporting Plaintiff's claims, including the testimony of Plaintiff's expert and the Defendant's own admissions.

In an unusual procedural restriction, the court also limited Plaintiff's electronic filing access to 5:00 PM, instead of the standard 24-hour filing window available to other litigants—further disadvantaging Plaintiff. In *Park v. Hayley Newman*, Plaintiff's motion for recusal was summarily denied by Judge Chen, raising additional concerns about judicial impartiality and fairness in proceedings involving Plaintiff and her counsel. They summarily denied Plaintiff's dispositive and procedural motions—including a pre-conference motion for summary judgment supported by documentary evidence—without awaiting or considering opposition papers, while simultaneously entertaining Defendants' pre-conference motion to dismiss despite Plaintiff's objections. Judge Chen further refused to docket Plaintiff's timely notice of appeal, despite payment of the mandatory $605 fee, and summarily denied Plaintiff's motion to correct the docket entry without explanation. This conduct deprived Plaintiff of her appellate rights and ensured no review of the district court's adverse rulings. These actions were part of a broader pattern of

obstructive case management and selective enforcement of procedural rules, designed to facilitate dismissal of Plaintiff's claims and to retaliate against Plaintiff's counsel.

### *OPENAI, INC.*

OpenAI, Inc., whose software generated the disputed citation, failed to provide adequate warnings or disclaimers regarding potential "hallucinations" in legal content. Its failure to implement safeguards foreseeably contributed to the disciplinary controversy, despite the absence of any rules or guidance governing AI use in legal filings at the time. The defective AI software generated the fictitious citation relied upon in good faith, triggering the unlawful disciplinary proceedings.

Plaintiff seeks declaratory and injunctive relief; dismissal of the unlawful disciplinary proceedings; expungement and sealing of all non-final disciplinary materials and entries; corrective publication through the same channels and major news outlets used to disseminate the unlawful referrals of January 30, 2024 and May 19, 2025; and a formal, public apology from Defendants. Plaintiff further seeks vacatur of all sanctions, costs, and fees imposed as a result of the unlawful referrals; removal from office of those responsible, including judicial and quasi-judicial officers who engaged in or condoned the misconduct; and compensatory and punitive damages for the irreparable reputational, emotional, and financial harm caused by Defendants' egregious actions. These remedies are sought together with relief under state-law tort theories and product-liability claims against OpenAI, Inc.

Plaintiffs respectfully seek emergency relief from this Court to stop the ongoing constitutional violations, dismiss the unlawful referral, and enjoin any further retaliation, given that no fair appellate structure exists if sanctions are imposed and subsequently reviewed by the same panel that initiated them.

## II. JURISDICTION AND VENUE

1.  This Court has jurisdiction under 28 U.S.C. §1331 for federal questions arising under the Constitution and laws of the United States.

2.  Venue is proper in this District under 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district, and certain defendants reside or are employed within the Southern District of New York.

## III. JURY DEMAND

3.  Plaintiff demands a trial by jury on all issues triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

.

## III̶V̶. THE PARTIES

3.4. Plaintiff Minhye Park is an individual and attorney residing in New York.

4.5.Defendant Judges BARRINGTON D. PARKER, ALISON J. NATHAN, and SARAH A. L. MERRIAM are federal judges of the United States Court of Appeals for the Second Circuit. They are sued in their individual capacities.

5.6.Defendant JUDGE PAMELA K. CHEN and MAGISTRATE JUDGE LOIS BLOOM are federal judges of the United States District Court for the Eastern District of New York. They are sued in their individual capacities.

6.7.Defendant CATHERINE O'HAGAN WOLFE is the Clerk of Court for the United States Court of Appeals for the Second Circuit and. She is sued in her official and individual capacitiesy.

7.8.Defendants DAVID COON and TERRENCE M. CONNORS are members of the Second Circuit's Committee on Admissions and Grievances, and. They are sued in their official capacities.

8. Defendant OPENAI, INC. is a a corporation that develops and distributes large language models including GPT-3.5, whose product defects and failures to warn foreseeably contributed to the harms alleged. private technology company headquartered in California. Plaintiff alleges that negligence and product design flaws in OpenAI's services contributed to the events leading to this action.

**IV. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At all times relevant to this action, each Defendant acted individually and in concert with others, and each is responsible for the acts and omissions of their agents, employees, and co-conspirators, whether named or unnamed, who participated in the conduct alleged herein.

**Underlying Case – District Court Proceedings in *Park v. Kim* (EDNY)**

10

1.      Plaintiff Minhye Park initiated a medical malpractice action in the United States

District Court for the Eastern District of New York ("EDNY") against Dr. David Dennis Kim, who

admitted to negligence causing severe injury to Plaintiff. Despite clear medical evidence—

including Plaintiff's expert confirmation and Dr. Kim's own statements that a prior abortion ten

years earlier was unrelated to the injury—defense counsel Hayley Newman falsely asserted that a

non-existent defense expert had determined Plaintiff's ten-year-old medical records were relevant

to the injury.

### Discovery Misconduct and Judicial Error
(Judge Pamela K. Chen & Magistrate Judge Lois Bloom)

2.    Relying solely on Newman's false statement, Magistrate Judge Lois Bloom and Judge

Pamela K. Chen compelled repeated, duplicative discovery responses and later dismissed

Plaintiff's case for alleged noncompliance—ignoring a 351-page record evidencing full

compliance.

3.   Plaintiff moved for sanctions against Hayley Newman on September 22, 2021, and

again on March 15, 2022, pursuant to Federal Rules of Civil Procedure 11 and 26, citing discovery

misconduct and false statements. Both motions were denied without explanation, to shield them

from sanctions, further demonstrating bias in favor of Newman and her firm Hoguet Newman

Regal & Kenney, LLP (HPMB).  Despite Dr. Kim's own admission of malpractice and Plaintiff's

expert's confirmation that a lawful abortion ten years prior was unrelated to her injuries, Judges

Chen and Bloom adopted Newman's false assertion—unsupported by any defense expert—that

such abortion records were relevant.

4.  On August 11, 2021, Judges Bloom and Chen raised a "minimum wage" issue sua sponte—despite no party disputing or raising it. In practice, such estimates related to a worker's wage were irrelevant to the claims. The later AI-citation issue was triggered by Defendants Bloom and Chen and Hayley Newman (who is not a defendant in this case).

5.  Judges Bloom and Chen knowingly and intentionally ignored Dr. Kim's admission that he deviated from the standard of medical practice and that Plaintiff's single, lawful abortion a decade earlier had no relevance or causal connection to his malpractice. Plaintiff's expert confirmed there was no causal relationship. Nevertheless, Newman falsely stated that a non-existent defense expert supported the theory that the abortion "possibly" caused the malpractice injury and demanded the ten-year-old medical records. Newman continued filing frivolous discovery motions despite Plaintiff providing multiple authorizations.

6.  Most significantly, Judges Bloom and Chen deliberately issued a baseless "discovery warning" solely to satisfy the procedural requirement to dismiss Plaintiff's meritorious complaint—thereby manufacturing a record for dismissal.

7.   Newman further harassed Plaintiff by demanding her deposition be taken overnight in Plaintiff's time zone. Plaintiff moved for protective relief, but Judges Bloom and Chen denied or ignored her motions, ultimately dismissing the complaint to favor Newman's firm HPMB. This dismissal unlawfully inflated Defendants' attorney's fees. Because these actions were unlawful, all subsequent proceedings are tainted and void.

**Subsequent Litigation and Retaliation**
*(Park v. Newman)*

8.    In a related matter, *Park v. Newman*, Judges Chen and Bloom intentionally arranged

for the case to be reassigned to themselves and imposed a discriminatory 5:00 p.m. ECF filing

restriction on Plaintiff alone, deviating from the standard 24-hour filing access granted to all other

litigants. They sua sponte denied Plaintiff's pre-motion request for summary judgment—supported

by documentary evidence of record—before opposition papers were even filed, and without

providing any reasoning. They likewise sua sponte denied Plaintiff's motion for recusal, ignored

multiple meritorious motions, and refused to correct a docketing error where Plaintiff's timely

appeal, filed with the mandatory $605 fee, was never entered on the docket. The motion to correct

was summarily denied. These procedural abuses, combined with the discriminatory filing

restrictions, deprived Plaintiff of impartial adjudication, procedural fairness, and meaningful court

access reflecting structural bias and predetermined hostility toward Plaintiff.

**Appeal to the Second Circuit (Judges Parker, Nathan, and Merriam)**

***The January 30, 2024 Referral and Public Dissemination***

9.    On appeal, Judges Parker, Nathan, and Merriam affirmed the dismissal without

Reviewing the record and sua sponte improperly imposed costs and attorney's fees without a Rule

38 motion or finding of frivolity, violating Federal Rule of Appellate Procedure 38.

10.    On January 30, 2024, the same panel issued a sua sponte disciplinary referral based

on a single AI-generated citation concerning a non-material minimum wage estimation in discovery, found in a reply brief, in violation of Federal Rule of Civil Procedure 11(d) and Rule 11(c)(3), and without any adversarial proceedings or show-cause order.

11.  The citation related to wage estimation for a plaintiff with no income history, a non-dispositive factual issue that was neither material to the appeal nor disputed by the parties. By acting without a live controversy or adversarial presentation on the issue, the panel exceeded its authority under Article III of the Constitution, which limits judicial power to actual "cases" or "controversies." The referral was thus procedurally improper and constitutionally invalid.

12. The referral was issued in direct violation of Federal Rule of Civil Procedure 11. Rule 11(d) expressly exempts discovery-related filings from sanction, and Rule 11(c)(3) requires the court to issue a show-cause order before imposing any sanction. No such order was ever issued, and no protective order or sealing was employed. The panel's failure to adhere to these procedural safeguards further rendered the referral unlawful.

13.  The Second Circuit judges published publicly the disciplinary referral  on PACER and to over 100 media outlets, in violation of Judiciary Law § 90(10) and analogous rules, which mandates confidentiality of attorney disciplinary matters until final adjudication, causing Plaintiff and her counsel reputational harm and "social death" worldwide.

14.  Plaintiff's counsel was then compelled to disclose the referral to her client and report the communication back to the court, an egregious breach of attorney-client privilege.

*__Failure to Review the Record; Post-Judgment Irregularities__*

15.   The merit panel failed to review the record materials establishing Plaintiff's

compliance with discovery, including a 351-page appendix submitted in support of the appeal,

Defendant's own non-compliance, Dr. Kim's malpractice admission, and defense counsel's false

statements (August 11, 2021, conference transcript).

16. The merit panel's disciplinary referral, issued without jurisdiction, violated Judiciary

Law § 90(10), Local Rule 46.2, and core due process safeguards. It lacked written notice or a fair

hearing, ignored exculpatory appellate records, and selectively targeted Plaintiff's counsel while

excusing comparable misconduct by defense counsel. Such an unlawfully initiated action is void

in its entirety. *See* Wong Sun v. United States, 371 U.S. 471, 488 (1963).

**Patterns of Misconducts by Clerk of Court Catherine O'Hagan Wolfe**

17.  On February 5, 2024, Plaintiff filed a motion to vacate the judgment. On February 14,

2024, Clerk Catherine O'Hagan Wolfe struck the motion from the docket without judicial review

or authority. Plaintiff subsequently filed motions on June 5 and August 14, 2024, requesting a

ruling on the vacatur motion, but those were also struck without any judicial order or signature or

reasoning.

18. On February 12, 2024, Plaintiff moved to stay the mandate, however, the Second

Circuit issued the mandate on February 23, 2024.

19. Despite having issued the mandate, the Second Circuit issued a disciplinary referral on July 23, 2024, well after its jurisdiction had ended, while Plaintiff had already filed a separate civil action against Hayley Newman on July 9, 2024.

20. On January 16, 2025, Plaintiff moved to recall the mandate. The motion was struck by the Clerk without judicial decision, citation, reasoning, or signature.

21. Plaintiff also filed motions on January 14 and March 25, 2025, to vacate the disciplinary referral. On March 26, 2025, the Clerk denied the motion as "lacking jurisdiction," even though the court had previously exercised jurisdiction to issue the July 2024 referral, revealing selective enforcement and bias.

22. All post-judgment motions were repeatedly struck or denied by Clerk Catherine O'Hagan Wolfe without judicial review, violating 28 U.S.C. § 46 (only judges may decide substantive motions).

23. On April 11 and May 1, 2024, costs and attorney's fees totaling $8,622.20 were taxed against Plaintiff without notice or a Rule 38 motion, and without a finding of frivolity.

### Subsequent Litigation and Retaliation
### (*Lee v. Delta*)

24. Defendant Catherine O'Hagan Wolfe ("Wolfe") was, at all relevant times, the Clerk of the United States Court of Appeals for the Second Circuit. In that position, Wolfe had both ministerial and administrative duties relating to docket management and the processing of court orders.

25. Wolfe knowingly and willfully signed and entered an order styled as a "disciplinary referral" against Plaintiff's counsel in *Lee v. Delta* even though no disciplinary action had been initiated by any judge, panel, or authorized body in that case.

26. Wolfe's actions exceeded the ministerial scope of a Clerk's authority and constituted an ultra vires exercise of judicial power, in violation of Article III and the court's own Local Rules.

27. **On May 13, 2025, Wolfe issued a defective Summary Order affirming judgment in Lee v. Delta without judicial signatures, violating FRAP 36(a)(2) T**he issuance and public docketing of the May 19, 2025 "disciplinary referral" — rather than treating it as confidential in accordance with New York Judiciary Law § 90(10) — was a discretionary and unauthorized act that caused immediate and foreseeable reputational harm. Multiple news outlets reported on the referral using language implying professional misconduct. **On August 18, 2025, Wolfe issued an invalid order denying Plaintiff's petition for rehearing en banc without judicial votes, violating FRAP 35(c) and 28 U.S.C. § 46(c). On August 20, 2025, Wolfe unlawfully taxed $222.20 in costs without Delta filing a bill of costs and before the mandate issued, violating FRAP 39(d) and 28 U.S.C. § 1920. On August 25, 2025, Wolfe prematurely issued the mandate.**

28. Wolfe's conduct was calculated to, and did, damage Plaintiff's professional reputation. Her actions were taken in retaliation for Plaintiff's protected First Amendment activity,

including filing appeals, motions, and lawsuits against federal judges and Wolfe herself.

29. Wolfe's conduct was not undertaken in a quasi-judicial capacity entitled to absolute immunity but was instead administrative and ministerial, involving discretionary acts wholly outside her lawful authority.

30. By the acts and omissions described above, Wolfe, acting under color of federal law, deprived Plaintiff of clearly established constitutional rights to due process and equal protection under the Fifth Amendment, actionable under *Bivens*.

31. Wolfe failed to recuse herself from matters involving Plaintiff's related cases and, acting without factual or legal basis, publicly issued and disseminated the disciplinary referral against Plaintiff's counsel in *Lee v. Delta*.

32. Wolfe's ultra vires conduct also constitutes abuse of process, as she misused court procedures for an improper collateral purpose—namely, to retaliate against Plaintiff and inflict reputational and professional harm.

33. The public dissemination of a non-final, non-existent disciplinary proceeding constitutes defamation per se under New York law because it imputes professional misconduct and unfitness to practice law.

34. As a direct and proximate result of Wolfe's conduct, Plaintiff and Plaintiff's counsel suffered concrete injury, including reputational damage, loss of professional opportunities, emotional distress, and impairment of their ability to fairly litigate pending and future cases.

**Committee on Admissions and Grievances Misconduct**

35. The Committee, chaired by David Coon and Terrence M. Connors, acted without jurisdiction to proceed with the disciplinary referral, and violated rules for multiple reasons:

(1) Under Article III of the Constitution, the Second Circuit had no authority to issue a referral based on an AI-generated citation that was neither disputed by the parties nor material to

the appeal. The January 30, 2024 sua sponte referral was therefore beyond the scope of any live "case or controversy."

(2) The citation appeared in a reply brief addressing discovery-related issues, which are explicitly exempt from sanctions under Federal Rule of Civil Procedure 11(d).

(3) Additionally, no show-cause order was issued as required by Rule 11(c)(3), and there was no finding of bad faith or fraudulent intent.

(4) The referral was improperly issued on July 23, 2024, five months after the mandate had issued on February 23, 2024, at which point the court no longer had jurisdiction over the matter. These procedural and constitutional defects rendered the entire disciplinary process ultra vires and invalid.

(5) On December 27, 2024, Plaintiff sued Judges Parker, Nathan, and Merriam. Three days later, the Committee issued a hearing notice, strongly suggesting retaliatory conduct.

36. The Committee's investigation report exceeded its jurisdiction by expanding the Inquiry far beyond the AI-generated citation and violating confidentiality. It improperly scrutinized Plaintiff's entire litigation history and treated administrative delays as if they constituted professional misconduct.

37. On December 30, 2024, the Committee transmitted confidential notices and its investigation report via unsecured email, in violation of confidentiality obligations under Local Rule 46.2.

38. The Second Circuit provides no appellate process for reviewing the Committee's

actions, leaving Plaintiff without any neutral impartial forum for appeal, in clear violation of due

process protections.

39. The Committee's authority is derived exclusively from Second Circuit Local Rule 46.2,

which permits investigations into alleged attorney misconduct only where there is a violation of

the New York Rules of Professional Conduct.

40. Critically, those rules contain no provisions regulating the use of artificial intelligence

in legal practice, and at no point was there a finding of bad faith or fraudulent intent on the part of

Plaintiff's counsel.

41. Nevertheless, the Committee refused to dismiss the referral and instead expanded its

inquiry well beyond the bounds of the original citation. The investigation encompassed unrelated

court filings, minor administrative delays attributable to court staff, and inconsequential procedural

incidents that bore no relation to the appellate record or to the AI-generated citation at issue.

51. This expanded scope of review exceeded the Committee's jurisdiction and contravened

the procedural boundaries imposed by Local Rule 46.2, rendering the process ultra vires and

legally baseless.

52. Plaintiff's counsel submitted multiple requests urging the Committee to dismiss the

disciplinary referral on both jurisdictional and procedural grounds, including:

(1) The lack of jurisdiction following issuance of the mandate on February 23, 2024;

(2) Rule 11(d)'s express exemption for discovery-related filings;

(3) The absence of any finding of bad faith or intent to mislead, including failure to meet the burden of proof, as a finding of misconduct must be supported by clear and convincing evidence under Local Rule 46.2(b)(2)(G) and 46.2(b)(2)(A);

(4) The failure to issue a show-cause order as required by Rule 11(c)(3);

(5) The improper and unsecured transmission of confidential notices and reports, including April 13, 2025 investigation report, via email, in violation of Local Rule 46.2;

(6) The Committee's ultra vires expansion of the investigation beyond the original scope of the referral;

(7) The absence of any governing rule or ethical provision regulating AI-generated content under the New York Rules of Professional Conduct.

(8) The Committee did not issue its notice of hearing until December 30, 2024, nearly a year later and only three days after Plaintiff filed a civil complaint against the referring judges in *Park v. Parker, et al*. The timing raises serious concerns about retaliation and lack of neutrality.

(9) The unreasonable delay of over 20 months, despite Plaintiff's repeated requests to dismiss the unlawful referral, in violation of Local Rule 46.2(b)(5)

(10) That the disciplinary referral by the merit panel was the product of an unlawfully initiated proceeding—without jurisdiction, in violation of Judiciary Law § 90(10) and Local Rule 46.2, and in breach of due process requirements by failing to provide written notice of charges, denying any fair hearing, depriving Plaintiff's counsel of the right to practice, failing to review the appealed record demonstrating compliance with discovery orders, and ignoring defense counsel Hayley Newman's misconduct. Because the initial action was unlawful, all subsequent proceedings were constitutionally tainted and void.

(11) Defendants David Coon and Terrence M. Connors have not been recused themselves on the disciplinary matter  as defendants in this matter.

53. Despite these detailed and well-founded objections, the Committee persisted in proceeding with the disciplinary action, further violating due process and compounding the reputational, professional, and procedural harm inflicted upon Plaintiff's counsel.

### OPENAI, INC.

54. Upon information and belief, GPT-3.5, the large language model at issue in this case, was developed by OpenAI, Inc. ("OpenAI") and trained on a broad corpus of internet-based and publicly available textual materials through September 2021. It was publicly released in or about November 2022.

55. In its 2019 formal comment to the United States Patent and Trademark Office, OpenAI expressly acknowledged both the capabilities and the inherent risks of generative AI systems, stating:

> "By analyzing large corpora... AI systems can learn patterns inherent in human-generated data and then use those patterns to synthesize similar data which yield increasingly compelling novel media in modalities as diverse as text, image, and audio."
> "We are acutely aware of both the promises and perils of issues related to generative AI systems."
> – OpenAI, Comment Regarding Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation, Docket No. PTO–C–2019–0038

56. Upon information and belief, despite being aware of these risks, OpenAI failed to disclose to downstream users—including legal professionals—the phenomenon of "hallucinated outputs," i.e., GPT-3.5's tendency to generate plausible-sounding but fictitious legal citations. OpenAI did not designate the model as experimental, nor did it caution against its use in legal or regulatory contexts.

57. OpenAI further acknowledged in its public filings that:

"Legal uncertainty on the copyright implications of training AI systems imposes substantial costs on AI developers and so should be authoritatively resolved."

58. At the time of GPT-3.5's public release in November 2022, and based on its prior public statements, OpenAI had actual and constructive knowledge of the risks associated with the model generating fictitious legal citations. Upon information and belief, despite this knowledge, OpenAI failed to take remedial measures—such as implementing technical safeguards, issuing explicit warnings, or restricting use in legal contexts—to ensure product reliability and to prevent foreseeable misuse by legal practitioners.

## V. CLAIMS FOR RELIEF

**COUNT I**
**VIOLATION OF DUE PROCESS AND STRUCTURAL BIAS (BIVENS CLAIM)**
**(Against JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, SARAH A. L. MERRIAM, PAMELA K. CHEN, LOIS BLOOM, and CATHERINE O'HAGAN WOLFE, in their INDIVIDUAL CAPACITIES)**

~~DEFENDANTS JUDGES BARRINGTON D. PARKER, ALISON J. NATHAN, AND SARAH A. L. MERRIAM~~

~~Plaintiffs reiterate and incorporate all prior allegations and arguments with the same~~

~~force and effect under each respective claim as though fully stated herein.~~

59.   Plaintiff realleges and incorporates by reference all prior allegations arguments set forth in Paragraphs 1 through 58 as if fully set forth herein.

60. Defendants, acting under color of federal law, deprived Plaintiff of her constitutional right to due process under the Fifth Amendment.

**Systematic Judicial Bias and Discrimination**

61. Judge Pamela K. Chen and Magistrate Judge Lois Bloom compelled irrelevant and overbroad discovery based solely on defense counsel's false representations and dismissed Plaintiff's case without reviewing evidence of compliance, thus arbitrarily depriving Plaintiff of a fair adjudication.

62. These Defendants exhibited structural and procedural bias against Plaintiff, including issuing sua sponte denials of all Plaintiff's substantive relief motions without opposition or reasoning, denying motions for sanctions against defense counsel for false statements, imposing discriminatory filing deadlines. Their conduct denied Plaintiff equal protection and due process.

**Violation of Rules 11 & 38**

63. The Second Circuit panel, composed of Judges Barrington D. Parker, II, and Sarah A.
    L.
Merriam, affirmed the dismissal without reviewing the record, imposed attorney's fees without a Rule 38 motion or a finding of frivolity, and issued a sua sponte disciplinary referral  without

jurisdiction, without a Rule 11(c)(3) show-cause order, and without an adversarial hearing, procedural safeguard, or jurisdiction under Article III. The referral was issued in violation of due process protections under the Fifth Amendment and exceeded the Court's constitutional authority.

### Breach of Confidentiality and Defamation Per Se

64. The Second Circuit judges and  Catherine O'Hagan Wolfe violated Judiciary Law § 90(10) by publicly disseminating the disciplinary referral through PACER and media outlets. The public dissemination of an unadjudicated disciplinary referral constitutes defamation per se and caused irreparable reputational harm to Plaintiff and her counsel.

### Breach of Attorney-Client Privilege

65.  The Second Circuit judges breached Attorney-Client Privilege, by ordering Plaintiff's counsel to disclose the disciplinary referral to her client and report the communication back to the Court, thereby breaching protected attorney-client privilege in violation of the Fifth Amendment and the ethical duties of confidentiality.

### Misuse of Clerk's Authority and Retaliation

66.  Defendant Catherine O'Hagan Wolfe, in her individual capacity, acted outside the scope

of her lawful authority by striking and denying Plaintiff's post-judgment motions without judicial review, publicly docketing non-existent disciplinary referrals, and disseminating confidential disciplinary matters in retaliation for Plaintiff's protected activities.

67. The above actions demonstrate structural bias and a concerted effort to suppress

Plaintiff's claims by misusing judicial and administrative discretion and bypassing procedural

norms.

68. Defendants acted willfully, knowingly, and with reckless disregard for Plaintiff's

constitutional rights, thereby subjecting Plaintiff to ongoing harm.

**Judicial Immunity Exception**

69. Actions fall outside judicial immunity: publicizing referral and acting without

jurisdiction.

~~Count I: Due Process Violations and Judicial Overreach~~

~~11. Issued disciplinary referral without jurisdiction, notice, or hearing in violation of Rule~~

~~11(c)(3) and Rule 11(d). Moreover, the Second Circuit panel was not designated as a Grievance Panel under Local Rule 46.2(b)(2), rendering the referral unauthorized and void. The Second Circuit judges failed to review the record, and to render appealable orders, including the post-judgment motions without judicial reasoning or signature, including denial of the February 5, 2024 motion to vacate.~~ **COUNT II
UNLAWFUL STRIKING OF MOTIONS, IMPOSITION OF SANCTIONS, AND
EXCEEDING CLERICAL AUTHORITY, AND DENIAL OF ACCESS TO COURTS &
SYSTEMIC RETALIATION
(AGAINST CATHERINE O'HAGAN WOLFE )**

70. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs

through 69 as if fully set forth herein.

71. Defendant Catherine O'Hagan Wolfe, Clerk of the Court for the U.S. Court of Appeals

for the Second Circuit, exceeded her lawful authority by unilaterally striking, denying, or removing

Plaintiff's post-judgment motions without judicial review or signature, and by issuing and publicly

docketing unauthorized disciplinary referrals.

72. These actions included:

(1)  Plaintiff's motion to vacate judgment (filed February 5, 2024), motions to render a

decision (filed June 5 and August 14, 2024), motion to recall the mandate (filed January 16, 2025),

and motions to vacate the disciplinary referral (filed January 14 and March 25, 2025).

(2) Issuing and publicly docketing an unauthorized "disciplinary referral" in *Lee v. Delta*

on May 19, 2025 despite no disciplinary matter existing in that case, without jurisdiction, notice,

or adherence to confidentiality protections under Judiciary Law § 90(10) and Local Rule 46.2.

73. Defendant Wolfe's actions violated 28 U.S.C. § 46, which mandates that decisions on

substantive motions be made by judges, and contravened the confidentiality and procedural

safeguards governing attorney discipline.

74. Additionally, Defendant Wolfe imposed appellate costs and attorney's fees against

Plaintiff totaling $8,622.20 on April 11 and May 1, 2024, without any Rule 38 motion or judicial

finding of frivolity as required under Federal Rule of Appellate Procedure 38.

75. The unauthorized imposition of sanctions, removal of motions, and initiation and

27

publication of the May 19, 2025 non-existent  disciplinary referral, **violating Second Circuit Local Rule 46.2(a) and Judiciary Law § 90(10),** deprived Plaintiff of her constitutional right to access the courts and constituted a usurpation of judicial authority in violation of Article III. **On May 13, 2025, Wolfe issued a defective Summary Order affirming judgment in Lee v. Delta without judicial signatures, violating FRAP 36(a)(2). On August 18, 2025, Wolfe issued an invalid order denying Plaintiff's petition for rehearing en banc without judicial votes. On August 20, 2025, Wolfe unlawfully taxed $222.20 in costs without Delta filing a bill of costs and before the mandate issued**

76. These acts caused substantial harm, including procedural prejudice, deprivation of appellate rights, defamatory and reputational injury, and emotional distress, and were undertaken without legal justification or due process. **Defendant Wolfe's repeated ultra vires actions across multiple Second Circuit appeals constitute a coordinated effort to obstruct Plaintiff's constitutional rights to appellate review and meaningful access to the courts. These acts violated Plaintiff's rights under the First and Fifth Amendments.**

~~Count II: Defamation and Breach of Confidentiality~~

~~12. Referral was unlawfully disseminated to the public and reported by over 100 media outlets.~~

~~13. Violated Judiciary Law § 90(10) and Local Rule 46.2, resulting in defamation per se and reputational harm.~~

## COUNT III
## ULTRA VIRES AND RETALIATORY DISCIPLINARY ACTION
## (AGAINST THE COMMITTEE ON ADMISSIONS AND GRIEVANCES AND ITS
## AGENTS, INCLUDING DAVID COON AND TERRENCE M. CONNORS)

77. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs

1 through 76 as if fully set forth herein.

78. The Committee on Admissions and Grievances lacked jurisdiction to proceed with the

disciplinary referral due to the following procedural and constitutional defects:

(1)  The citation at issue appeared in a reply brief related to discovery, which is exempt

from sanction under Federal Rule of Civil Procedure 11(d);

(2) No show-cause order was issued as required by Rule 11(c)(3);

(3) The January 30, 2024 referral was issued sua sponte without adversarial briefing or

party dispute;

(4) The July 23, 2024 referral was issued after the mandate had issued on February 23,

2024, depriving the Second Circuit of jurisdiction.

79. On December 27, 2024, Plaintiff filed suit against the referring judges. Three days later,

the Committee issued a hearing notice, indicating retaliatory motive.

80. The Committee expanded the scope of its investigation far beyond the original referral,

reviewing unrelated filings, administrative delays caused by court personnel, and inconsequential procedural issues wholly unrelated to the AI-generated citation.

81. The Committee transmitted notices and its investigation report via unsecured email, violating Local Rule 46.2's confidentiality requirement.

82. Plaintiff was denied any neutral forum to appeal or challenge the Committee's ongoing actions, thereby violating her constitutional right to due process.

83. The Committee's continuing proceedings without jurisdiction, and its retaliatory conduct following Plaintiff's lawsuit, constitute ultra vires and unlawful disciplinary action lacking any legal or factual basis and have caused Plaintiff substantial harm, including emotional distress, defamatory and reputational injury, loss of professional opportunities, litigation expenses, and other consequential damages.

Count III: Breach of Attorney-Client Privilege

    14. Compelled disclosure of the referral to Plaintiff's client and public.

Count IV: Judicial Immunity Exception

    15. Actions fall outside judicial immunity: publicizing referral and acting without jurisdiction.

DEFENDANTS JUDGE PAMELA K. CHEN AND MAGISTRATE JUDGE LOIS BLOOM

    16. Prior allegations are reiterated herein with the same force and effect.

## Count V: Systematic Judicial Bias and Misconduct

17. Repeated denial of Plaintiff's motions, refusal to recuse, and procedural favoritism toward Defendants.

## DEFENDANT CATHERINE O'HAGAN WOLFE

18. Prior allegations are reiterated herein with the same force and effect.

## Count VI: Violation of Procedural Due Process

19. Refused to docket valid motions; deprived Plaintiff of judicial review.

## DEFENDANTS DAVID COON AND TERRENCE M. CONNORS

20. Prior allegations are reiterated herein with the same force and effect.

## Count VII: Lack of Jurisdiction and Retaliatory Action

21. Initiated disciplinary proceedings based on unlawful referral.

22. Issued hearing notice only after lawsuits filed, nearly one year later.

## Count VIII: Unlawful Disciplinary Process

23. Proceeded without legal foundation; no fair appeal available.

## DEFENDANT OPENAI, INC.

24. Prior allegations are reiterated herein with the same force and effect.

## Count IX: Negligence and Misrepresentation

25. Failed to implement safeguards for AI hallucinations; contributed to misuse in legal filings.

~~Count X: Violation of Second Circuit Local Rule 46.2 by the Panel and Committee~~

~~26. Plaintiff realleges and incorporates all preceding paragraphs.~~

~~27. The Second Circuit panel (Judges Parker, Nathan, and Merriam) violated Local Rule 46.2 by issuing a disciplinary referral without convening as a formally designated Grievance Panel under Rule 46.2(a). The referral was issued in a published opinion without any order to show cause under Rule 11(c)(3), and it arose from a discovery-related filing exempt under Rule 11(d).~~

~~28. The panel unlawfully publicized the referral, triggering global media coverage, in violation of Judiciary Law § 90(10) and Local Rule 46.2(6), causing irreparable harm to Plaintiff and her counsel.~~

~~29. The Committee on Admissions and Grievances also violated Local Rule 46.2 by accepting an invalid referral not made by a Grievance Panel under Rule 46.2(b)(2)(A).~~

~~30. The Committee failed to serve a proper notice of charges or an order to show cause as required by Rule 46.2(3)(B), instead issuing vague hearing notices by email rather than personal or certified/registered mail as required.~~

~~31. These procedural defects and jurisdictional violations deprived Plaintiff of fair notice, an opportunity to be heard, and any impartial appellate process as required by due process and the standards set forth in In *re Ruffalo*, 390 U.S. 544 (1968).~~

## COUNT IV. OPENAI, INC.

84. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 83 as if fully set forth herein.

### Negligence – Failure to Warn
*(Restatement (Second) of Torts §§ 388, 324A)*

85. Upon information and belief, at the time of GPT-3.5's public release in November 2022, OpenAI owed a duty of reasonable care in the design, testing, and distribution of the product. This duty included an obligation to warn foreseeable users, especially legal professionals, of the model's known limitations, including its tendency to generate false legal citations.

86. OpenAI breached this duty by failing to provide adequate warnings, disclaimers, usage restrictions, or accuracy checks, despite knowing that GPT-3.5 outputs could and would be relied upon in sensitive professional contexts.

87. Plaintiff and Plaintiff's counsel were foreseeably harmed by GPT-3.5's output. As a direct result of relying on a fabricated citation generated by GPT-3.5 in a reply brief, Plaintiff's counsel was subject to a sua sponte disciplinary referral, resulting in reputational damage, emotional distress, and professional harm.

88. The causal connection between OpenAI's failure to warn and Plaintiff's injury is clear. Had adequate warnings or disclaimers accompanied GPT-3.5, counsel would not have relied on its output in legal filings. The lack of any such notice directly led to the inclusion of the hallucinated citation, which in turn became the basis for the disciplinary action.

89. Plaintiff's injuries include reputational damage, loss of professional standing, litigation expenses related to disciplinary proceedings, and emotional and psychological harm. These injuries were proximately caused by OpenAI's failure to warn of known and foreseeable risks.

90. OpenAI's omissions constitute actionable negligence under established principles of

tort law and product liability doctrine. Similar to failures to warn in the context of pharmaceuticals, consumer products, and software, OpenAI's conduct justifies liability for the harm caused by unmarked professional dangers.

### Strict Product Liability – Design Defect and Failure to Warn
*(Restatement (Third) of Torts: Products Liability § 2)*

91. Upon information and belief, GPT-3.5 is a commercial product released into the stream of commerce for general use, including in writing, research, and professional applications such as legal drafting.

92. The model's known propensity to fabricate legal content constitutes a design defect. Upon information and belief, OpenAI did not incorporate adequate safeguards, such as citation verification, reliability disclaimers, or model warnings, and failed to prevent foreseeable misuse in legal contexts.

93. OpenAI is strictly liable under product liability law because:

The product was defective when it left OpenAI's control; It was used in a reasonably foreseeable manner (e.g., by an attorney conducting legal research); The product's unverified and misleading outputs directly caused injury to Plaintiff and Plaintiff's counsel.

94. The lack of any safety mechanisms, fail-safes, or user alerts rendered the product

unreasonably dangerous, particularly in high-stakes legal and regulatory settings. No ordinary user would expect GPT-3.5 to generate fictitious case law without any indication of unreliability.

95. The injuries sustained by Plaintiff and her counsel—disciplinary proceedings,

reputational harm, and litigation-related emotional and economic injuries—were all proximately

caused by the defective nature of GPT-3.5.

### **Breach of Implied Warranty of Merchantability**
*(U.C.C. § 2-314; N.Y. U.C.C. § 2-314)*

96. OpenAI marketed GPT-3.5 as a reliable commercial tool suitable for writing assistance,

research support, and professional use, thereby warranting its fitness for ordinary purposes.

97. Upon information and belief, a core function of GPT-3.5—text generation—was

defective. The model regularly produced fictitious legal citations without indicating that the

content was unreliable or synthetically generated.

98. This failure violated the implied warranty of merchantability. The product was not fit

for its ordinary purpose—namely, generating reliable written content for professional use.

99. Plaintiff's damages—including the disciplinary referral, reputational harm, litigation

costs, disruption to professional standing, and ongoing emotional and psychological injury—were

a direct and foreseeable result of reliance on a product that was not fit for its advertised or expected

purpose.

100.    OpenAI is liable under warranty law because it failed to ensure that GPT-3.5 would

perform as reasonably expected in commercial and professional contexts, or to disclaim

such expectations explicitly.

### **COUNT V – DECLARATORY RELIEF (AGAINST ALL DEFENDANTS)**

101.    Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 100 as if fully set forth herein.

102.    An actual controversy exists as to the lawfulness, constitutionality, and jurisdictional validity of the disciplinary referral issued on January 30, 2024, and re-issued or extended on July 23, 2024, and issued again on May 19, 2025.

103.    Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that:

• Each disciplinary referral was issued without jurisdiction;

• Each violated due process under the Constitution;

• Each contravened Federal Rule of Civil Procedure 11 and Local Rule 46.2;

• Each constituted an ultra vires act without legal authority and is void ab initio.

**COUNT VI – INJUNCTIVE RELIEF (AGAINST ALL DEFENDANTS)**

104.    Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 103 as if fully set forth herein.

105.    Plaintiff is suffering and will continue to suffer irreparable harm due to the publication, dissemination, and enforcement of the unlawful disciplinary referrals.

106.    Plaintiff lacks an adequate remedy at law because no appellate forum exists for reviewing the Committee's ongoing actions.

107.    Pursuant to 28 U.S.C. § 2202 and general equitable powers, Plaintiff seeks:

• An order enjoining the enforcement or publication of the disciplinary referrals dated January 30, 2024, July 23, 2024, and May 19, 2025;

• An order enjoining any further disciplinary proceedings stemming from the citation at issue;

- An order directing that all non-final disciplinary referrals, docket entries, and related materials associated with the above referrals be sealed or removed from public access, and that the referrals be formally vacated as unlawful;

- Any other equitable relief deemed just and proper.

## VII . PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendants, and award the following relief:

1. Compensatory damages for emotional distress, defamatory and reputational injury, litigation costs, and professional injury in an amount to be determined at trial;

2. Punitive damages against individual defendants for conduct that was willful, malicious, or in reckless disregard of Plaintiff's constitutional and statutory rights;

3. Declaratory judgment that the January 30, July 23, 2024, and May 19, 2025 disciplinary referrals were each unconstitutional, void ab initio, and issued without lawful jurisdiction;

4. Vacate Wolfe's unlawful actions in Lee v. Delta, including the May 13, 2025 Summary Order, May 19, 2025 Disciplinary Referral, August 18, 2025 En Banc Denial, August 20, 2025 Costs Order, and August 25, 2025 Mandate.

5. Expunge unauthorized disciplinary referrals from the public docket.

6.  Injunctive relief enjoining enforcement, publication, or continued prosecution of the disciplinary referrals;

7.  A declaration and order directing that all non-final disciplinary referrals, docket entries, and related materials associated with the above referrals be sealed or removed from public access, and that the referrals be formally vacated as unlawful;

8.  Sanctions against federal officers, removing all their official positions;

9.  Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, and/or the Court's inherent equitable authority;

10. Pre-judgment and post-judgment interest as allowed by law;

11. Any such other and further relief as the Court deems just, proper, and equitable.

.

1.  Declare the disciplinary referral and subsequent proceedings unlawful and void;

2.  Enjoin the continued dissemination or reliance on the referral by Defendants or third parties;

3.  Enjoin the Committee from proceeding with the April 14, 2025 hearing;

4.  Award compensatory and punitive damages against each Defendant in their respective capacities;

5.  Award treble damages where permitted by law;

6.  Award attorneys' fees and costs; and

7.  Grant such other and further relief as this Court deems just and proper.

Dated: March 31Dated: August 26, 2025
        Uniondale, New York


                                        JSLLAW OFFICE P.C.

                                        _____/s/ Jae S. Lee_____
                                            JAE S. LEE
                                          626 RXR PLAZA
                                        UNIONDALE, NY 11556