UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINHYE PARK, | |
| Plaintiff, | |
| v. | 25-CV-00789 (MAB) (SDA) |
| | ORDER |
| HON. BARRINGTON D. PARKER, ET AL., | |
| Defendants. | |

MARK A. BARNETT, United States Judge:[1]

Before the court is Plaintiff's motion to strike the appearance of counsel for Federal Defendants,[2] to strike certain filings,[3] and for default judgment.  ECF No. 89.  On August 19, 2025, Federal Defendants filed their opposition to the motion.  ECF No. 101. Pursuant to Local Civil Rule 6.1(b), Plaintiff had until August 26, 2025, to file a reply. None was filed.  The court denies the motion.

Plaintiff first argues that the appearance by AUSA Salk violates 28 C.F.R. §§ 50.15 and 50.16 because Plaintiff sued certain Federal Defendants in their individual

---

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.

[2] So called in reference to all named defendants except OpenAI, Inc.  The Federal Defendants are represented by Assistant U.S. Attorney ("AUSA") Rebecca Salk from the U.S. Attorney's Office for the Southern District of New York.  ECF No. 83.

[3] In various places, Plaintiff refers to the appearance of counsel at ECF No. 87, and to filings she wants stricken as ECF Nos. 88 and 89, or as ECF Nos. 86 and 87.  *See* ECF No. 89 at 1, 5, 6.  Plaintiff appears to intend to refer to the Notice of Appearance at ECF No. 83, and to motions filed as ECF Nos. 84 and 85.  Those filings consist of a motion for the court to set a deadline for Federal Defendants to respond to Plaintiff's motion for a preliminary injunction, and a motion to set a deadline for Plaintiff to refile her motion for leave to file a second amended complaint.  Those motions were granted at ECF Nos. 86 and 87.

capacities and AUSA Salk has not filed "any Department of Justice scope-of-employment certification" or "obtain[ed] Court authorization."  ECF No. 89 at 4.  Plaintiff asserts that these actions "are prerequisites for the United States to substitute itself or extend representation to individual-capacity defendants."  *Id.* at 5 (citing *Osborn v. Haley*, 549 U.S. 225, 242–43 (2007)).  Plaintiff bases these arguments on a May 23, 2025, email from AUSA Salk to counsel for Plaintiff that, according to Plaintiff, "expressly confirm[ed] that she represented the Defendants only in their official capacities."  *Id.* at 4, Ex. A (copy of email).

As an initial matter, Plaintiff does not accurately characterize the May 23, 2025, email.[4]  Therein, AUSA Salk stated that her "Office represents Catherine O'Hagan Wolfe, David Coon, and Terrence M. Connors, in their official capacities."  *Id.*, Ex. A. She further stated that with respect to Plaintiff's claims against certain federal judges in their individual capacities, while her "Office does not *yet* have authority to represent" the judges, "[r]epresentation requests are in the process of being submitted."  *Id.* (emphasis added).  The notice of appearance was filed roughly two months after the May 23, 2025, email, and thus "after the Department of Justice had approved the representation requests for the named federal judges."  ECF No. 101 at 1.  Further, 28 C.F.R. § 50.15

---

[4] Plaintiff's counsel made a similar declaration under penalty of perjury.  ECF No. 89 at 7 (Decl. of Jae S. Lee ¶ 1 ("On May 23, 2025, I received an email from Assistant United States Attorney Rebecca L. Salk expressly confirming that her representation of Defendants was limited to their official capacities.")).  But as noted in the email, Plaintiff asserted claims against certain federal judges only in their individual capacities, and that although AUSA Salk's "Office does not *yet* have authority to represent them," efforts to secure representation were clearly in progress.  *Id.*, Ex. A (emphasis added).

does not require counsel to file proof of an approved representation.  The regulation

merely governs the procedures for federal officials to obtain representation with respect

to individual-capacity claims.  28 C.F.R. § 50.15(a).[5]

Plaintiff next asserts that Federal Defendants' July 25, 2025, filings "were untimely

and unauthorized."  ECF No. 89 at 5.  To the extent Plaintiff's argument is not moot

based on the court's granting of the relief requested therein, the filings were not

unauthorized for the reasons discussed above.  The filings were also not untimely.

Plaintiff asserts that the court ordered Federal Defendants to file an answer or

responsive pleading by July 21, 2025.  *Id.* at 5 (citing Ex. C).  Plaintiff again misstates the

facts.  Plaintiff requested to adjourn a June 13, 2025, status conference based, in part,

on *Plaintiff's view* that an answer was due by July 21, 2025.  *Id.*, Ex. B.  The court

granted the request to adjourn and further noted that "[t]he Court will schedule a

conference, as needed, once counsel for Defendants has appeared."  The court went no

further than that.[6]

---

[5] 28 C.F.R. § 50.16 governs representation of federal officials by private counsel at
federal expense and is inapplicable here.  *Osborn* is also inapposite.  That case
addresses "[t]he Federal Employees Liability Reform and Tort Compensation Act of
1988, commonly known as the Westfall Act," which "accords federal employees absolute
immunity from common-law tort claims arising out of acts they undertake in the course of
their official duties."  *Osborn*, 549 U.S. at 229.  The Westfall Act permits the Attorney
General to certify that claims made against an official in their individual capacity relate to
conduct "within the scope of his [or her] office or employment" and to substitute the
United States as defendant in the action.  28 U.S.C. § 2679(d)(1).  The Westfall Act does
not require certification or substitution in every case in which federal officials secure
government representation.
[6] Federal Defendants assert that "none of the Federal Defendants have been served with
Plaintiff's initial complaint or the First Amended Complaint," but that they intend to waive

Court No. 25-cv-00789                                                      Page 4

Lastly, Plaintiff asserts that default judgment pursuant to Federal Rule of Civil Procedure 55(a) is merited based on "a failure to respond within the time prescribed by the rules or by court order."  *Id.* at 5.  Relatedly, Plaintiff argues that "service was proper and any objection has been waived" because such objection was not included in Federal Defendants "first responsive filing."  *Id.* at 6.  Plaintiff is incorrect.  Sufficiency of service is disputed, ECF No. 101 at 2 n.3, and the court intends to set a briefing schedule for Federal Defendants' anticipated motion to dismiss once preliminary matters, such as this, are addressed.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's motion to strike appearance, to strike filings, and for default judgment (ECF No. 89) is **DENIED**.

/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge
U.S. Court of International Trade
(sitting by designation)

Dated: August 29, 2025
        New York, New York

---

service and seek dismissal.  ECF No. 101 at 2 n.3.  Federal Defendants have proposed a briefing schedule for that motion, which remains pending.  ECF No. 95.