**JSL Law Offices, P.C.**
**626 RXR PLAZA, Uniondale, NY 1156**
Tel: (718) 461-8000
Fax: (866) 449-8003

_____

August 29, 2025

Honorable Stewart D. Aaron
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Park v. Parker, et al. Case No. 1:25-cv-00789-MAB-SDA**
**Plaintiff's Second Renewed Letter Motion to Seal Pursuant to ECF No. 104**

Dear Judge Aaron:

Pursuant to the Court's August 22, 2025 Order (ECF No. 104), Plaintiff Minhye Park respectfully submits this Second Renewed Letter Motion for Leave to File Under Seal pursuant to Fed. R. Civ. P. 5.2(d), S.D.N.Y. Local Civil Rule 79.3, Second Circuit Local Rule 46.2, and N.Y. Judiciary Law § 90(10).

This motion seeks to seal specific documents containing confidential attorney disciplinary referrals, Committee on Admissions and Grievances (CAG) investigative reports, and related correspondence. Although some of these materials were previously made publicly available, they were either unlawfully publicized or improperly left unsecured, and their disclosure continues to cause ongoing reputational harm. Because these records remain confidential by law and no final disciplinary determination has been entered, sealing remains necessary and appropriate.

I. Basis for Sealing

*A. Statutory and Rule-Based Protections*

Second Circuit Local Rule 46.2 and N.Y. Judiciary Law § 90(10) require that all attorney disciplinary referrals, investigative reports, and related CAG correspondence remain confidential unless and until a final order of discipline is entered.

The three referrals at issue remain non-final and protected:

1. January 30, 2024 referral in *Park v. Kim*;
2. July 23, 2024 referral;
3. May 19, 2025 referral in *Lee v. Delta*, fabricated by Clerk Catherine O'Hagan Wolfe without judicial authorization and without any valid pending disciplinary action**,** in violation of Rule 46.2 and § 90(10).

*B. Unlawful Publication and Continuing Harm*

The May 19, 2025 referral was made up by Clerk Wolfe without any judicial authorization or authority and was **unlawfully publicized** on the docket. Its dissemination on unsecured court records and widespread republication by more than 100 media outlets have caused significant reputational and professional harm.

Similarly, the January 30, 2024 and July 23, 2024 referrals were improperly disclosed before any adjudication and remain confidential by statute despite being publicized. Under *Firth v. State*, 98 N.Y.2d 365 (2002), each republication constitutes a new harm, and sealing these documents is necessary to prevent further injury.

*C. Non-Waiver of Confidentiality*

Although Plaintiff previously filed some exhibits publicly to preserve the record, statutory confidentiality under Rule 46.2 and § 90(10) cannot be waived until a final disciplinary order is entered. Moreover, where materials were unlawfully publicized **or** left unsecured on public dockets, sealing remains appropriate to protect Plaintiff from further prejudice.

II. Requested Relief

Plaintiff respectfully requests leave to:

1. File under seal the following exhibits containing non-final referrals and CAG investigative materials that were either unlawfully publicized or improperly left unsecured:
   ECF Nos. 32-1, 32-2, 32-3, 32-4, 32-5, 32-6, 32-7, 32-8, 32-9, 32-10, 71-1, 71-6, 71-7, and 71-8.
2. Permit all remaining exhibits to remain publicly available.
3. Confirm that the premature publication of the January 30, 2024, July 23, 2024, and May 19, 2025 referrals does not waive statutory confidentiality protections.

Dated: August 29, 2025
      Uniondale, New York

                                  Respectfully submitted,

                                    */s/ Jae S. Lee*
                                    Jae S. Lee

                                JSL LAW OFFICES, P.C.