UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Minhye Park,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>Barrington D. Parker et al.,<br><br>　　　　　　　　　　Defendants. | 1:25-cv-00789 (MAB) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion for leave to file a Second Amended Complaint ("SAC"), pursuant to Federal Rule of Civil Procedure 15(a)(2), and for an Order deeming the SAC filed and served as of the date of the Court's Order. (Mot. to Amend, ECF No. 111.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the "court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant or deny leave to amend lies within the sound discretion of the district court." *Iglesias v. HRA Pharma Am., Inc.*, No. 22-CV-08398 (JHR), 2023 WL 5277424, at *1 (S.D.N.Y. Aug. 16, 2023). The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York,* 210 F.3d 79, 87 (2d Cir. 2000). "[L]eave to amend may be denied on the basis of futility when it is 'beyond doubt that the plaintiff can prove no set of facts in support of his amended claims.'" *Brous v. Eligo Energy, LLC,* No. 24-CV-01260 (ER), 2025 WL 2643987, at *6 (S.D.N.Y. Sept. 12, 2025) (quoting *Pangburn v. Culberston*, 200 F.3d 65, 71 (2d Cir. 1999)); *see also*

*Leo v. Siemens Medical Solutions USA, Inc.*, No. 25-CV-00415 (JGLC), 2025 WL 1591891, at *2 (S.D.N.Y June 5, 2025) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss."). "Motions to amend are nondispositive that can be addressed by magistrate judges by Orders." *Cruz v. Loc. 32BJ*, 762 F. Supp. 3d 286, 288-89 (S.D.N.Y. 2025) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007)).

Plaintiff's proposed amendments include adding factual allegations and claims, including adding claims against Catherine O'Hagan Wolfe ("Wolfe") in her individual capacity. (*See* Lee Aff., ECF No. 112; Proposed SAC, ECF No. 112-1.) Although there has been some delay in Plaintiff's filing of her motion due to repeated filing errors, the Court does not find excessive delay or prejudice to Defendants. Defendant Open AI, Inc. ("OpenAI") has not appeared in this action. The remaining defendants (collectively, the "Federal Defendants") do not oppose Plaintiff's motion as to them. (*See* Fed. Defs.' Mem. Opp., ECF No. 114, at 3 n.1.) The Federal Defendants note their position that adding a *Bivens* claim against Wolfe in her individual capacity would be futile (*see id.*), but the Court finds that that issue is better addressed in connection with the Federal Defendants' anticipated motion to dismiss.[1] *See Iglesias*, 2023 WL 5277424, at *2 (declining to conclude that amendment would be futile when court would "benefit from further briefing" on potential forthcoming motion to dismiss) (citing cases). Accordingly, the Court grants Plaintiff's motion for leave to file an amended pleading.

However, the Court finds two deficiencies in the proposed SAC that must be addressed. First, the first 8-plus pages of the proposed SAC is a preliminary statement that does not comply with Rule 10 of the Federal Rules of Civil Procedure requiring, *inter alia,* that the allegations in a

---

[1] (*See* Fed. Defs.' 8/15/25 Letter, ECF No. 95 (regarding anticipated motion to dismiss).)

complaint be made in numbered paragraphs. *See* Fed. R. Civ. P. 10(b). Moreover, Plaintiff's statement that "[t]he original complaint remains fully incorporated herein with the same force and effect" (*see* SAC at PDF p. 4) is improper. *See Jordan v. Chiaroo*, No. 3:24-CV-00204, 2024 WL 3925375, at *3 (D. Conn. Aug. 23, 2024), *aff'd*, No. 24-2397, 2025 WL 1720227 (2d Cir. June 20, 2025) ("The Second Circuit has long held that an amended complaint completely replaces the original complaint.") (citing *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). If Plaintiff wishes to proceed with respect to allegations in prior pleadings, those allegations must be included in the SAC. Moreover, Plaintiff must format the SAC to comply with Rule 10.

Plaintiff also asks the Court for an Order "[d]eeming the proposed Second Amended Complaint filed and served as of the date of the Court's Order." (Mot. to Amend at 1.) That request is denied. "'[A] pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c),' must be served on every party." *Ruggiero v. Jones*, No. 23-CV-07157 (PMH), 2025 WL 636092, at *1 (S.D.N.Y. Feb. 27, 2025) (quoting Fed. R. Civ. P. 5(a)(1)(B)). Plaintiff must file the SAC as a separate filing on the electronic docket. Such filing is sufficient to serve the Federal Defendants that have appeared through counsel. *See* Fed. R. Civ. P. 5(a)(2). However, because the SAC adds claims against Wolfe in her individual capacity, Wolfe must be served in accordance with Federal Rule of Civil Procedure 4. *See Hovey v. Vermont*, No. 5:16-CV-00266, 2017 WL 2167123, at *5 (D. Vt. May 16, 2017).

In addition, if Plaintiff wishes to pursue the claims in the SAC against OpenAI, she must serve OpenAI with the SAC.[2] *See Ruggiero*, 2025 WL 636092, at *1 ("when a plaintiff serves a defendant with an original complaint before filing an amended pleading, the original complaint is only superseded when the plaintiff serves the amended complaint, not when the plaintiff files it.") (cleaned up); *see also Galanova v. Morgan Stanley Servs. Grp. Inc.*, No. 23-CV-00183 (JGK), 2023 WL 3159725, at *1 (S.D.N.Y. Apr. 28, 2023) (citing *Int'l Controls Corp.*, 556 F.2d at 668-69 ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect," but "where, as here, the amended complaint is required to be served under Rule 5(a)," "the original complaint is not superseded until the amended complaint is served.")).

For the foregoing reasons, Plaintiff's motion to amend (ECF No. 111) is GRANTED IN PART and DENIED IN PART. No later than December 1, 2025, Plaintiff shall file a corrected version of the proposed SAC, fixing the deficiencies addressed herein, as a separate filing on the electronic docket.

**SO ORDERED.**

Dated:     New York, New York
           November 17, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] Plaintiff has filed an Affidavit of Service with respect to service of the Amended Complaint on OpenAI. (*See* 4/11/25 Summons Returned Executed, ECF No. 69.) The Court takes no position on whether OpenAI has been properly served.