UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Minhye Park,<br><br>                                  Plaintiff,<br><br>        -against-<br><br>Barrington D. Parker et al.,<br><br>                               Defendants. | 1:25-cv-00789 (MAB) (SDA)<br><br>OPINION AND ORDER |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiff's Second Letter Motion to Seal. (Pl.'s 8/29/25 Mot. to Seal, ECF No. 116.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On April 1, 2025, Plaintiff filed a motion to seal documents submitted in support of her motion for a temporary restraining order ("TRO") and preliminary injunction.[1] On April 3, 2025, Chief Judge Barnett[2] denied Plaintiff's motion for a TRO and denied without prejudice the motion to seal because Plaintiff "suggest[ed] no legal basis for filing the case under seal." (4/3/25 Order at 1.) Judge Barnett also noted "that certain exhibits are publicly available elsewhere or contain legal authorities." (*Id.*) On April 11, 2025, Plaintiff filed a motion for reconsideration of Judge Barnett's decision denying her motion for a TRO, in which she again sought leave to file "confidential disciplinary communications and exhibits" under seal. (Pl.'s 4/11/25 Emergency

---

[1] As Judge Barnett previously noted, the motion was incorrectly docketed as a motion for leave to file the case under seal. (4/3/25 Order, ECF No. 38, at 1.)

[2] Chief Judge of the United States Court of International Trade, sitting by designation.

Mot., ECF No. 70, at 2.) However, in support of the motion, Plaintiff filed the supporting exhibits on the public docket. (*See* ECF Nos. 71-1 through 71-8.)

On April 14, 2025, Judge Barnett denied the motion for reconsideration and again denied the motion to seal without prejudice, noting that Plaintiff had publicly filed the exhibits and, therefore, it was "unclear whether Plaintiff intend[ed] to abandon confidential filing of the documents." (4/14/25 Order, ECF No. 73.) On August 14, 2025, the Court entered an Order stating that if Plaintiff sought have any of the prior sealed filings (ECF Nos. 30, 32 and 34) remain under seal, she needed to file a renewed motion to seal no later than August 21, 2025. (8/14/25 Order, ECF No. 92.) On August 16, 2025, Plaintiff filed a renewed motion for leave to file under seal six exhibits. (Pl.'s 8/16/25 Mot. to Seal, ECF No. 96.) On August 22, 2025, the Court denied the motion to seal without prejudice noting that the Court could not determine from Plaintiff's submission which documents Plaintiff sought to seal. (8/22/25 Order, ECF No. 104.) The Court stated that any renewed motion must set forth the specific documents Plaintiff seeks to seal, along with the basis for such sealing, and must address, with citation to relevant legal authority, whether Plaintiff waived her right to confidentiality of the exhibits at ECF Nos. 71-1 through 71-8 by herself publicly filing such exhibits. (*Id.* at 1-2.)

On August 29, 2025, Plaintiff filed the Second Letter Motion to Seal that is now before the Court. (Pl.'s 8/29/25 Mot. to Seal.) Plaintiff seeks, pursuant to Second Circuit Local Rule 46.2 and N.Y. Judiciary Law § 90(10), to keep under seal the exhibits filed at ECF Nos. 32-1 through 32-10 and to seal the exhibits publicly filed at ECF Nos. 71-1, 71-6, 71-7 and 71-8. (*Id.* at 2.)

**LEGAL STANDARDS**

It is well settled that "[t]he public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).

The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law right of access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). First, a court must determine whether the documents at issue are "judicial documents" to which the common law right of public access can attach. *See id.* "A 'judicial document' or 'judicial record' is a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119).

Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and

3

the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*").

Third, the court must balance any "competing considerations" against the weight of the presumption of access. *Lugosch*, 435 F.3d at 120. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1050). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

"In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir. 2004)). This approach considers "both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* Even when a qualified First Amendment right of access to certain judicial documents exists, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.*

## DISCUSSION

Plaintiff contends that the exhibits that she seeks to seal contain "non-final referrals and [Second Circuit Committee on Admissions and Grievances] investigative materials that were

4

either unlawfully publicized or improperly left unsecured[.]" (Pl.'s 8/29/25 Mot. to Seal at 2.) All of the exhibits, which Plaintiff filed in support of her motion for a preliminary injunction, are judicial documents to which the common law presumption of access attaches. *See Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23-CV-10612 (LGS), 2024 WL 3965936, at *1 (S.D.N.Y. Aug. 27, 2024) ("exhibits to motion for a temporary restraining order and preliminary injunction are judicial documents"). Moreover, "because these are documents 'used to determine litigants' substantive legal rights[,]'" a "strong presumption of access attaches[.]" *Id.* at *1 (quoting *Lugosch*, 435 F.3d at 121); *see also Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmaatschappij-Compagnie Mar. Belge SA*, No. 24-CV-1445 (JGLC), 2024 WL 1097128, at *8 (S.D.N.Y. Mar. 13, 2024) ("Documents and materials provided to aid in the adjudication of a motion for a temporary restraining order or preliminary injunction are judicial documents entitled to the highest presumption of access."). To balance any competing considerations against the weight of the presumption of access, the Court addresses each of the exhibits, in turn.

First, Plaintiff seeks to seal a copy of the Second Circuit's January 30, 2024 decision in *Park v. Kim*, which Plaintiff filed under seal at ECF No. 32-1 and publicly filed at ECF No. 71-1, which Plaintiff refers to as the January 30, 2024 referral. (Pl.'s 8/29/25 Mot. to Seal at 1-2.) The referral is part of the Second Circuit's published decision on Plaintiff's appeal in her underlying medical malpractice case. *See Park v. Kim*, 91 F.4th 610, 613-15 (2d Cir. 2024). The Second Circuit's decision is publicly available on the electronic docket in that case (*see* Case 22-2057, Document 178-1) and, as Plaintiff readily admits, has been widely circulated online. (*See* Lee Decl., ECF No. 32, ¶ 6.) The fact that the decision already is in the public domain in and of itself is fatal to

5

Plaintiff's claim that this exhibit should be sealed. *See Sparman v. Edwards*, 325 F. Supp. 3d 317, 319 (E.D.N.Y. 2018) ("The Court can conceive of no justification to seal an opinion that is readily available in the public domain."); *see also Campbell v. City of New York*, No. 16-CV-08719 (AJN), 2021 WL 826899, at *10 (S.D.N.Y. Mar. 4, 2021) ("Rarely, if ever, can the presumption of public access be overcome when the information has already been made public.") (collecting cases). "That public availability also suggests a certain futility" in sealing the document in this case. *See Dabiri v. Fed'n of States Med. Boards of the United States, Inc.*, No. 08-CV-04718 (EK), 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023).

Plaintiff nonetheless argues that the referral should be sealed because it violates New York Judiciary Law § 90(10)[3] and Second Circuit Local Rule 46.2.[4] (Pl.'s Mem. Supp. Am. Mot. at 7-8.) However, as Judge Barnett already explained, the Judiciary Law provision applies to proceedings in state court and, thus, has no application here. (4/3/25 Order at 6.) With respect to Second Circuit Local Rule 46.2, Judge Barnett found that the Second Circuit panel's referral of Attorney Lee's conduct to the Grievance Panel did not fall within that provision, which "appears to capture matters referred to the Grievance Committee from the Grievance Panel and protects the confidentiality of proceedings and documents of the Grievance Committee." (*Id.*) Indeed, as the Second Circuit has explained, "[r]eferrals to the Grievance Panel from other panels of the

---

[3] This provision states, in relevant part: "Any statute or rule to the contrary notwithstanding, all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law and upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential." N.Y. Jud. Law § 90(10).

[4] The rule states: "All matters referred to, all proceedings conducted by, and all records possessed by the Committee remain confidential, unless the Grievance Panel orders otherwise, or the Committee acts under (b)(2)(B) or (b)(7)." 2d Cir. Local Rule 46.2(b)(6).

6

Court generally come in two forms: referrals appearing in orders of a panel and referrals made in non-public communications." *In re Bank*, 850 F. App'x 115, 120 (2d Cir. 2021). Thus, referrals to a Grievance Panel routinely appear in public decisions. *See, e.g.*, *Kumaran v. ADM Inv. Servs., Inc.*, No. 22-893, 2025 WL 1600344, at *1 n.1 (2d Cir. June 6, 2025). Accordingly, Plaintiff's motion is denied with respect to ECF No. 32-1.[5]

Communications with the Second Circuit Committee and Committee documents, such as the Notice of Hearing, are of a different ilk.[6] These include the documents filed at ECF Nos. 32-2 (Second Circuit Committee on Admissions and Grievances December 30, 2024 Notice of Hearing), ECF No. 32-3 (March 31, 2025 email from David Coon, Secretary to the Committee, to Attorney Lee)[7] and ECF No. 32-4 and 32-5 (emails from Attorney Lee to the Committee). For these documents, the Court finds that the weight of the presumption of public access is outweighed by

---

[5] Plaintiff's reliance on *Firth v. State*, 98 N.Y.2d 365 (2002), a defamation case, to argue that sealing the Second Circuit's decision is necessary to prevent further injury is misplaced as that case does not address sealing and does not support the conclusion that any injury to Plaintiff outweighs the presumption of public access or is necessary to preserve a higher value. Moreover, the only issue before this Court is whether to seal the copy of the decision Plaintiff filed as an exhibit in support of her motion, not whether the decision itself should be sealed. Plaintiff also asserts that two other referrals remain non-final and protected, including one in an unrelated case, *Lee v. Delta*. (Pl.'s 8/29/25 Mot. to Seal at 1-2.) However, none of the documents Plaintiff seeks to seal include these other referrals and, thus, the Court does not address them.

[6] Plaintiff does not reference the substance of these communications in her memorandum of law or declaration in support of her motion for a preliminary injunction, and it is unclear to the Court why she filed them at all. In any event, they still are judicial documents with a strong presumption of public access. *See Grant v. Lamont*, No. 22-CV-01223 (JBA), 2023 WL 6958763, at *4 (D. Conn. Oct. 20, 2023) ("Courts in the Second Circuit do not generally parse documents filed in connection with dispositive motions to determine which sections of the documents are legally relevant before assigning them presumptive weight—instead, the fact that the documents have been filed in connection with a dispositive motion is sufficient to give rise to a strong presumption of public access.").

[7] This document also was filed under seal at ECF No. 34-1 and publicly at ECF No. 71-3. Although Plaintiff does not address these other docket entries in her motion, for the reasons set forth herein with respect to ECF No. 32-3, the document filed at ECF No. 34-1 shall remain under seal and the document filed at ECF No. 71-3 shall be placed under seal.

Attorney Lee's interest in the confidentiality of proceedings before the Committee prior to any final determination, as contemplated by Local Rule 46.2. None of these exhibits, except for the March 31, 2025 email, has been publicly filed. Plaintiff did file the March 31, 2025 email on the public docket at ECF No. 71-3. During a telephone conference with the Court on December 3, 2025, Plaintiff indicated that she did not file ECF No. 71-3 under seal due to technological challenges. Although the document has been on the public docket for many months, the Court finds that belated sealing to prevent further public access to information regarding confidential proceedings is warranted. For these reasons, Plaintiff's motion is granted with respect to ECF Nos. 32-2 through 32-5.

Plaintiff's request to seal a document filed at ECF No. 32-6 containing the text of New York Judiciary Law § 90(10), which also is publicly filed at ECF No. 71-4 in a document Plaintiff does not seek to seal, is frivolous, as the law is public, and is denied. The remaining documents that Plaintiff seeks to seal are documents publicly filed on the docket in her underlying medical malpractice case in the Eastern District of New York, *Park v. Kim*, 20-CV-02636. These include a transcript of an August 11, 2021 telephone conference before Magistrate Judge Bloom[8] (ECF No. 32-7, also publicly filed at ECF No. 71-5 in this action in a document that Plaintiff does not seek to seal); the expert report of Dr. John Garofalo (ECF Nos. 32-8 and ECF No. 71-6), a September 22, 2021 motion for sanctions addressed to District Judge Chen filed by Attorney Lee (ECF No. 32-9 and ECF No. 71-7) and a March 15, 2022 motion for sanctions addressed to Judge Bloom

---

[8] The version of the transcript filed by Plaintiff in this action appears to be an initial version, dated August 19, 2021, that has the wrong case number and date in the caption. (*See* ECF No. 32-7 at 1, 26.) A corrected version, dated August 20, 2021, is filed on the EDNY docket. (*See* EDNY Case No. 20-CV-02636, ECF No. 20, at 1, 26.)

filed by Attorney Lee (ECF No. 32-10 and ECF No. 71-8).[9] (*See* EDNY Case No. 20-CV-02636, ECF Nos. 20, 25, 37-3, 38.)

Plaintiff has made no attempt to justify sealing these documents, none of which implicates the confidentiality concerns set forth in Local Rule 46.2, and which have been in the public domain for more than three years. Accordingly, Plaintiff's motion to seal the documents filed at ECF Nos. 32-7 through 32-10 is denied. *Accord Cunningham v. Cornell Univ.*, No. 16-CV-06525 (PKC), 2019 WL 10892081, at *3 (S.D.N.Y. Sept. 27, 2019) ("Information that is publicly available need not be sealed.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Letter Motion to Seal (ECF No. 116) is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully requested to unseal the documents filed at ECF Nos. 32-1, 32-6, 32-7, 32-8, 32-9 and 32-10. The documents filed at ECF Nos. 32-2, 32-3, 32-4, 32-5 and 34-1 shall remain under seal as they presently are filed. In addition, the Clerk of Court is respectfully requested to seal the document filed at ECF No. 71-3, with access to that document limited to the Court, the Plaintiff and the Defendants.

**SO ORDERED.**

Dated:     New York, New York
           December 5, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

[9] It is not clear for what purpose Plaintiff filed these documents, as she does not reference them in support of her motion for a preliminary injunction. Nonetheless, as with the Committee documents discussed above, these documents are judicial documents with a strong presumption of public access. *See Grant*, 2023 WL 6958763, at *4.