UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Minhye Park,<br><br>                                      Plaintiff,<br><br>-against-<br><br>Hon. Barrington D. Parker, et al.,<br><br>                                    Defendants. | 1:25-cv-00789 (MAB) (SDA)<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE MARK A. BARNETT, CHIEF JUDGE, U.S. COURT OF INTERNATIONAL TRADE:**[1]

Plaintiff Minhye Park ("Plaintiff" or "Park") brings this action against Second Circuit Judge Barrington D. Parker; Second Circuit Judge Alison J. Nathan; Second Circuit Judge Sarah A. L. Merriam; District Judge Pamela K. Chen; Magistrate Judge Lois Bloom; Catherine O'Hagan Wolfe, in her individual capacity and official capacity as Clerk of the Second Circuit; and David Coon and Terrence M. Connors, in their official capacities as members of the Second Circuit Committee on Admissions and Grievances (collectively, the "Federal Defendants") and OpenAI, Inc. asserting claims for damages, as well as declaratory and injunctive relief. (Second Am. Compl. ("SAC"), ECF No. 132.)[2] Presently before the Court are Plaintiff's motions for a preliminary injunction. (*See* Pl.'s Mot. for TRO/Prelim. Inj., ECF No. 31; Pl.'s Second Mot. for TRO/Prelim. Inj., ECF No. 94.)

---

[1] Sitting by designation.

[2] The SAC, which was filed on December 3, 2025, after the pending motions were filed, is the current operative pleading. Although Messrs. Coon and Connors are listed in the caption of the SAC and are identified as defendants in Section III of the SAC, which identifies the "Parties" (*see* SAC ¶ 10), no claims are asserted against them in the SAC.

For the reasons set forth below, it is respectfully recommended that Plaintiff's motions for a preliminary injunction be DENIED.

**BACKGROUND**

In June 2020, Park filed a medical malpractice action in the United States District Court for the Eastern District of New York, in which she was represented by Attorney Lee. *See Park v. Kim*, No. 20-CV-02636 (PKC), 2022 WL 3643966, at *5 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). The District Court dismissed Park's case, pursuant to pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), for failure to comply with Court orders to respond to the defendant's discovery demands. *See id.* at *1. Park appealed to the United States Court of Appeals for the Second Circuit. *See Park v. Kim*, 91 F.4th 610, 612 (2d Cir. 2024). In preparing her reply brief in support of Park's appeal, Attorney Lee included a citation to a non-existent case generated by ChatGPT.[3] *See Park*, 91 F.4th at 614.

The Second Circuit affirmed the District Court's dismissal, finding that "[o]ver the course of the litigation before the District Court, Park continually and willfully failed to respond to and comply with the District Court's discovery orders." *Park*, 91 F.4th at 613. The Second Circuit separately addressed the conduct by Attorney Lee. *See id.* at 614-15. The Second Circuit found that "[t]he brief present[ed] a false statement of law" and "it appear[ed] that Attorney Lee made no inquiry, much less the reasonable inquiry required by [Federal Rule of Civil Procedure] 11 and long-standing precedent, into the validity of the arguments she presented[]" and, thus, referred

---

[3] Plaintiff does not dispute that she included a citation to a non-existent case in her reply brief. (*See* Second Mot. for TRO/Prelim. Inj. at PDF p. 6 ("The January 30, 2024 disciplinary referral arose from a citation generated by OpenAI's ChatGPT, used in a good faith attempt to estimate lost wage damages using a minimum wage standard for a plaintiff with no income history.").)

Attorney Lee to the Court's Grievance Panel pursuant to Local Rule 46.2.[4] "for further investigation, and for consideration of a referral to the Committee on Admissions and Grievances." *Id.* at 615-16 (citing 2d Cir. R. 46.2).

## PROCEDURAL HISTORY

Plaintiff commenced this action on January 28, 2025. (*See* Compl., ECF No. 1.[5]) The original Complaint included both Park and Attorney Lee as plaintiffs and named only Judge Parker, Judge Nathan and Judge Merriam as defendants. (*See id.*) On April 1, 2025, Plaintiff filed an amended pleading with Park as the sole plaintiff, adding claims against Judge Chen, Judge Bloom, Catherine O'Hagan Wolfe, in her official capacity as Clerk of the Second Circuit, David Coon and Terrence M. Connors, in their official capacities as members of the Grievance Committee and OpenAI, Inc. (Am. Compl., ECF No. 20.[6]) The same day, Plaintiff moved for a temporary restraining order ("TRO") and/or preliminary injunction seeking to enjoin the Second Circuit's Committee on Admissions and Grievances (the "Grievance Committee") from proceeding with a disciplinary hearing regarding Attorney Lee scheduled for April 14, 2025 and from further dissemination or reliance on the disciplinary referral issued on January 30, 2024, which Plaintiff contends was issued without jurisdiction and in violation of Local Rule 46.2. (*See* Pl.'s Mot. for TRO/Prelim. Inj.)

On April 3, 2025, Judge Barnett denied Plaintiff's motion as to the TRO, finding that she had not met the requirements for irreparable harm or likelihood of success on the merits. (4/3/25

---

[4] Second Circuit Local Rule 46.2(a) states that "[a]ll attorney grievance and discipline matters are initially handled by a panel of judges, the 'Grievance Panel.'" Thereafter, "[t]he court's Grievance Panel may refer to the [Grievance] Committee . . . an accusation or evidence of attorney misconduct." 2d Cir. Local Rule 46.2(b)(2)(A)(i).

[5] The Complaint was re-filed on February 4, 2025 to correct a filing error. (*See* Compl., ECF No. 9.)

[6] The Amended Complaint was re-filed on April 4, 2025 due to a filing error. (*See* Am. Compl., ECF No. 48.)

TRO Order, ECF No. 36, at 4.) Judge Barnett held in abeyance Plaintiff's motion for a preliminary injunction pending notice to Defendants (*see id.* at 2, 7) and referred the motion to the undersigned. (Referral Order, ECF No. 37.) On April 11, 2025, Plaintiff filed a motion for reconsideration, which Judge Barnett denied on April 14, 2025. (4/14/25 Order, ECF No. 73.)

On August 15, 2025, Plaintiff filed a second motion for a TRO and preliminary injunction, in which she sought to enjoin the Grievance Committee from taking any further adverse action related to the January 30, 2024 referral, as well as other disciplinary referrals from July 23, 2024 and May 19, 2025.[7] (Second Mot. for TRO/Prelim. Inj. at PDF p. 1.) Plaintiff also sought an Order directing the sealing of all non-final disciplinary materials from public access and prohibiting their further dissemination; an Order directing the Clerk of the Second Circuit to process and docket all post-judgment motions filed by Plaintiff on and after February 5, 2024, and place them before a judicial officer for adjudication; and an Order enjoining Judge Chen and Judge Bloom from

---

[7] In a supplemental submission filed on April 11, 2025 in support of her motion for reconsideration, Plaintiff stated that she "only recently discovered that the disciplinary referral at issue was allegedly issued on July 23, 2024, not January 30, 2024 as previously understood." (Pl.'s 4/11/25 Supp. Submission, ECF No. 72, at 1.) The May 19, 2025 referral is from another case, *Lee v. Delta* (*see* Pl.'s Second Mot. for TRO/Prelim. Inj. at PDF p. 8), in which Attorney Lee, *pro se*, on behalf of only herself, sued Delta Airlines ("Delta"), "alleging that Delta discriminated against her on the basis of race during an incident involving a contested first-class seat assignment on a short-haul domestic flight." *Lee v. Delta Air Lines, Inc.*, No. 24-850-CV, 2025 WL 1375326, at *1 (2d Cir. May 13, 2025). In that case, the district court granted summary judgment to Delta on Attorney Lee's claim under 42 U.S.C. § 1981 and denied her leave to amend and the Second Circuit affirmed. *See id.* In a separate Order, the Second Circuit panel referred Attorney Lee to the Court's Grievance Panel based on her reliance on a contradictory affidavit, which the Circuit found was "a knowing submission of a false representation to the Court" as well as what the Circuit found to be a false representation by Attorney Lee in explaining a citation to a non-existent case. (*See* 5/19/25 Order, 24-850-CV ECF No. 83 ("We also determine that Lee's May 2025 explanation to this Court for her citation to a non-existent case was itself a deliberate falsehood designed to conceal her original misconduct.").)

presiding over *Park v. Newman*[8] "pending reassignment by a neutral judicial authority." (Second Mot. for TRO/Prelim. Inj. at PDF p. 2.)

On August 19, 2025, Judge Barnett denied Plaintiff's motion for a TRO for the same reasons as he denied Plaintiff's first motion. (8/19/25 Order, ECF No. 103, at 2.) Judge Barnett found that "Plaintiff only nominally acknowledge[d] and entirely fail[ed] to address the basis for the court's prior TRO rulings and present[ed] no new reasons for requiring immediate relief." (*Id.*) With respect to the preliminary injunction portion of the motion, Judge Barnett indicated that Defendants could respond, and Plaintiff could reply, in connection with the remaining briefing on Plaintiff's original motion. (*See id.* at 2-3.)

On August 27, 2025, Plaintiff filed a motion for leave to file a second amended complaint. (Mot. to Amend, ECF No. 111.) The Federal Defendants filed their opposition to Plaintiff's motion for a preliminary injunction on August 29, 2025. (Fed. Defs.' Opp. Mem., ECF No. 114.) Plaintiff filed a reply memorandum in connection with Plaintiff's injunction motion on September 12, 2025. (Pl.'s Reply Mem., ECF No. 118.)

On November 17, 2025, the Court granted in part and denied in part Plaintiff's motion to amend, noting two deficiencies in the proposed Second Amended Complaint, and Plaintiff was directed to file a corrected SAC. (11/17/25 Order, ECF No. 124, at 2-3.) On December 3, 2025, Plaintiff filed the corrected SAC, asserting the following claims against the Federal Defendants (other than Messrs. Coon and Connors):[9] (1) violation of the Fifth Amendment Right to Due

---

[8] *Park v. Newman* is a lawsuit filed by Plaintiff on July 10, 2024, in the Eastern District of New York against Hayley Newman, former defense counsel in *Park v. Kim*, based on alleged false statements and litigation misconduct. (*See* Pl.'s 4/11/25 Supp. Submission at 1.)

[9] As noted in footnote 2, *supra*, no claims are pled in the SAC against Messrs. Coon and Connors.

Process pursuant to *Bivens* (against Judge Parker, Judge Nathan, Judge Merriam, Judge Chen, Judge Bloom and Clerk Wolfe); (2) First Amendment retaliation pursuant to *Bivens* (against Judge Parker, Judge Nathan, Judge Merriam, Judge Chen, Judge Bloom and Clerk Wolfe); (3) denial of Equal Protection pursuant to *Bivens* (against Judge Parker, Judge Nathan, Judge Merriam, Judge Chen, Judge Bloom and Clerk Wolfe); (4) defamation (against Judge Parker, Judge Nathan, Judge Merriam and Clerk Wolfe); (5) emotional distress (against Judge Parker, Judge Nathan, Judge Merriam and Clerk Wolfe). (SAC ¶¶ 58-108.) In the SAC, Plaintiff seeks, among other things, the injunctive relief related to purported "unauthorized disciplinary referrals issued against Plaintiff" (*see* SAC at p. 27), even though such referrals related to Attorney Lee, and not to Plaintiff herself.

Also on December 3, 2025, the Court held a telephone conference in which the Court addressed, among other things, Plaintiff's motions for a preliminary injunction. (*See* 12/3/25 Minute Entry.)

### **LEGAL STANDARDS**

"A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025) (cleaned up). "To obtain a preliminary injunction, a party must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *Id.* (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)). The third and fourth factors of the analysis—harm to others and the public interest "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"Further, when a movant seeks a 'mandatory preliminary injunction that alters the status quo by commanding some positive act,' rather than a 'prohibitory injunction seeking only to maintain the status quo,' then the burden of proof is even greater." *Scozzari v. Santiago*, No. 3:19-CV-00229 (JAM), 2019 WL 6696091, at *4 (D. Conn. Dec. 9, 2019) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011)). "A mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* "A party seeking a mandatory injunction must therefore demonstrate 'a substantial likelihood of success' on the merits, in addition to a showing of irreparable harm." *Id.* (quoting *Jolly v. Coughlin*, 76 F.3d 468, 473-74 (2d Cir. 1996)).

"A hearing is not required for a preliminary injunction 'when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record.'" *St. Joseph's Hosp. Health Ctr.*, 131 F.4th at 108 (quoting *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998)).

## DISCUSSION

I. **The Court Lacks Jurisdiction Over Plaintiff's Claims For Injunctive Relief**

"Before turning to the merits of the preliminary injunction, the Court must find it has jurisdiction." *Salem v. Pompeo*, 432 F. Supp. 3d 222, 230 (E.D.N.Y. 2020) (citing *Am. Atheists, Inc. v. Port Auth. of N.Y. & N.J.*, 760 F.3d 227, 237 n.11 (2d Cir. 2014)). With respect to Plaintiff's claims for injunctive relief, at bottom, Plaintiff asks this Court to review Orders issued by the United States Court of Appeals for the Second Circuit regarding the disciplinary referrals for Attorney Lee and determine that they are incorrect or unlawful. However, "it is well-established that '[a]

7

federal district court lacks jurisdiction to review decisions of other federal courts.'" *Robbins v. Dwyer*, No. 24-CV-00318 (CRC), 2024 WL 4771468, at *2 (D.D.C. Nov. 13, 2024) (quoting *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022)); *see also Kurtz v. United States*, 798 F. Supp. 2d 285, 290 n.6 (D.D.C. 2011) ("a district court 'lacks subject matter jurisdiction to review the actions of another . . . federal [district] court [or court of appeals]'" (quoting *Gallo-Rodriguez v. Supreme Court of the U.S.*, No. 08-CV-01890 (RWR), 2009 WL 3878073, at *1 (D.D.C. Nov. 19, 2009)), *aff'd*, 2012 WL 1155801 (D.C. Cir. Mar. 1, 2012).

Because the Court lacks jurisdiction, it is recommended that Plaintiff's motions for injunctive relief be denied. Even assuming, *arguendo*, that this Court had jurisdiction to grant the relief requested, Plaintiff's motion should be denied, as discussed below.

II. **Plaintiff's Motion For A Preliminary Injunction Should Be Denied**

   A. **Plaintiff Has Not Established Irreparable Harm**

"The irreparable harm requirement is the single most important prerequisite for the issuance of a preliminary injunction and must therefore be satisfied before the other requirements for an injunction can be considered." *St. Joseph's Hosp. Health Ctr.*, 131 F.4th at 106. "To establish irreparable harm, the moving party must show an 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Id.* (quoting *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020)). "Irreparable harm must not merely be possible but must be likely, absent injunctive relief." (4/3/25 TRO Order at 4 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In her motion, Plaintiff argues that absent immediate relief, Plaintiff and her counsel will continue to suffer irreparable harm in the form of reputational damage, client distrust and lost

opportunities. (Second Mot. for TRO/Prelim. Inj. at PDF pp. 10-11.) The Federal Defendants argue that Plaintiff cannot meet her burden of showing irreparable harm because Plaintiff relies entirely on the harms that allegedly will befall Attorney Lee and Plaintiff puts forth no evidence that she will suffer any harm if the Court declines to issue an injunction. (Fed. Defs.' Opp. Mem. at 2, 8.) In reply, Plaintiff asserts that "[b]y targeting Plaintiff's counsel, Defendants necessarily targeted Plaintiff herself" and that Plaintiff has been harmed in her ability to access the courts, choose her own counsel and obtain judicial review. (Pl.'s Reply Mem. at 1-3.)

In denying Plaintiff's motion for a TRO, Judge Barnett found that Plaintiff's conclusory assertions of harm were insufficient to show a likelihood of irreparable harm.[10] (4/3/25 TRO Order at 3-4.) Plaintiff still has not provided any concrete allegations of harm to herself. Thus, because the standards for granting a TRO and a preliminary injunction "are identical," *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020), the Court should deny Plaintiff's motion for a preliminary injunction for the same reasons as found by Judge Barnett earlier. Moreover, the majority of the injunctive relief that Plaintiff seeks is related to the disciplinary referrals of her counsel, Attorney Lee. Plaintiff has not identified irreparable harm to herself in connection with the disciplinary referrals of Attorney Lee. "[I]njuries to third parties are not a basis to find irreparable harm." *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 326 (D.D.C. 2018) (citing *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 213 (D.D.C. 2012)).

Nor is there any basis to conclude, as Plaintiff argued, that Plaintiff is suffering ongoing harm through an inability to access the courts, choose her own counsel or obtain judicial review.

---

[10] In his Order, Judge Barnett also flagged the issue of "the standing of Plaintiff Minhye Park to pursue an action that appears solely related to her attorney." (*See* 4/3/25 TRO Order at 3 n.6.)

Plaintiff continues to have access to the courts and Attorney Lee continues to represent Plaintiff. Moreover, Plaintiff has been (and continues to be) able to obtain judicial review.[11] Because Plaintiff has not shown irreparable harm absent injunctive relief being granted, it is recommended that her motion be denied.

### B. Plaintiff Has Not Establish Likelihood Of Success On The Merits

Even if Plaintiff could establish irreparable harm, her motion should be denied because she had not demonstrated a likelihood of success on the merits. Judge Barnett already considered, and rejected, Plaintiff's arguments on the merits. (4/3/25 TRO Order at 4-6.) Moreover, despite Judge Barnett's admonition that Plaintiff "consider the extraordinary nature of, and requirements for, injunctive relief" and requirement that she "address relevant deficiencies identified in [his April 3, 2025 Order] at any hearing on the preliminary injunction motion" (4/3/25 TRO Order at 6), Plaintiff's subsequent motion papers merely recycled Plaintiff's prior arguments and during the December 2, 2025 telephone conference with the Court, Plaintiff was unable to address the relevant deficiencies.[12] Accordingly, Plaintiff's motion should be denied on this ground as well.

---

[11] Although Plaintiff asserts that Wolfe struck several post-judgment motions in *Park v. Kim* without judicial order (*See* Pl.'s Reply Mem. at 2), the Second Circuit docket indicates that several of Plaintiff's motions were struck due to filing deficiencies which were not cured, and that, on January 16, 2025, the Second Circuit denied a motion which sought, *inter alia*, to recall the mandate issued on February 23, 2024, resolve the motion to vacate judgment, and vacate the disciplinary referral and annul the pending hearing. (*See* 22-2057 ECF No. 243.)

[12] Accordingly, the Court need not address Defendants additional arguments regarding likelihood of success on the merits or balance of the equities. (*See* Fed. Defs.' Opp. Mem. at 11-24.)

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's motions for a preliminary injunction (ECF Nos. 31 and 94) be DENIED.

Dated:      New York, New York
            December 8, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation & Order to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, to that portion of this document that addresses Defendants' motion to dismiss. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Chief Judge Barnett.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).