UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINHYE PARK, <br><br> Plaintiff, <br><br> v. <br><br> HON. BARRINGTON D. PARKER, ET AL., <br><br> Defendants. | 25-CV-00789 (MAB) (SDA) <br> ORDER ADOPTING REPORT AND RECOMMENDATION |

MARK A. BARNETT, United States Judge:[1]

Plaintiff Minhye Park ("Plaintiff" or "Ms. Park") commenced this action on or about January 28, 2025.  Compl., ECF Nos. 1 (filed Jan. 28, 2025; marked as deficient), 9 (filed Feb. 4, 2025; accepted).  Since then, Plaintiff has filed two motions for a temporary restraining order ("TRO") and a preliminary injunction.  Notice of Mot. for TRO and Prelim. Inj., ECF No. 31, and Mem. of Law in Supp. of Pl.'s Mot. for TRO and Prelim. Inj. ("First TRO Mot."), ECF No. 31-1; Notice of Am. Mot. for TRO and Prelim. Inj. ("Notice"), and accompanying Pl.'s Am. Mem. of Law in Supp. of Emergency Mot. For TRO and Prelim. Inj. ("Second TRO Mot."), ECF No. 94; *see also* Notice of Mot. for Recons. and TRO and Prelim. Inj., ECF No. 70.  The court denied Plaintiff's motions for a TRO and for reconsideration of the first denial.  Order (Apr. 3, 2025) ("First TRO Order"), ECF No. 36; Order (Apr. 14, 2025), ECF No. 73; Order (Aug. 19, 2025) ("Second TRO Order"), ECF No. 103.  The court referred Plaintiff's motions for a preliminary injunction to Magistrate Judge Stewart D. Aaron.  Order (Apr. 3, 2025), ECF No. 37.

---

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.

Court No. 25-cv-00789                                                                          Page 2

After careful consideration, including a telephone conference in which Judge

Aaron afforded Plaintiff the opportunity to address the basis for injunctive relief, Judge

Aaron issued a Report and Recommendation in which he recommends denying the

motions.  R. & R. ("R&R"), ECF No. 135.  Judge Aaron reasoned that the court lacks

jurisdiction over Plaintiff's request to enjoin actions taken by the U.S. Court of Appeals

for the Second Circuit ("Second Circuit") regarding disciplinary referrals with respect to

Plaintiff's attorney, that Plaintiff has not established irreparable harm, and that Plaintiff

has not established a likelihood of success on the merits of her claims.  *Id.* at 7–10.

Before the court are Judge Aaron's Report and Recommendation, Plaintiff's objections,

Pl.'s Obj. to the [R&R] ("Pl.'s Obj."), ECF No. 136, and Defendants' response to those

objections, The Fed. Defs.' Resp. to [Pl.'s Obj.] ("Defs.' Resp."), ECF No. 152.  For the

reasons stated below, the court adopts the R&R in full.

### BACKGROUND

On June 13, 2020, Plaintiff filed a medical malpractice action in the United States

District Court for the Eastern District of New York in which she was represented by

Plaintiff's attorney in the instant action ("Ms. Lee").  *Park v. Kim*, No. 20-CV-02636

(PKC), 2022 WL 3643966, at *1 (E.D.N.Y. Aug. 24, 2022).  Upon Plaintiff's failure to

comply with an order to produce certain items for discovery, Defendant filed a motion to

dismiss, which was referred to Magistrate Judge Lois Bloom for a report and

recommendation.  *Park v. Kim*, No. 20 CV 2636 (PKC)(LB), 2022 WL 4229258, at *1

(E.D.N.Y. Apr. 25, 2022).  District Judge Pamela K. Chen adopted Judge Bloom's report

and recommendation in full to grant the dismissal.  *Park v. Kim*, 2022 WL 3643966, at *5.

Court No. 25-cv-00789                                                            Page 3

Plaintiff then appealed to the Second Circuit.  *See Park v. Kim*, 91 F.4th 610, 612 (2d

Cir. 2024).

On January 30, 2024, the Second Circuit panel affirmed the dismissal and,

therein, issued a disciplinary referral to a Grievance Panel ("January 2024 referral") for

Ms. Lee's reliance upon a non-existent, AI-generated case cited in Plaintiff's reply brief.

*See Park*, 91 F.4th at 613–16.  The disciplinary matter was referred by the Grievance

Panel to the Committee on Admissions and Grievances ("Grievance Committee") on July

23, 2024 ("July 2024 referral").  *See* Notice of Hr'g, ECF No. 32-2; Corrected Second

Am. Compl. ¶ 27, ECF No. 132.

The original complaint listed both Ms. Park and Ms. Lee as plaintiffs and asserted

claims against the judges on the Second Circuit panel that issued the January 2024

referral.  *See* Compl. ¶¶ 5–7, ECF No. 9.  On April 4, 2025, Ms. Park filed a first

amended complaint that removed Ms. Lee as a plaintiff and introduced new claims

against Judges Chen and Bloom; Catherine O'Hagan Wolfe, in her official capacity as

the Clerk of Court for the Second Circuit; David Coon and Terrence M. Connors, in their

official capacities as members of the Grievance Committee; and OpenAI, Inc.  First Am.

Compl. and Verified Req. for Inj. Relief, ECF No. 48.[2]

---

[2] On December 3, 2025, Plaintiff filed a second amended complaint pursuant to Judge
Aaron's order of November 17, 2025, granting leave to do so without prejudice to any
defendant's subsequent filing of a motion to dismiss the claims alleged therein.  *See*
Corrected Second Am. Compl.; Order (Nov. 17, 2025), ECF No. 124.  Plaintiff has twice
attempted to file a motion for leave to file a third amended complaint; however, in each
case, the filings were deficient based on filing errors.  *See* Third Am. Compl. (Jan. 13,
2026), ECF No. 153; Third Am. Compl. (Jan. 23, 2026), ECF No. 158.  To date, because

Court No. 25-cv-00789                                                    Page 4

Around the same time, Plaintiff filed a motion for a TRO and a preliminary injunction seeking to enjoin the Grievance Committee from proceeding with the disciplinary hearing and prevent further dissemination or reliance on the January 2024 referral.  First TRO Mot. at 1–2.  The court denied Plaintiff's TRO motion for failure to demonstrate irreparable harm or likelihood of success on the merits, First TRO Order at 4, while holding the motion for a preliminary injunction in abeyance "pending notice to Defendants and an opportunity for a hearing," *id.* at 2.

On August 15, 2025, Plaintiff filed a second motion for a TRO and a preliminary injunction, seeking, among other things, to enjoin Defendants from "taking any further adverse action related to the January 30, 2024, July 23, 2024, or May 19, 2025, disciplinary referrals."[3]  Notice at 1.  This court denied Plaintiff's Second TRO Motion for failure "to address the basis for the court's prior TRO rulings and [to] present[] . . . new reasons for requiring *immediate* relief."  Second TRO Order at 2.  The matter of the preliminary injunction for which Judge Aaron issued the R&R is now before this court.[4]

_____

Plaintiff has not remedied her filing errors and obtained leave from the court, the second amended complaint remains the operative pleading.

[3] In addition to identifying the dates of the Second Circuit panel's referral to a Grievance Panel and that Grievance Panel's referral to the Grievance Committee, Plaintiff identified a separate disciplinary referral from May 19, 2025, which occurred in a distinct case.  *See* Notice at 1; *see also* R&R at 4 n.7 (discussing *Lee v. Delta Air Lines, Inc.,* No. 24-850-CV, 2025 WL 1375326 (2d Cir. May 13, 2025)).

[4] The R&R contains additional background information on this case, familiarity with which is presumed.  R&R at 2–6.

## LEGAL STANDARD

In reviewing a magistrate judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  But when "the party makes only conclusory or general objections, or simply reiterates [its] original arguments, the [district court] reviews the Report and Recommendation only for clear error."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) (second alteration in original) (citation omitted).  Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (alteration in original) (citation omitted).

## DISCUSSION

Plaintiff objects to the R&R's analysis by arguing that the R&R erroneously: 1) concludes that this court lacks jurisdiction, 2) finds no irreparable harm, 3) concludes that Plaintiff failed to establish a likelihood of success on the merits, and 4) questions Plaintiff's standing.  Pl.'s Obj. at 4–9.  Related to the last point, Plaintiff argues that Ms. Lee should be reinstated as a plaintiff.  *Id.* at 9–10.  Defendants argue that the court

should reject Plaintiff's arguments and adopt the R&R in full.  Defs.' Resp. at 5–10.  The court reviews Plaintiff's objections, in turn.

## I.  Jurisdiction

Judge Aaron found that this court lacks jurisdiction over Plaintiff's claim for injunctive relief because "a federal district court lacks jurisdiction to review decisions of other federal courts."  R&R at 7–8 (citing *Robbins v. Dwyer*, No. 24-CV-318 (CRC), 2024 WL 4771468, at *2 (D.D.C. Nov. 13, 2024)).  Plaintiff objects that this court has jurisdiction because Plaintiff "do[es] not seek appellate review, reconsideration, or reversal of lawful judicial determinations on the merits."  Pl.'s Obj. at 5.  Rather, Plaintiff claims that she is asking the court to "recognize [the] nullity" of "void acts" and to "prevent their continued unlawful effects."  *Id.*  According to Plaintiff, the July 2024 referral was void because it was issued months after the Second Circuit panel issued the mandate in *Park v. Kim*, at which point appellate jurisdiction had terminated such that subsequent action could not be taken without recalling the mandate.  *See id.* at 5–6.  However, because Plaintiff's characterization of this act as void is conclusory and without legal support, this court reviews the R&R for clear error and finds no such error on this issue.

On January 30, 2024, the Second Circuit "refer[red] Attorney Lee to the Court's Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration of a referral to the [Grievance] Committee."  *Park*, 91 F.4th at 616.  The July 2024 referral of Ms. Lee for possible disciplinary action from the Grievance Panel to the Grievance Committee is an action separate from Plaintiff's underlying appeal and not

in furtherance thereof.  A subsequent referral from the Grievance Panel to the Grievance

Committee is also procedurally proper.  *See* Second Circuit Local Rules 46.2(a),

46.2(b)(2)(A)(i) ("The court's Grievance Panel may refer to the Committee . . . an

accusation or evidence of attorney misconduct.").  Plaintiff has offered no legal basis for

the claim that the July 2024 referral, i.e., the Grievance Panel's referral of Plaintiff's

attorney to the Grievance Committee, was required to pre-date the issuance of the

mandate by the Second Circuit.[5]

Plaintiff adds that the "R&R further errs by treating administrative and clerical

conduct as protected judicial action."  Pl.'s Obj. at 6.  There is, however, no such

characterization in the R&R.  Plaintiff argues that the clerk unlawfully dismissed several

post-judgment motions, *id.*, but the R&R explains that there were filing deficiencies in

several of Plaintiff's motions and that the Second Circuit, not the clerk, denied the motion

seeking to recall the mandate, among other matters, R&R at 10 n.11.  Plaintiff's

objections do not address this explanation.  Thus, this court finds no clear error with

respect to the R&R's conclusion on jurisdiction.

---

[5] Accordingly, this court need not reach the question of whether it has jurisdiction to enjoin a void act because no such act occurred.  Moreover, the cases that Plaintiff cites fall short of demonstrating Plaintiff's point.  The situation here is not akin to *Kalb v. Feuerstein*, 308 U.S. 433 (1940), in which bankruptcy legislation rendered action by a county court subject to collateral attack.  And unlike the petitioner in *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 270–71 (2010), Plaintiff here did not bring the motion under Fed. R. Civ. P. 60(b), which provides a mechanism for a party to challenge a "void" final judgment before the court that issued said judgment.  *See*, *e.g.*, Second TRO Mot.  Nor is the disciplinary referral a final judgment, order, or proceeding to which that rule can be applied.  *See* Fed. R. Civ. P. 60 advisory committee's note to the 1946 amendment; *see also* Defs.' Resp. at 6 (citing *Defazio v. Wallis,* 500 F. Supp. 2d 197, 200–201 (E.D.N.Y. 2007)).

## II.  Irreparable Harm and Likelihood of Success on the Merits

Judge Aaron concluded that, even if this court had jurisdiction to grant the requested relief, Plaintiff's motion would still be denied.  R&R at 8.  The arguments that Plaintiff offers to demonstrate irreparable harm and likelihood of success on the merits are conclusory or reiterate previous arguments that have been rejected by Judge Aaron and this court.  Thus, the R&R is reviewed for clear error with respect to these arguments.

To establish irreparable harm, parties must show "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025) (citation omitted).  In her motion, Plaintiff discussed reputational harm and stigma from public dissemination of the referral, violation of attorney-client confidentiality, and lost opportunities.  Second TRO Mot. at 8–10.  Judge Aaron noted, however, that Plaintiff "still has not provided any concrete allegations of harm to herself" beyond the "conclusory assertions of harm" that were already deemed by this court "insufficient to show a likelihood of irreparable harm," R&R at 9 (citing First TRO Order at 3–4), and thus that the preliminary injunction should also be denied "because the standards for granting a TRO and a preliminary injunction 'are identical,'" *id.* (citing *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020)).  And while Plaintiff claimed to have been personally harmed "in her ability to access the courts, choose her own counsel and obtain judicial review," Judge Aaron pointed out that she "continues to have access to the courts," "Attorney Lee

continues to represent Plaintiff," and "Plaintiff has been (and continues to be) able to

obtain judicial review."  *Id.* at 9–10.

Nevertheless, in her objections to the R&R, Plaintiff repeats the aforementioned

arguments, claiming that she has suffered "ongoing irreparable harm from the continued

public dissemination and reliance on a void disciplinary referral, the resulting stigma-plus

alteration of legal status, the impairment of Attorney Lee's right to practice her

profession, and ongoing violation of mandatory confidentiality laws, and the chilling of

protected litigation activity."  Pl.'s Obj. at 7.  Because of Plaintiff's ongoing inability to

provide concrete allegations of harm to herself, independent of harm to third parties, *see*

R&R at 9, the court applies the clear error standard and finds none.

Judge Aaron further found that Plaintiff's arguments for likelihood of success on

the merits were already considered and rejected in the court order denying the first

motion for a TRO and preliminary injunction.  R&R at 10 (citing First TRO Order at 4–6).

Because Plaintiff simply repeats previously rejected arguments, *see* Second TRO Mot. at

7, and remarks in a conclusory manner that "none of [the requirements for attorney

disciplinary proceedings] were satisfied here," Pl.'s Obj. at 8, the court again finds no

clear error.

Plaintiff also disputes the R&R's alleged reliance on judicial immunity to carry out

its analysis, Pl.'s Obj. at 8, but, as noted by defendants, the R&R's analysis of likelihood

of success on the merits did not in fact rest on, let alone mention, this doctrine, *see* R&R

at 10; Defs.' Resp. at 8.

### III. Standing and Reinstatement

With respect to Plaintiff's standing, Judge Aaron briefly mentioned in a footnote that Plaintiff's standing was called into question by the First TRO Order.  R&R at 9 n.10 (citing First TRO Order at 3 n.6); *see also* Defs.' Resp. at 9 (acknowledging this footnote).  The R&R does not, however, address Plaintiff's standing in any conclusive manner.  Plaintiff objects to this portion of the R&R with respect to Ms. Park but also requests "reinstatement" of Ms. Lee as a plaintiff.  Pl.'s Obj. at 8–10.  These objections address matters beyond the scope of the R&R and, thus, will not be further addressed here.

### CONCLUSION AND ORDER

This court has reviewed the R&R, Plaintiff's objections, and Defendants' response, and concludes that the R&R is "well-reasoned and grounded in fact and law." *Berger v. Dep't of Def.*, No. 24 CIV. 07450 (JHR) (SDA), 2025 WL 2792595 (S.D.N.Y. Sept. 30, 2025) (citation omitted).  Accordingly, the court **ADOPTS** the R&R in its entirety.  Plaintiff's motions for a preliminary injunction, ECF Nos. 31, 94, are hereby **DENIED**.

/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge
U.S. Court of International Trade
(sitting by designation)

Dated: February 12, 2026
         New York, New York