UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINHYE PARK,

Plaintiff,

- against –

BARRINGTON D. PARKER, *et al.*,

Defendants.

**No. 25 Civ. 789 (MAB) (SDA)**

**MEMORANDUM OF LAW IN SUPPORT OF THE FEDERAL DEFENDANTS'
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street, Third Floor
New York, New York 10007
*Attorney for Federal Defendants*

JONAKI M. SINGH
*Assistant United States Attorney*
– Of Counsel –

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ........................................................................................................................2

I.     Factual Background……………………………………………………..…………...2

II.    Procedural History…………………………………………………..……………4

LEGAL STANDARD…………………………………………………..……………..6

ARGUMENT ...........................................................................................................................7

I.        PLAINTIFF'S CLAIMS ARE BARRED BY JUDICIAL IMMUNITY .....................7

A.  Judicial Immunity Bars Claims Against the Federal Judges…………………..…..7

B.  Judicial Immunity Bars Claims Against Ms. Wolfe, Mr. Coons, and

Mr. Connors……………………………………………………………...………9

II.      PLAINTIFF CANNOT BRING HER CONSTITUTIONAL CLAIMS UNDER
*BIVENS* (COUNTS I, II, III)……………………………………………..………..11

III.    PLAINTIFF OTHERWISE FAILS TO ADEQUATELY ALLEGE ANY
CONSTITUTIONAL CLAIMS…………………………………..……………15

A.  The SAC Fails to Properly Allege Fifth Amendment Due Process or Equal Protection
Violations……………………………………………...…………………………..15

1.     The SAC Does Not Properly Allege Due Process Violations……………..…15

2.     The SAC Does Not Properly Allege Equal Protection Claims……………..17

B.  The SAC Does Not Properly Allege a First Amendment Retaliation Claim………..18

IV.    THE SAC DOES NOT PROPERLY ALLEGE DEFAMATION OR A
VIOLATION OF JUDICIARY LAW § 90(10)……………………………..……19

V.     PLAINTIFF FAILS TO STATE A CLAIM FOR SEVERE EMOTIONAL
DISTRESS AND ULTRA VIRES NON-JUDICIAL MISCONDUCT…………..…23

VI.    THE COURT SHOULD DENY LEAVE TO AMEND…………………….……25

CONCLUSION……………………………………………………………...………25

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Albert v. Loksen*,
   239 F.3d 256 (2d Cir. 2001)......................................................................................... 21

*Argentieri v. Clerk of Court for Judge Kmiotek*,
   420 F. Supp. 2d 162 (W.D.N.Y. 2006) ......................................................................... 10

*Armstrong v. Exceptional Child Ctr., Inc.*,
   575 U.S. 320 (2015)....................................................................................................... 24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................... 6, 15

*Balentine v. Tremblay*,
   2014 WL 519653 (2d Cir. 2014).................................................................................. 16

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................... 6, 7

*Bender v. City of N.Y.*,
   78 F.3d 787 (2d Cir. 1996)....................................................................................... 23, 24

*Bivens v. Six Unknown Fed. Narcotics Agents*,
   403 U.S. 388 (1971)................................................................................................... 2, 12

*Bliven v. Hunt*,
   579 F.3d 204 (2d Cir. 2009).......................................................................................... 7

*Blue v. Koren*,
   72 F.3d 1075 (2d Cir. 1995).......................................................................................... 19

*Bolt Electric Inc. v. City of New York*,
   53 F. 3d 465 (2d Cir. 1995)........................................................................................... 6

*Braithwaite v. Tropea*,
   No. 23 Civ. 1431 (JS) (AYS), 2023 WL 2329856 (E.D.N.Y. Mar. 2, 2023) ......................... 10

*Carlson v. Green*,
   446 U.S. 14 (1980)......................................................................................................... 12

*Celle v. Filipino Reporter Enters. Inc.*,
   209 F.3d 163 (2d Cir. 2000).......................................................................................... 21

*Chamber of Com. of U.S. v. Reich*,
    74 F.3d 1322 (D.C. Cir. 1996) ................................................................ 24

*Chambers v. NASCO*,
    501 U.S. 32 (1991) .............................................................................. 8

*Chmura v. Norton, Hammersley, Lopez & Skokos Inverso PA*,
    No. 3:17 Civ. 2164, 2018 WL 2138631 (D. Conn. May 9, 2018) ............ 9

*Christian v. N.Y. State Bd. of Law Examiners*,
    899 F. Supp. 1254 (S.D.N.Y. 1995) ..................................................... 20

*Cohen v. United States*,
    640 F. Supp. 3d 324 (S.D.N.Y. 2022) .................................................. 13

*Coleman v. Grand*,
    523 F. Supp. 3d 244 (E.D.N.Y. Feb. 26, 2021) ................................... 23

*Comm'n v. Texas*,
    605 U.S. 665 (2025) ..................................................................... 24, 25

*Communications Corp. v. Toshiba Am. Consumer Prods.*,
    129 F.3d 240 (2d Cir. 1997) ................................................................. 6

*Corley v. Vance*,
    365 F. Supp. 3d 407 (S.D.N.Y. 2019) .................................................. 24

*Curley v. Village of Suffern*,
    268 F.3d 65 (2d Cir. 2001) ................................................................. 19

*DaimlerChysler Corp. v. Cuno*,
    547 U.S. 332 (2006) .......................................................................... 20

*Davis v. Passman*,
    442 U.S. 228 (1979) ..................................................................... 12, 13

*Delarosa v. United States*,
    2013 WL 2295665 (N.D.N.Y. May 24, 2013) ..................................... 19

*Diejuste v. Sin*,
    125 F.4th 397 (2d Cir. 2025) ............................................................ 9, 21

*Dieujuste v. Sin*,
    731 F. Supp. 3d 440 (E.D.N.Y. 2024) .............................................. 21, 22

*Dorman v. Higgins,*
    821 F.2d 133 (2d Cir. 1987)..................................................................................... 12

*Egbert v. Boule,*
    596 U.S. 482 (2022) ............................................................................ 12, 13, 15

*Ezekwo v. Neri,*
    No. 20 Civ. 9505 (LTS), 2021 WL 1664411 (S.D.N.Y. Apr. 26, 2021) ................................ 20

*Feng Li v. Rabner,*
    No. 15 Civ. 2484 (KBF), 2015 WL 1822795 (S.D.N.Y. Apr. 22, 2015) ................................ 11

*Filush v. Town of Weston,*
    266 F. Supp. 2d 322 (D. Conn. 2003) ....................................................................... 6

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009)...................................................................................... 6

*Haynes v. Foschio,*
    No. 21-1767, 2022 WL 433337 (2d Cir. Feb. 14, 2022) .................................................. 11

*Higazy v. Templeton,*
    505 F3d 161 (2d Cir. 2007)..................................................................................... 11

*Hu v. City of N.Y.,*
    927 F.3d 81 (2d Cir. 2019)...................................................................................... 17

*In re UBS Erisa Litig.,*
    No. 08 Civ. 6696 (RJS), 2014 WL 4812387 (S.D.N.Y. Sep. 29, 2014)................................ 21

*Kalderon v. Finkelstein,*
    495 F. App'x 103 (2d Cir. 2012) ............................................................................. 16

*Mahon v. Ticor Title Ins. Co.,*
    683 F.3d 59 (2d Cir. 2012)..................................................................................... 20

*Manchanda v. Reardon,*
    2023 WL 8879226 (S.D.N.Y. Dec. 22, 2023) ........................................................... 11

*Manko v. Ruchelsman,*
    No. 12 Civ. 4100, 2012 WL 4034038 (E.D.N.Y. Sept. 10, 2012)...................................... 9

*Marks-Ellis v. NYU Langone Health Sys.,*
    No. 23 Civ. 9618 (KPF), 2025 WL 1784814 (S.D.N.Y. June 27, 2025)................................ 25

*McBryde-O'Neal v. Polichetti,*
No. 23 Civ. 10113 (JPC) (RFT), 2025 WL 1042325 (S.D.N.Y. Jan. 30, 2025)...................... 14

*McCaul v. Ardsley Union Free Sch. Dist.,*
514 F. App'x 1 (2d Cir. 2013) ................................................................... 16

*McKeown v. N.Y. State Comm'n on Jud. Conduct,*
377 F. App'x 121 (2d Cir. 2010) ................................................................. 11

*Melvin v. City of N.Y.,*
No. 24 Civ. 4118 (RA), 2025 WL 692126 (Mar. 4, 2025) ..................................... 17

*Montesano v. New York,*
No. 05 Civ. 9574 (GBD), 2006 WL 944285 (S.D.N.Y. Apr. 12, 2006)................... 14

*Mortise v. United States,*
102 F.3d 693 (2d Cir. 1996)...................................................................... 24

*Napolitano v. Saltzman,*
315 F. App'x 351 (2d Cir. 2009) ............................................................... 11

*Nasirudden v. Pliler,*
No. 21 Civ. 7044 (CS), 2024 WL 2262664 (S.D.N.Y. May 17, 2024) ................... 14

*Neroni v. Peebles,*
No. 14 Civ. 584 (GTS/ATB), 2014 WL 12768331 (N.D.N.Y. June 20, 2014)...................... 14

*Park v. Kim,*
91 F.4th 610 (2d Cir. 2024) ................................................................. passim

*Park v. Kim,*
2022 WL 4229258 (E.D.N.Y. Aug. 25, 2025)....................................................... 2, 3

*Park v. Kim,*
No. 20 Civ. 2636 (PKC), 2022 WL 3643966 (E.D.N.Y. Aug. 24, 2022)................................. 3

*Paul v. Davis,*
424 U.S. 693 (1976)................................................................................ 20

*Pierre v. EDNY,* No. 18 Civ. 12193 (CM),
2019 WL 1988528 (S.D.N.Y. May 3, 2019) ........................................................ 9

*Raines v. Byrd,*
521 U.S. 811 (1997)............................................................................... 21

v

*Reiss v. Baron*,
No. 22 Civ. 908 (LTS), 2022 WL 624420 (S.D.N.Y. Mar. 3, 2022).........................................26

*Rodriguez v. Weprin*,
116 F.3d 62 (2d Cir. 1997)......................................................................................................10

*Rosellini v. Lane*,
No. 20 Civ. 5434 (NSR), 2020 WL 4195022 (S.D.N.Y. July 21, 2020)..................................7

*Russo v. Wells Fargo Bank, N.A.*,
No. 25 Civ. 2804 (HG) (TAM), 2025 WL 2052258 (E.D.N.Y. July 22, 2025, *appeal filed* Aug. 22, 2025) ...............................................................................................................................9, 10

*Sadallah v. City of Utica*,
383 F.3d 34 (2d Cir. 2004)......................................................................................................16

*Schoch v. Scattaretic-Naber*,
No. 24 Civ. 2294 (CS), 2024 WL 2221383 (S.D.N.Y. May 16, 2024) ...................................23

*Siomkos v. Beckerman*,
No. 25 Civ. 4103 (DEH), 2025 WL 1489761 (S.D.N.Y. May 23, 2025)................................25

*Spiteri v. Russo*,
No. 12 Civ. 2780 (MKB) (RLM), 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013)....................16

*Stump v. Sparkman*,
435 U.S. 349 (1978).................................................................................................................7

*Taveres v. UBS AG*,
612 F. App'x. 27 (2d Cir. 2015) ............................................................................................21

*Viera v. U.S.*,
No. 24 Civ. 1862 (LTS), 2024 WL 2219434 (S.D.N.Y. May 14, 2024).................................20

*Viola v. Bryant*,
No. 17 Civ. 853 (CSH), 2017 WL 2676407 (D. Conn. June 21, 2017)...................................14

*Worrell v. City of New York*,
No. 12 Civ. 6151 (MKB), 2014 WL 1224257 (E.D.N.Y. Mar. 24, 2014) ........................16, 17

*Wozar v. Campbell*,
763 F. Supp. 3d 179 (D. Conn. 2025)................................................................................13, 18

*Xi v. Haugen*,
68 F.4th 824 (3d Cir. 2023) ...................................................................................................14

*Ziglar v. Abbasi*,
 582 U.S. 120 (2017) .................................................................................................... 12, 13

<u>Statutes</u>

28 U.S.C. § 351 ............................................................................................................... 14

28 U.S.C. § 636(b) ............................................................................................................. 3

2025 WL 278360 (E.D.N.Y. Sept. 30, 2025) ............................................................... 18

New York Judiciary Law § 90(10) ..................................................................... passim

<u>Rules</u>

Federal Rules of Civil Procedure 37(b)(2)(A)(v) .......................................................... 2

Jay Clayton, United States Attorney for the Southern District of New York, on behalf of defendants Judge Barrington D. Parker, Judge Alison J. Nathan, Judge Sarah A. L. Merriam, Judge Pamela K. Chen, Judge Lois Bloom, and Catherine O'Hagan Wolfe in their individual capacities, and David Coon and Terrence M. Connors in their official capacities as members of the Committee on Admissions and Grievances (collectively, the "Federal Defendants"), respectfully submits this memorandum of law in support of the Federal Defendants' motion to dismiss the Second Amended Complaint.  ECF No. 132.

## PRELIMINARY STATEMENT

This case arises out of a dismissed medical malpractice case brought by plaintiff Minhye Park ("Plaintiff") in the United States District Court for the Eastern District of New York ("EDNY").  According to Plaintiff, Judge Bloom and Judge Chen improperly dismissed her case, and then on appeal, a Second Circuit panel composed of Judge Parker, Judge Nathan, and Judge Merriam erroneously affirmed dismissal without review of the record.  Plaintiff alleges that Catherine O'Hagan Wolfe, Clerk of Court for the Second Circuit, subsequently struck her post-judgment motions from the docket without judicial review.  In addition, Plaintiff challenges Judge Parker's, Judge Nathan's, and Judge Merriam's referral of her counsel, Jae S. Lee, to the Second Circuit's Committee on Admissions and Grievances (the "Committee") for citing to an AI-generated case that did not exist, and claims that Committee acted without jurisdiction to proceed with the referral.

All of Plaintiff's claims against the Federal Defendants are barred by the doctrine of judicial immunity.  They should therefore be dismissed on that basis alone.  But even if these claims were not barred by judicial immunity, Plaintiff's claims would still fail.  Her constitutional claims against the Federal Defendants are foreclosed by Supreme Court precedent limiting claims

under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*"), and in any event, the SAC fails to adequately plead these claims.

Plaintiff's remaining claims against the Federal Defendants (for defamation, violation of New York Judiciary Law § 90(10), severe emotional distress, and ultra vires conduct) suffer from two fatal flaws. First, Plaintiff lacks standing to allege many of these claims, as the alleged injuries giving rise to these claims relate entirely to her attorney Ms. Lee, who is not named as a plaintiff in the SAC. Plaintiff fails to adequately allege that *she herself* has suffered any injury. Second, even if Plaintiff did have standing, she fails to adequately allege any of these claims.

Accordingly, Plaintiff's claims against the Federal Defendants should be dismissed.

## BACKGROUND

### I. Factual Background

Plaintiff initiated a medical malpractice action against Dr. David Dennis Kim in EDNY on June 13, 2020. *See Park v. Kim*, No. 20 Civ. 2636 (PKC) (LB) (E.D.N.Y.) (hereinafter, "*Park v. Kim*")); Second Amended Complaint ("SAC"), ECF No. 132, ¶ 6. Jae S. Lee ("Ms. Lee")—the same attorney who represents Plaintiff in the instant matter—represented Plaintiff in *Park v. Kim*. *See generally* SAC. During discovery, Kim moved to compel Plaintiff to produce documents and to respond to interrogatories. *See Park v. Kim*, 2022 WL 4229258, at *1 (E.D.N.Y. Aug. 25, 2025). Judge Bloom granted Kim's motion to compel and ordered Plaintiff to produce certain records. *Id.* (citing Order dated August 11, 2021).

Plaintiff failed to comply with this order, but Judge Bloom gave Plaintiff additional time to comply. *Id.* at *2. However, Plaintiff still failed to comply with her discovery obligations and Kim filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). *Id.* at *1-2. Judge Chen referred the motion to Judge Bloom for a Report and

2

Recommendation in accordance with 28 U.S.C. § 636(b). *Id.* at *1. Judge Bloom recommended granting Kim's motion to dismiss and dismissing Plaintiff's action. *See id.* Judge Chen adopted Judge Bloom's Report and Recommendation in full. *Park v. Kim*, No. 20 Civ. 2636 (PKC), 2022 WL 3643966 (E.D.N.Y. Aug. 24, 2022). Plaintiff then appealed the dismissal of her case to the Second Circuit. *Park v. Kim*, 91 F.4th 610 (2d Cir. 2024).

On January 30, 2024, a Second Circuit panel composed of Judge Parker, Judge Nathan, and Judge Merriam affirmed Judge Chen's dismissal of Plaintiff's case. *Park*, 91 F.4th at 613 (concluding that Plaintiff's "noncompliance amounted to 'sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply . . . would result in the dismissal of the action'"). In addition to affirming Judge Chen's dismissal, the Second Circuit addressed the conduct of Plaintiff's counsel, Ms. Lee. *Id.* at 613-16. The Court noted that Ms. Lee's reply brief only cited two court decisions and that the Court was unable to locate one of those two cases. *Id.* Ms. Lee later admitted that the case did not exist and explained that she had relied on ChatGPT for the citation. *Id.* The Court ultimately found that Ms. Lee's submission presented "a false statement of law" and further, that Lee "made <u>no</u> inquiry, much less the reasonable inquiry required by Rule 11 and long-standing precedent, into the validity of the arguments she presented." *Id.* at 615 (emphasis in original). The Court therefore referred Ms. Lee to the "Court's Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration of a referral to the Committee on Admissions and Grievances." *Id.* at 616.

## II. Procedural History

On February 4, 2025—approximately one year after the Second Circuit issued its decision—Ms. Lee filed a complaint on behalf of herself and Minhye Park in the United States

District Court for the Southern District of New York against Judge Parker, Judge Nathan, and Judge Merriam. *See* ECF No. 9. On April 1, 2025, Ms. Lee filed an Amended Complaint that named only Minhye Park as a plaintiff and added new claims against Judge Chen, Judge Bloom, Catherine O'Hagan Wolfe, David Coon, Terrence M. Connors, and OpenAI Foundation.[1] ECF No. 20. That same day, Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction to enjoin her disciplinary hearing and the dissemination of or reliance on the January 2024 disciplinary referral. ECF No. 31 at 1. On April 3, 2025, the Court denied Plaintiff's motion for a TRO, finding that Plaintiff had not met the requirements for irreparable harm or likelihood of success on the merits. ECF No. 36 ("April Order"), at 4-5.

On August 15, 2025, Plaintiff filed a second motion for a TRO and preliminary injunction. ECF No. 94. The Court denied that motion on August 19, 2025, noting that Plaintiff "entirely fail[ed] to address the basis for the court's prior TRO rulings and present[ed] no new reasons for requiring *immediate* relief." Order dated August 19, 2025, ECF No. 103, at 2 (emphasis in original). On August 29, 2025, the Federal Defendants responded to both of Plaintiff's preliminary injunction motions. ECF No. 114.

Plaintiff filed an unopposed motion for leave to file a Second Amended Complaint ("SAC") on August 27, 2025. ECF No. 111. On November 17, 2025, the Court granted in part and denied in part Plaintiff's motion to amend and directed Plaintiff to file a corrected version of the proposed SAC by December 1, 2025. ECF No. 124. Plaintiff filed the Second Amended Complaint, which names only Minhye Park as Plaintiff, on December 3, 2025. ECF No. 132. On

---

[1] Plaintiff's filing was rejected as deficient on several occasions but was ultimately accepted on April 4, 2025. ECF No. 48.

December 8, 2025, Judge Aaron issued a Report and Recommendation that Plaintiff's motions for a preliminary injunction be denied. ECF No. 135.

Between December 24, 2025 and January 13, 2026, Plaintiff sought leave to file a Third Amended Complaint to "reinstate Jae S. Lee, Esq. as Plaintiff" (ECF No. 145), but these filings were rejected as deficient and failed to comply with the Local Rules. *See* ECF Nos. 151, 153, 154. On January 20, 2026, the Court ordered Plaintiff to "file any corrected motion to amend no later than Friday, January 23, 2026," and that "[a]ny such motion must comply with Local Civil Rule 15.1 and the Court's Orders[.]" ECF No. 157.

On January 23 and 24, 2026, Plaintiff sought to file a motion for leave to file the Third Amended Complaint, but these filings were once again rejected as deficient. ECF Nos. 158, 159.[2] On February 12, 2026, the Court adopted the Report and Recommendation and denied Plaintiff's motions for a preliminary injunction. ECF No. 163. In that Order, the Court acknowledged that Plaintiff had attempted to file a Third Amended Complaint on January 23rd, but that "these filings were deficient based on filing errors." *Id.* at 3-5 n.2. The Court further noted that "[t]o date, because Plaintiff has not remedied her filing errors and obtained leave from the court, the second amended complaint remains the operative pleading." *Id.*[3]

The SAC pleads constitutional claims pursuant to *Bivens* against Defendants Judge Parker, Judge Nathan, Judge Merriam, Judge Chen, Judge Bloom, and Ms. Wolfe (SAC Counts I, II III). The SAC also includes a Defamation (Libel) and Violation of Judiciary Law § 90(10) claim (SAC Count IV) and a "Severe Emotional Distress (Ultra Vires Non-Judicial Misconduct)" claim (SAC

---

[2] The Federal Defendants and Defendant Open AI Foundation nevertheless submitted an opposition to Plaintiff's motion to amend in the event the Court overlooked these filing deficiencies and adjudicated the motion on the merits. ECF Nos. 161, 162.

[3] On February 21, 2026, Plaintiff once again attempted to file a Third Amended Complaint (ECF No. 168), but this filing was also rejected as deficient.

Count V).  Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.  *See* SAC Prayer for Relief.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In ruling on a motion to dismiss under 12(b)(6), a court must assume as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *Filush v. Town of Weston*, 266 F. Supp. 2d 322, 326 (D. Conn. 2003); *Bolt Electric Inc. v. City of New York*, 53 F. 3d 465, 469 (2d Cir. 1995).  A court should dismiss a claim pursuant to Rule 12(b)(6) if the plaintiff "can prove no set of facts, consistent with its complaint, that would entitle it to relief."  *Elec. Communications Corp. v. Toshiba Am. Consumer Prods.*, 129 F.3d 240, 242-43 (2d Cir. 1997).  A plaintiff must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## ARGUMENT

### I.    PLAINTIFF'S CLAIMS ARE BARRED BY JUDICIAL IMMUNITY

All of Plaintiff's claims are barred by judicial immunity.  Judicial immunity shields the federal judges and those who perform administrative functions associated with the judicial process from Plaintiff's claims.  Plaintiff's claims against the Federal Defendants should be dismissed on

this basis alone.

### A. Judicial Immunity Bars Claims Against the Federal Judges

It is "well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).[4]  "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210.  "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209.  Judicial immunity may only be overcome when the "judge acts outside his [or her] judicial capacity, or when the judge takes action that, although judicial in nature, is taken in absence of jurisdiction." *Rosellini v. Lane*, No. 20 Civ. 5434 (NSR), 2020 WL 4195022, at *2 (S.D.N.Y. July 21, 2020) (internal quotation marks omitted).  However, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff insists that the actions challenged in the SAC "involve non-judicial administrative conduct . . . placing these acts outside the scope of judicial immunity."  SAC ¶ 2.  That is wrong. The SAC fails to allege *any* facts suggesting that the federal judges acted outside of their judicial capacities.  Indeed, Plaintiff complains of rulings issued by the judges in *Park v. Kim.  See, e.g.,* SAC ¶¶ 14, 18 (alleging that Judge Chen and Judge Bloom denied two motions for sanctions against defense counsel); *id.* ¶ 21 (alleging that Judge Parker, Judge Nathan and Judge Merriam affirmed dismissal of *Park v. Kim* "without reviewing the record").  This conduct falls squarely within the scope of the federal judges' judicial responsibilities.  *See, e.g., Almonte v. "Law Enforcement Agency*", No. 21 Civ. 8270 (LLS), 2021 WL 5233765, at *2 (S.D.N.Y. Nov. 5, 2021) (judicial immunity applied to *Bivens* claim against judge who had allegedly improperly dismissed

---

[4] While the doctrine of judicial immunity applies only to suits for monetary damages, as discussed *infra* at n.6, Plaintiff's claims for injunctive relief also fail because such relief is not available under *Bivens*.

plaintiff's case); *Ajaj v. MacKenzie*, No. 07 Civ. 5959 (PKC) (DCF), 2008 WL 3166659, at *2 (S.D.N.Y. Aug. 4, 2008) ("The acts alleged to give rise to the liability of the judicial defendants are acts normally performed by judges in their judicial capacities.").

Nor has Plaintiff alleged facts sufficient to show that the federal judges acted outside of their jurisdiction.  Plaintiff alleges that Judge Parker, Judge Nathan, and Judge Merriam "issued a sua sponte disciplinary referral" in violation of Rule 11.  SAC ¶ 22.  But as the Court has already determined in connection with Plaintiff's initial motion for a TRO, the filing that led to her referral was a "reply brief to the Second Circuit," and therefore, Rule 11 was applicable.  *See* April Order at 5 (finding that the judges were also "not required to issue a show cause order pursuant to Rule 11(c)(3) prior to making [the disciplinary referral]").  Regardless, even if Rule 11 did not apply, "[f]ederal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them." *Chambers v. NASCO*, 501 U.S. 32, 33 (1991).  The Court also determined that the Second Circuit panel's referral of Ms. Lee's conduct to the Grievance Committee was consistent with Local Rule 46.2, which provides that all attorney disciplinary matters are initially handled by a panel of judges (the "Grievance Panel"), and then the Grievance Panel may refer the matter to the Committee on Admissions and Grievances. *See* Apr. Order at 3 n. 7; Second Circuit Local Rules 46.2(a), 46.2(b)(2)(A).

## B.  Judicial Immunity Bars Claims Against Ms. Wolfe, Mr. Coons, and Mr. Connors

Plaintiff's claims against Catherine O'Hagan Wolfe, Clerk of the Court for the U.S. Court of Appeals for the Second Circuit, are similarly barred by judicial immunity.  "Absolute judicial immunity also extends to those who, at the direction of a judicial officer, perform administrative functions closely associated with the judicial process." *Diejuste v. Sin*, 125 F.4th 397, 399 (2d Cir. 2025).  Accordingly, courts in this Circuit have found that judicial immunity also applies to clerks

of court "for their acts that assist a judge in the performance of his or her judicial duties." *Pierre v. EDNY*, No. 18 Civ. 12193 (CM), 2019 WL 1988528, at *3 (S.D.N.Y. May 3, 2019); *see also Almonte*, 2021 WL 5233765, at *3 ("Judicial immunity has been extended to court clerks and 'others who perform functions closely associated with the judicial process' when they are performing discretionary acts of a judicial nature which are essential to the judicial process[.]"); *Chmura v. Norton, Hammersley, Lopez & Skokos Inverso PA*, No. 3:17 Civ. 2164, 2018 WL 2138631, at *2 (D. Conn. May 9, 2018) (extending judicial immunity to a clerk of court); *Manko v. Ruchelsman*, No. 12 Civ. 4100, 2012 WL 4034038, *2 (E.D.N.Y. Sept. 10, 2012) (same), *appeal dismissed*, 12-4080 (2d Cir. Jan. 31, 2013).

Plaintiff's allegations against Wolfe relate entirely to her efforts to assist the Second Circuit judges in the performance of their duties. *See* SAC ¶ 40 (alleging that Wolfe denied or removed Plaintiff's post-judgment motions from the docket). First, Wolfe's "oversight" of the docket "fall[s] squarely within [her] judicial capacit[y]." *Russo v. Wells Fargo Bank, N.A.*, No. 25 Civ. 2804 (HG) (TAM), 2025 WL 2052258, at *2 (E.D.N.Y. July 22, 2025, *appeal filed* Aug. 22, 2025). While Ms. Wolfe signed an order assessing $569.20 in taxes against Plaintiff pursuant to Federal Rule of Appellate Procedure 39(a), *see Park v. Kim*, 22-2057, Dkt. No. 220 (dated April 11, 2024), she did so pursuant to Second Circuit Local Rule 45.1, which provides the clerk with authority to issue orders on behalf of the court. *See* Second Circuit Local Rule 45.1.

Numerous courts in this Circuit, as well as the Second Circuit itself, have found that judicial immunity applies to a clerk of court in similar circumstances. *See, e.g.*, *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending immunity to clerks who were ordered by judges not to expand the record on appeal); *Russo*, 2025 WL 2052258, at *2 (extending immunity to clerk of court where plaintiff's claims concerned her oversight of docketing procedures); *Almonte*, 2021

WL 5233765, at *3 (extending judicial immunity to clerk of court where plaintiff's claim related to the processing of his case); *Argentieri v. Clerk of Court for Judge Kmiotek*, 420 F. Supp. 2d 162, 165 (W.D.N.Y. 2006) (finding clerk entitled to immunity where plaintiff claimed that clerk had failed to acknowledge his motions or schedule his court proceedings). In the absence of any allegations that a clerk of court acted outside of her official capacity, courts have found that judicial immunity applies. *See Braithwaite v. Tropea*, No. 23 Civ. 1431 (JS) (AYS), 2023 WL 2329856, at *4 (E.D.N.Y. Mar. 2, 2023) (finding clerk of court immune where there were no allegations that he acted outside the scope of his official capacity); *Manko v. Steinhardt* (KAM) (LB), No. 11 Civ. 5430, 2012 WL 213715, at *3 (E.D.N.Y. Jan. 24, 2012) (finding clerk of court immune where there were no allegations that clerk acted in individual capacity). Plaintiff's claims against Ms. Wolfe are therefore barred by judicial immunity.

Plaintiff's claims against David Coon and Terrence M. Connors in their official capacities as members of the Committee on Admissions and Grievances are similarly barred by judicial immunity.[5] Courts in this circuit have repeatedly held that grievance committees that oversee attorney discipline engage in judicial functions and thus are entitled to immunity or quasi-judicial immunity. *See, e.g.*, *McKeown v. N.Y. State Comm'n on Jud. Conduct*, 377 F. App'x 121, 124 (2d Cir. 2010) (summary order) ("Prosecutors, hearing examiners, and law clerks are eligible for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles."); *Napolitano v. Saltzman*, 315 F. App'x 351, 351-52 (2d Cir. 2009) (summary order) (finding that the counsel to the Grievance Committee was entitled to immunity because his actions were "quasi-public adjudicatory [or] prosecutorial in nature"

---

[5] Although Messrs. Coon and Connors are listed in the caption of the SAC and are identified as defendants, Plaintiff does not assert any claims against them. But even if Plaintiff had asserted any claims against them, these claims would be barred by judicial immunity.

(internal quotation marks omitted); *Manchanda v. Reardon*, 2023 WL 8879226, at *6 (S.D.N.Y. Dec. 22, 2023) ("[M]embers of the staffs of the attorney grievance committees of the state courts are entitled to quasi-judicial immunity."); *Feng Li v. Rabner*, No. 15 Civ. 2484 (KBF), 2015 WL 1822795, at *4 (S.D.N.Y. Apr. 22, 2015) ("Because a state grievance committee acts 'as a quasi-judicial body,' its members are entitled to quasi-judicial immunity."), *aff'd*, 643 F. App'x 57 (2d Cir. 2016) (summary order).

Accordingly, Plaintiff's claims against the Federal Defendants are barred by judicial immunity, and the allegations in the SAC cannot circumvent that immunity. But even if judicial immunity does not bar these claims, the allegations in the SAC are plainly insufficient to properly state these claims.

## II.  PLAINTIFF CANNOT BRING HER CONSTITUTIONAL CLAIMS UNDER *BIVENS* (COUNTS I, II, III)

The SAC asserts several *Bivens* claims against the Federal Defendants. Count I asserts Due Process violations under the Fifth Amendment against Judge Parker, Judge Nathan, Judge Merriam, Judge Chen, Judge Bloom, and Catherine O'Hagan Wolfe. SAC ¶¶ 58–71. Count II alleges retaliation in violation of Plaintiff's First Amendment rights (*id.* ¶¶ 72–79), and Count III alleges a Fifth Amendment equal protection selective enforcement claim against these same Defendants (*id.* ¶¶ 80–84). As discussed above, the Federal Defendants are absolutely immune from suit for monetary damages because the actions at issue were within the scope of their judicial responsibilities and processes. *Dorman v. Higgins*, 821 F.2d 133, 137-39 (2d Cir. 1987) (applying judicial immunity to *Bivens* claims). [6]

---

[6] Nor can Plaintiff seek injunctive relief in connection with her *Bivens* claim. "The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities." *Higazy v. Templeton*, 505 F3d 161, 169 (2d Cir. 2007); *see also Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *1 (2d Cir. Feb. 14, 2022) (affirming dismissal of plaintiff's *Bivens* claims against four federal judges on

But even if they were not immune, Plaintiff's *Bivens* claims are foreclosed by the Supreme Court's decisions in *Egbert v. Boule*, 596 U.S. 482 (2022) and *Ziglar v. Abbasi*, 582 U.S. 120 (2017).  In *Bivens,* the Supreme Court recognized an implied cause of action for an alleged violation of the Fourth Amendment against agents of the Federal Bureau of Narcotics. 403 U.S. at 389.  Since *Bivens*, the Supreme Court has implied a constitutional damages remedy on only two other occasions: first, a Fifth Amendment sex-discrimination claim by a former congressional staffer, *see Davis v. Passman*, 442 U.S. 228 (1979); and second, an Eighth Amendment inadequate-care claim by a federal prisoner, *Carlson v. Green*, 446 U.S. 14 (1980). *See Komatsu v. United States*, No. 21 Civ. 1838 (RJD), 2023 WL 317326, at *5 (S.D.N.Y. Jan. 19, 2023). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."  *Ziglar*, 582 U.S. at 131. The Supreme Court has since "emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (internal quotation marks omitted).

To decide whether a *Bivens* claim may proceed, courts apply a "two-step test, which first asks '[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court,' meaning that it presents a new context, . . . and then asks if there are 'special factors counselling hesitation in the absence of affirmative action by Congress,' in which case a court should decline to extend *Bivens*."  *Cohen v. United States*, 640 F. Supp. 3d 324, 336 (S.D.N.Y. 2022), *aff'd* 2024 WL 20558 (2d Cir. 2024) (quoting *Ziglar*, 582 U.S. at 136).  In *Egbert*, the Supreme Court endorsed an "even narrower" test, stating that "'[w]hile our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that

---

judicial immunity grounds and noting that plaintiff's request for injunctive relief "must be dismissed as frivolous" because "such relief is not available in a *Bivens* action").

Congress might be better equipped to create a damages remedy.'" *Id.* at 337 (quoting *Egbert*, 596 U.S. at 492).  Post-*Egbert*, there is a clear default answer to this question: "in *most every case*," "the answer is 'Congress.'" *Egbert*, 596 U.S. at 492 (emphasis added);  *see also Cohen,* 640 F. Supp. 3d at 337 ("[T]he *Egbert* Court made clear that, effectively, it operates as a bar to a Bivens claim in all cases except, perhaps, those involving Fourth, Fifth and Eighth Amendment claims factually indistinguishable from *Bivens*, *Passman*, or *Carlson*.").

Here, there is no question that Plaintiff's First and Fifth Amendment claims arise in a new context. *See, e.g.*, *Wozar v. Campbell*, 763 F. Supp. 3d 179, 201 (D. Conn. 2025) (dismissing *Bivens* claim for First Amendment retaliation because that claim "arises in a new context" and was "different in a meaningful way from previous *Bivens* cases").  While *Davis* also involved a Fifth Amendment violation, Plaintiff's allegations are meaningfully different from the facts alleged in *Davis.*  Plaintiff alleges due process and equal protection/selective enforcement violations under the Fifth Amendment (*see, e.g.*, SAC ¶ 4; Count I, II, III), whereas *Davis* involved an equal protection claim for sex discrimination under the Fifth Amendment, *see Davis*, 442 U.S. at 231. The Supreme Court has held that this type of factual distinction—a difference in the constitutional right at issue—creates a "new context." *Egbert,* 142 S. Ct. at 1807 ("[A] new context arises when there is a new constitutional right at issue.").  Accordingly, courts in this Circuit have routinely declined to extend *Bivens* to a claim for due process violations under the Fifth Amendment.  *See McBryde-O'Neal v. Polichetti*, No. 23 Civ. 10113 (JPC) (RFT), 2025 WL 1042325, at *10 (S.D.N.Y. Jan. 30, 2025), *report and recommendation adopted*, No. 23 Civ. 10113 (JPC) (RFT), 2025 WL 752055 (S.D.N.Y. Mar. 10, 2025) (finding *Bivens* claim for deprivation of property under the Fifth Amendment failed because it arose in a novel context and was "far removed from a claim for gender discrimination"); *Nasirudden v. Pliler*, No. 21 Civ. 7044 (CS), 2024 WL

2262664, at *10 (S.D.N.Y. May 17, 2024) (declining to extend *Bivens* to claim involving deprivation of property without due process because the facts were "meaningfully different from the *Bivens* trilogy"). Courts have also declined to extend *Bivens* to Fifth Amendment equal protection claims that were not based on gender discrimination. *See, e.g., Xi v. Haugen*, 68 F.4th 824, 835 (3d Cir. 2023) (declining to extend *Bivens* to Fifth Amendment equal protection claim based on racial discrimination).

Moreover, Congress has already established alternative remedial structures to address the type of conduct alleged here. If Plaintiff believes that any of the judges named in this case "acted in error, maliciously, or improperly, [her] remedies were to appeal the allegedly erroneous rulings or file a complaint under [the Judicial Conduct and Disability Act of 1980,] 28 U.S.C. § 351." *Viola v. Bryant*, No. 17 Civ. 853 (CSH), 2017 WL 2676407, at *4 (D. Conn. June 21, 2017); *Neroni v. Peebles*, No. 14 Civ. 584 (GTS/ATB), 2014 WL 12768331, at *6 (N.D.N.Y. June 20, 2014) (proper avenue for challenging a judicial determination is a motion for reconsideration, an objection filed with the district judge, an appeal to the court of appeals, or a complaint filed pursuant to 28 U.S.C. §351, but "not a collateral action seeking a declaration that the presiding judges' determinations or behavior violated the litigant's constitutional rights"); Fed. R. App. P. 40 (allowing party to file petition for rehearing); 28 U.S.C. § 1254 (allowing party to file petition for writ of certiorari with the Supreme Court); *see also Montesano v. New York*, No. 05 Civ. 9574 (GBD), 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) ("Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments."). The availability of "alternative remedial structures" alone, "like any special factor, is reason enough" to reject a new *Bivens* action—even if other "remedies do not provide complete relief." *Egbert*, 596 U.S. at 493 (internal quotation marks omitted).

Accordingly, Plaintiff's *Bivens* claims should be dismissed.

## III.  PLAINTIFF OTHERWISE FAILS TO ADEQUATELY ALLEGE ANY CONSTITUTIONAL CLAIMS

Even if the Plaintiff's claims were not barred by judicial immunity and even if the Court were to create a new *Bivens* remedy here, Plaintiff's constitutional claims against the Federal Defendants should be dismissed for the independent reason that they fail to state a claim.

### A.  The SAC Fails to Properly Allege Fifth Amendment Due Process or Equal Protection Violations

#### 1.  The SAC Does Not Properly Allege Due Process Violations

The SAC fails to properly allege either a procedural due process violation or a "stigma plus" due process violation.  SAC ¶¶ 60–71.  Plaintiff alleges that the following actions by the Federal Defendants deprived her of due process: (1) the Second Circuit panel's disciplinary referral (SAC ¶ 60); (2) Ms. Wolfe's striking of motions and issuance of disciplinary materials related to Ms. Lee (SAC ¶ 61); and (3) Judge Chen and Judge Bloom's denial of Plaintiff's motions for sanctions (SAC ¶ 62).  First, the allegations regarding the Second Circuit panel's disciplinary referral or the issuance of disciplinary materials pertain only to Ms. Lee, not Plaintiff.  Plaintiff does not explain how these actions deprive *her* of due process.  Plaintiff further alleges that these actions deprived her of "notice," "opportunity to be heard," "impartial adjudication," "access to the courts, access to appellate review and a fair process," and "the right to seek redress without retaliation."  (SAC ¶ 63).  These allegations are conclusory and cannot state a claim.  *See Iqbal*, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Nor does the SAC properly allege a "stigma plus" due process claim.  A plaintiff must allege that she "suffered a 'stigma resulting from the defamatory character of [a government statement] combined with some other state-imposed alteration in [the plaintiff's] legal status.'"

15

*Spiteri v. Russo*, No. 12 Civ. 2780 (MKB) (RLM), 2013 WL 4806960 at *20 (E.D.N.Y. Sept. 7, 2013) (quoting *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 3–4 (2d Cir. 2013)). "[A] plaintiff must allege facts showing both (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that . . . she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement." *Kalderon v. Finkelstein*, 495 F. App'x 103, 107 (2d Cir. 2012). "The injuries that flow directly from a tarnished reputation cannot, standing alone, satisfy the 'plus' element" of a "tangible and material state-imposed burden." *Worrell v. City of New York*, No. 12 Civ. 6151 (MKB), 2014 WL 1224257, at *4–5 (E.D.N.Y. Mar. 24, 2014) (citing *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). "Burdens that have been found to satisfy the 'plus' element of a stigma plus claim include the loss of a protected property interest or a statutorily-granted privilege, such as termination of government employment, loss of the right to purchase alcohol, loss of the right to public education, and deprivation of property." *Id.* (citing *Balentine v. Tremblay*, 2014 WL 519653, at *3 (2d Cir. 2014)).

Plaintiff's allegations in the SAC are plainly insufficient to state a claim for a stigma plus due process claim. First, Plaintiff fails to allege any of the Federal Defendants' statements made *about* her that were injurious to her reputation – instead, she alleges only that Defendants publicly disseminated "stigmatizing statements" regarding the disciplinary referral of Ms. Lee. (SAC ¶¶ 64–67). Even if these statements about Ms. Lee could be sufficiently stigmatizing for Plaintiff – and they are not – Plaintiff fails to allege any "tangible or material" state-imposed burden imposed on her because of these statements. Plaintiff's alleged burdens of "reputational harm, loss of legal practice opportunities, emotional distress, litigation disadvantage, and ongoing deprivation of liberty and property interests" (*id.* ¶ 70) fall well short of the "loss of protected property interest

or a statutorily-granted privilege" that have been found to satisfy the "plus" element of a stigma plus claim. *See Worrell*, 2014 WL 1224257, at *5. Indeed, Plaintiff's alleged harms of "litigation disadvantage" and "reputational harm" are nothing more than "the injuries that flow directly from a tarnished reputation," and cannot support a stigma plus claim. *Id.* Finally, the SAC is devoid of any facts supporting that *Plaintiff* experienced any "loss of appellate rights" due to Ms. Lee's conduct in the litigation.

### 2.    The SAC Does Not Properly Allege Equal Protection Claims

Count III asserts an Equal Protection Selective Enforcement claim against Defendants Judge Parker, Judge Nathan, Judge Merriam, Judge Chen, Judge Bloom, and Wolfe (SAC ¶¶ 80–84). To state an equal protection claim based on selective enforcement, "a plaintiff must demonstrate that: '(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Melvin v. City of N.Y.*, No. 24 Civ. 4118 (RA), 2025 WL 692126, at *4 (Mar. 4, 2025) (quoting *Hu v. City of N.Y.*, 927 F.3d 81, 91 (2d Cir. 2019)).

Plaintiff does not allege (1) that she was treated differently compared to other litigants, including those whose attorneys were referred to the Grievance Panel, or (2) that any such disparate treatment was motivated by discriminatory intent or bad faith. To the extent Plaintiff's equal protection claim arises out of Ms. Lee's referral to the Grievance Panel (SAC ¶ 81(a)), there are no allegations that the referral was motivated by discriminatory intent or malice. *225 Northport, LLC v. Village of Northport*, No. 24 Civ. 2967 (ARR) (ARL), 2025 WL 278360, at *9 (E.D.N.Y. Sept. 30, 2025) (dismissing equal protection selective enforcement claim when complaint was

"totally bereft of facts indicating that defendants" harbored ill will or inappropriate motives and that such motives caused their actions).

Accordingly, Plaintiff's claims for Fifth Amendment due process and equal protection violations should be dismissed.

### B.  The SAC Does Not Properly Allege a First Amendment Retaliation Claim

The SAC also fails to state a claim for retaliation in violation of the First Amendment, as alleged in Count II (SAC ¶¶ 72–79).  To state a First Amendment retaliation claim, a plaintiff must allege that "(1) an interest protected by the First Amendment exists; (2) the defendants' actions were motivated or substantially caused by the plaintiff's exercise of that right; and (3) the defendants' actions effectively chilled . . . the plaintiff's exercise of that right."  *Wozar*, 763 F. Supp. 3d at 201–02 (internal quotations omitted).  "The test is conjunctive: if all three prongs are not satisfied, then the claim fails."  *Id.*

Even accepting as true that Plaintiff's litigation activities constitute a protected First Amendment interest, Plaintiff has failed to allege any retaliatory motivation or chilling effect. Plaintiff alleges that "Defendants acted with retaliatory animus, selectively targeting Plaintiff for discipline, concealment of filings, expanded investigations, and post-mandate actions that would not have been taken against any similarly situated attorney" (SAC ¶ 77, *see also* ¶ 78 (discussing Ms. Wolfe's actions relating to Ms. Lee's disciplinary referral)).  These allegations relate almost entirely to Ms. Lee rather than Plaintiff.  Moreover, these allegations are conclusory and insufficient to claim that any of the Federal Defendants' actions were "motivated or substantially caused by" any of Plaintiff's protected First Amendment activities.  Allegations of a retaliatory motive may be supported by "expressions by the officials regarding their state of mind, circumstances suggesting in a substantial fashion that the plaintiff has been singled out, or the

highly unusual nature of the actions taken." *See Delarosa v. United States*, 2013 WL 2295665, at *7 (N.D.N.Y. May 24, 2013) (quoting *Blue v. Koren*, 72 F.3d 1075, 1084 (2d Cir. 1995)).  The SAC is plainly devoid of any such allegations regarding the Federal Defendants' actions here.

In addition, Plaintiff's allegations that the purported retaliation "chill[ed] Plaintiff's ability to litigate, earn income, maintain reputation, and continue protected petitioning activity" (SAC ¶ 76) are without merit.  "Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).  Plaintiff continues to litigate and engage in "protected petitioning activity" – including by bringing this action.  Accordingly, she has failed to sufficiently allege a chilling effect.  *Id.* (finding no chilling effect where plaintiff continued to publish his newspaper criticizing village government).

Because Plaintiff has failed to allege a retaliatory motivation or chilling effect, she has failed to state a claim for First Amendment retaliation.

## IV.    THE SAC DOES NOT PROPERLY ALLEGE DEFAMATION OR A VIOLATION OF JUDICIARY LAW § 90(10)

Count IV of the SAC fails in its attempt to assert a defamation/libel claim and a violation of Judiciary Law § 90(10) against Defendants Judge Parker, Judge Nathan, Judge Merriam, and Wolfe.  SAC ¶¶ 85–101.  As an initial matter, "[t]here is no federal cause of action for defamation . . . because one's reputation is not a right, privilege, or immunity protected by the Constitution or laws of the United States." *Ezekwo v. Neri*, No. 20 Civ. 9505 (LTS), 2021 WL 1664411, at *3 (S.D.N.Y. Apr. 26, 2021) (citing *Paul v. Davis*, 424 U.S. 693, 711–13 (1976)).  A claim under New York Judiciary Law § 90(10) is similarly a cause of action arising out of state law. *Christian v. N.Y. State Bd. of Law Examiners*, 899 F. Supp. 1254, 1256 (S.D.N.Y. 1995) (characterizing a claim under New York Judiciary Law § 90(10) as a "state law claim").  A district court "may

decline to exercise supplemental jurisdiction over state-law claims" when a plaintiff has failed to state a federal claim over which the court has original jurisdiction. *Ezekwo*, 2021 WL 1664411, at *3. Here, as discussed above, Plaintiff's federal claims are legally deficient, and therefore the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Viera v. U.S.*, No. 24 Civ. 1862 (LTS), 2024 WL 2219434, at *6 (S.D.N.Y. May 14, 2024) ("when the federal-law claims have dropped out of the lawsuit . . . and only state-law claims remain, the federal court should decline the exercise of jurisdiction.") (internal quotations omitted).

In addition, this Court lacks subject matter jurisdiction to hear Plaintiff's defamation claim because she lacks Article III standing. *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). "It is well established that 'a plaintiff must demonstrate standing for each claim [s]he seeks to press.'" *Id.* at 64 (quoting *DaimlerChysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006)). "Thus, *with respect to each asserted claim*, [a] plaintiff must always have suffered a distinct and palpable injury to [her]self." *Id.* (internal quotation marks omitted). Count IV relates solely to the alleged defamation of Ms. Lee – not Plaintiff. *See, e.g.,* SAC ¶¶ 92–93 (referring to public dissemination of disciplinary materials); ¶ 94 (alleging defamatory assertions that Plaintiff "had committed unethical or sanctionable misconduct"); ¶ 96 (allegedly defamatory statements caused "reputational damage, professional isolation, loss of client confidence, and cascading harm to Plaintiff's counsel's career and standing in the legal community."). Accordingly, Plaintiff lacks standing to bring this claim. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997) ("[A] plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."); *In re UBS Erisa Litig.*, No. 08 Civ. 6696 (RJS), 2014 WL 4812387, at *6 (S.D.N.Y. Sep. 29, 2014) (plaintiff lacked standing when complaint contained "no allegations demonstrating Plaintiff's individual loss"), *aff'd sub nom., Taveres v. UBS AG,*

612 F. App'x. 27 (2d Cir. 2015).

Even if Plaintiff had standing, the SAC fails to allege facts to properly state a defamation/libel claim. "Defamation . . . is the invasion of the plaintiff's interest in a reputation and good name." *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 452 (E.D.N.Y. 2024), *aff'd* 125 F.4th 397 (2d Cir. 2025), *cert. denied* 144 S. Ct. 2698 (2025) (quoting *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001)). Under New York law, a plaintiff must establish five elements to recover in libel: "1) a written defamatory statement of fact concerning the plaintiff; 2) publication to a third party; 3) fault (either negligence or actual malice depending on the status of the libeled party); 4) falsity of the defamatory statement; and 5) special damages or per se actionability (defamatory on its face)." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000).

Here, Plaintiff has failed to identify which of the Federal Defendants' statements were allegedly defamatory. Plaintiff alleges only that Judge Parker, Judge Nathan, Judge Merriam, and Ms. Wolfe "publicly disseminated" disciplinary materials that "falsely implied that Plaintiff engaged in sanctionable professional misconduct." SAC ¶ 92. Such conclusory allegations are insufficient to allege a defamatory statement. *Dieujuste*, 731 F. Supp. 3d at 453 (dismissing defamation claim when complaint "fail[ed] to identify which of Defendants' statements were allegedly defamatory"). Moreover, Plaintiff fails to allege that any of the Federal Defendants' statements were materially false, particularly when Ms. Lee admitted that she had relied on ChatGPT for the non-existent case citation. *Park*, 91 F.4th at 613–16. Accordingly, Plaintiff has failed to state a defamation claim. *See Dieujuste*, 731 F. Supp. 3d at 453 (dismissing defamation claim when "Plaintiff's conclusory allegations do not plausibly allege that *any* statement made by

*any* of the Defendants is materially false[.]").[7]

Finally, the Court has already considered Plaintiff's claim for alleged violations of New York Judiciary Law§ 90(10) in connection with Plaintiff's motion for a Preliminary Injunction and determined that it is unlikely to succeed on the merits. *See* Apr. Order at 5-6. The SAC's allegations supporting this claim are nearly identical to Plaintiff's assertions in the Motion for Preliminary Injunction (ECF No. 31-1 at 4). *Compare* SAC ¶ 24 ("The panel then published publicly the disciplinary referral on PACER and disseminated it to over 100 media outlets, in violation of Judiciary Law § 90(10) and Second Circuit Local Rule 46.2, which require confidentiality of disciplinary matters until final adjudication.") *with* ECF No. 31-1 at 4 ("Judiciary Law § 90(10) mandates that attorney disciplinary matters remain confidential unless and until a final determination has been rendered. The January 30, 2024 referral was not only unauthorized but was published to the court docket and disseminated worldwide."). In denying the preliminary injunction, the Court observed that "the Second Circuit panel's referral of Ms. Lee's conduct to the Grievance Panel does not fall within" either N.Y. Judiciary Law § 90(10) or Second Circuit Local Rule 46.2. Apr. Order at 6. "Rather, [Local Rule 46.2] appears to capture matters referred to the Grievance Committee from the Grievance Panel and protects the confidentiality of proceedings and documents of the Grievance Committee." *Id.* The SAC has not cured these deficiencies, and this claim should be dismissed.

---

[7] Even if Plaintiff could state a defamation claim, the Court would lack subject matter jurisdiction. The only avenue to seek redress for allegedly tortious conduct of federal employees acting within the scope of their employment–as the federal judges and Ms. Wolfe were doing here–is an action against the United States under the Federal Tort Claims Act ("FTCA"). *See, e.g., Bizounouya v. United State Post Services*, No. 24 Civ. 4812 (LTS), 2024 WL 4855216, at *2-3 (S.D.N.Y. Nov. 20, 2024). The FTCA expressly excludes defamation claims. 28 U.S.C. § 2680(h); *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 937 (S.D.N.Y. 2018).

## V.    PLAINTIFF FAILS TO STATE A CLAIM FOR SEVERE EMOTIONAL DISTRESS AND ULTRA VIRES NON-JUDICIAL MISCONDUCT

Finally, Count V alleges "severe emotional distress" and "ultra vires non-judicial misconduct." SAC ¶¶ 102–108.  A claim for emotional distress arises under state law, and as discussed above, the Court should decline to exercise supplemental jurisdiction over this claim given the deficiencies in Plaintiff's claims arising under federal law.  *See Schoch v. Scattaretic-Naber*, No. 24 Civ. 2294 (CS), 2024 WL 2221383, at \*4, 6 (S.D.N.Y. May 16, 2024) (declining supplemental jurisdiction over intentional infliction of emotional distress when plaintiff's federal claims were barred by judicial immunity).  Moreover, as with her defamation claim, Plaintiff lacks standing to bring an emotional distress or ultra vires claim because these claims are based entirely on Ms. Lee's disciplinary referral and alleged injuries to Ms. Lee, rather than Plaintiff.  *See* SAC ¶ 103 (Defendants "publicly issued a disciplinary referral without jurisdiction); ¶ 104 (Ms. Wolfe "publicly disseminated unauthorized disciplinary referral").

Even if Plaintiff had standing, the SAC does not properly state these claims.  The Federal Defendants construe Count V as an intentional infliction of emotional distress (IIED) claim given the allegations of "severe emotional distress."  SAC Count V.  "Under New York law, an IIED claim has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."  *Coleman v. Grand*, 523 F. Supp. 3d 244, 266 (E.D.N.Y. Feb. 26, 2021) (quoting *Bender v. City of N.Y.*, 78 F.3d 787, 790 (2d Cir. 1996)).  IIED claims are "highly disfavored" under New York law, and "[c]laims typically fail as a matter of law on the first element."  *Id.*  "Liability has been found only where the conduct has been so outrageous in character . . . as to be utterly intolerable in a civilized society."  *Id.*  This is a "high bar," and even showing that a defendant

acted with "tortious, criminal or malicious intent is insufficient." *Id.* Plaintiff's allegations do not meet that high bar. All of the Federal Defendant's actions were taken in their judicial capacities or to carry out administrative functions associated with the judicial process and fall well short of the "extreme and outrageous conduct" required for an IIED claim.[8]

Plaintiff similarly fails to state an ultra vires claim. First, ultra vires claims rest on the equitable power of federal courts to grant injunctive relief "with respect to violations of federal law by federal officials." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015). Ultra vires claims challenge executive or agency actions, *not* judicial or quasi-judicial ones. *See id.* (tracing the "long history of judicial review of illegal executive action" leading to present-day ultra vires actions challenging Presidential and agency actions); *Chamber of Com. of U.S. v. Reich*, 74 F.3d 1322, 1327 (D.C. Cir. 1996) (describing ultra vires claim as "non-statutory review of executive action"). As the Supreme Court has explained, ultra vires review "applies only when an agency has taken action entirely in excess of its delegated powers[.]" *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025) (internal quotation marks omitted). "Ultra vires review is also unavailable if . . . a statutory review scheme provides aggrieved persons with a meaningful and adequate opportunity for judicial review, or if a statutory review scheme forecloses all other forms of judicial review." *Id.* (internal quotation marks omitted). For this reason, claims under this doctrine are "essentially a Hail Mary pass[.]" *Id.* at 681-82.

Notably, Plaintiff does not explain why ultra vires review should apply to judicial or quasi-judicial bodies. Nor does she cite any case law that would support such a claim. Conclusory

---

[8] Nor can Plaintiff allege a negligent infliction of emotional distress claim, which requires "a breach of a duty of care resulting directly in emotional harm." *Corley v. Vance*, 365 F. Supp. 3d 407, 454 (S.D.N.Y. 2019). Courts have dismissed such claims when, as here, a plaintiff fails to allege any negligent acts forming the basis of the claim or that defendants owed a special duty of care that was breached. *Id.* (quoting *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996) ("The duty in such cases must be specific to the plaintiff, and not some amorphous, free-floating duty to society.").

allegations that the Second Circuit panel and Ms. Wolfe's acts were "administrative, punitive, and ultra vires, not judicial in nature" cannot state an ultra vires claim. That is particularly the case when, as here, these defendants' conduct was well within the scope of their judicial responsibilities and functions. *See supra* Section I.

Thus, Plaintiff has failed to state a claim for severe emotional distress and ultra vires conduct.

## VI.    THE COURT SHOULD DENY LEAVE TO AMEND

The Federal Defendants also respectfully request that Plaintiff be denied any further amendment. Plaintiff has been made aware of these pleading deficiencies several times throughout this litigation, (ECF Nos. 36, 73, 103, 114, 135), and has had multiple opportunities to cure these deficiencies by amendment. For the reasons set forth above, any opportunity to amend would be futile, and courts have denied plaintiffs leave to amend when "further amendment would [not] remedy the jurisdictional or pleading deficiencies[.]" *Marks-Ellis v. NYU Langone Health Sys.*, No. 23 Civ. 9618 (KPF), 2025 WL 1784814, at *12 (S.D.N.Y. June 27, 2025). More specifically, courts have denied leave for further amendment when a plaintiff's claims are dismissed based on judicial immunity. *See, e.g., Siomkos v. Beckerman*, No. 25 Civ. 4103 (DEH), 2025 WL 1489761, at *4 (S.D.N.Y. May 23, 2025), *appeal filed* June 5, 2025 (denying leave to amend claims brought against state court judge because these defects "cannot be cured with an amendment"); *see also Reiss v. Baron*, No. 22 Civ. 908 (LTS), 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (denying leave to amend when claims were dismissed based on judicial immunity).

## CONCLUSION

For all the reasons discussed herein, the Court should dismiss all the claims alleged against the Federal Defendants in the SAC.

Dated:  March 9, 2026
        New York, New York

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Federal Defendants*

By:     */s/ Jonaki M. Singh*

JONAKI M. SINGH
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2785

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 8,720 words.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 9, 2026, I caused a true and correct copy of the foregoing to be served on counsel of record by electronically filing it with the Clerk of the Court using the ECF system, which will send notification of such filing to the registered participants and via email to counsel for Plaintiff.

Dated: March 9, 2026
      New York, New York                            */s/ Jonaki M. Singh*
                                                     Jonaki M. Singh