UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINHYE PARK,

Plaintiff,

v.

HON. BARRINGTON D. PARKER, ET AL.,

Defendants.

25-CV-00789 (MAB) (SDA)

**OPINION AND ORDER**

MARK A. BARNETT, United States Judge:[1]

Plaintiff, Minhye Park ("Plaintiff" or "Ms. Park"), commenced this case against Judges Barrington D. Parker, Alison J. Nathan, and Sarah A.L. Merriam, federal judges of the U.S. Court of Appeals for the Second Circuit ("Second Circuit"), in their individual capacities; Judge Pamela K. Chen and Magistrate Judge Lois Bloom, federal judges of the U.S. District Court for the Eastern District of New York ("EDNY"), in their individual capacities; Catherine O'Hagan Wolfe, Clerk of Court for the Second Circuit, in her official and individual capacities; and David Coon and Terrence M. Connors, members of the Second Circuit Committee on Admissions and Grievances, in their official capacities (collectively, "Federal Defendants"). Corrected Second Am. Compl. ("SAC" or "Second Amended Complaint") ¶¶ 7–10, ECF No. 132. Plaintiff also named OpenAI, Inc. ("OpenAI") as a defendant. *Id.* ¶ 11. The court previously held that Plaintiff's federal claims against Federal Defendants are barred by judicial immunity and declined

[1] Chief Judge Mark A. Barnett of the U.S. Court of International Trade, sitting by designation.

to exercise supplemental jurisdiction over Plaintiff's state claims against Federal Defendants and OpenAI. *See generally Park v. Parker* (*Park I*), No. 25-CV-00789 (MAB) (SDA), 2026 WL 2044185 (S.D.N.Y. July 15, 2026).

Plaintiff now moves "to alter or amend the judgment, for reconsideration, and for limited record supplementation," referred to herein as Plaintiff's motion for reconsideration. *See* Notice of Mot., ECF No. 180 (capitalization omitted), and accompanying Pl.'s Mem. of Law in Supp. of Mot. to Alter or Amend Judgment and for Recons. ("Pl.'s Mem. Recons."), ECF No. 180.[2] For the reasons set forth below, the court denies the motion.

## BACKGROUND

The court presumes familiarity with the extensive factual and procedural background set forth in *Park I*. By way of brief overview, Plaintiff asserted claims against Federal Defendants involving their respective alleged actions in other lawsuits brought by Ms. Park or by her attorney Jae S. Lee. ("Attorney Lee"), in the EDNY and appealed to the Second Circuit, or in relation to disciplinary referrals concerning Attorney Lee. *Park I*, 2026 WL 2044185, at *2–3. Those lawsuits consist of 1) a medical malpractice action that Plaintiff filed in the EDNY, *see Park v. Kim*, No. 20-CV-

[2] Plaintiff's reference to record supplementation appears tied to her request for "preservation, in camera review, production, or other limited supplementation of the CM/ECF record necessary to determine what was actually submitted and received" in connection with a proposed Third Amended Complaint. Notice of Mot. at 2. Because the court finds no legal basis to reconsider treating Plaintiff's Second Amended Complaint as the operative pleading, the court need not, and therefore does not, address Plaintiff's record request.

02636 (PKC), 2022 WL 3643966 (E.D.N.Y. Aug. 24, 2022); 2) Plaintiff's appeal of the EDNY's dismissal of *Park v. Kim* to the Second Circuit, *see Park v. Kim*, 91 F.4th 610 (2d Cir. 2024); 3) Plaintiff's action against defense counsel in *Park v. Kim* alleging professional misconduct, *see Park v. Newman*, No. 24-CV-4770 (PKC) (CHK), 2026 WL 873090 (E.D.N.Y. Mar. 30, 2026); and Attorney Lee's Second Circuit appeal in her lawsuit against Delta Air Lines, *see Lee v. Delta Air Lines, Inc.*, No. 24-850-CV, 2025 WL 1375326 (2d Cir. May 13, 2025). In this present case, Plaintiff has alleged against Federal Defendants "(1) violations of the First, Fourth, and Fifth Amendments of the Constitution of the United States pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), (2) defamation and violation of New York Judiciary Law § 90(10), and (3) severe emotional distress." *Park I*, 2026 WL 2044185, at *5. Plaintiff alleged "product-liability claims against OpenAI, arising from GPT-3.5's creation of a fabricated legal citation upon which Attorney Lee relied" in the Second Circuit appeal of *Park v. Kim*. *Id.* In *Park I*, the court dismissed all federal claims and declined to exercise supplemental jurisdiction over the state-law claims. *Id.* at *7–11.

The court also addressed and rejected Plaintiff's argument that her proposed Third Amended Complaint ("TAC") was the operative pleading. *Id.* at *11. The court explained that Plaintiff had failed to comply with an earlier order affording her the opportunity to properly and timely file her motion for leave to file a third amended complaint. *See id.* The court further stated that

> the proposed Third Amended Complaint would not cure the Second Amended Complaint's defects. Regardless of the proposed amendments, Federal Defendants are still protected by judicial immunity, *Bivens* does not extend to the constitutional claims pleaded by Plaintiff, and this court could still decline to exercise supplemental jurisdiction over claims against Federal Defendants and OpenAI that arise under state law. As such, this court need not address whether Plaintiff lacks standing to bring the state claims, and whether reinstating Attorney Lee as a co-plaintiff would resolve any issues of standing.

*Id.* (citations omitted).[3]

On July 17, 2026, in accordance with the court's opinion in *Park I*, the Clerk of Court entered judgment and closed this case. J., ECF No. 179.

On August 14, 2026, Plaintiff timely filed her motion for reconsideration. Pl.'s Mem. Recons. On August 28, 2026, Federal Defendants opposed Plaintiff's motion. Fed. Defs.' Letter in Opp'n ("Defs.' Opp'n"), ECF No. 181. Plaintiff did not file a reply.

## STANDARD OF REVIEW

Plaintiff moves pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) and Local Rule 6.3.[4] Pl.'s Mem. Recons. at 3.[5] FRCP 59(e) states that "[a] motion to alter

---

[3] The original complaint filed in this case listed both Ms. Park and Attorney Lee as plaintiffs. Compl. ¶¶ 5–6, ECF No. 9. Plaintiff's first and second amended complaints listed Ms. Park as the sole plaintiff. First Am. Compl. and Verified Req. for Inj. Relief ¶ 4, ECF No. 48; SAC ¶ 6. Plaintiff sought to reinstate Attorney Lee as a plaintiff in the proposed Third Amended Complaint. [Proposed] TAC ¶¶ 39–40, ECF No. 158.

[4] Local Rule 6.3 includes a 14-day timing provision that is displaced by FRCP 59(e) and states additional procedural requirements governing briefing on a motion for reconsideration. *See* Loc. R. 6.3. "The standards for relief under Rule 6.3 and Rule 59, however, are identical." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009).

[5] While Plaintiff invokes FRCP 60(b) "to the extent applicable," Pl.'s Mot. Recons. at 3, she does not identify which, if any, of the six possible grounds for relief might apply, *see* Fed. R. Civ. P. 60(b)(1)–(6). Any argument "unaccompanied by some effort at developed argumentation" is considered forfeited. *Meyer v. Seidel*, 89 F.4th 117, 129

or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *SEC v. Collector's Coffee Inc.*, No. 19-CV-4355 (VM), 2025 WL 1068751, at *1 (S.D.N.Y. Apr. 9, 2025) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A Rule 59(e) motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). Rather, "[r]econsideration of a prior order under Rule 59(e) is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Collector's Coffee*, 2025 WL 1068751, at *1 (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012)).

## **DISCUSSION**

Plaintiff's motion identifies no controlling decision or data the court overlooked or that, if considered, would reasonably change the outcome. The court addresses each of Plaintiff's arguments, in turn.

---

(2d Cir. 2023) (quoting *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001)). Because Plaintiff simply referenced FRCP 60(b) without any substantive argument, Plaintiff has forfeited any arguments arising thereunder.

First, Plaintiff contends that the court should determine "how the SAC became operative and what legal effect attached to the later TAC submissions." Pl.'s Mem. Recons. at 3.[6] Federal Defendants argue that the court has addressed this issue. Defs.' Opp'n at 3.

In recounting the procedural history of Plaintiff's attempt to file her Second Amended Complaint, the court explained that Plaintiff's repeated filing errors "ultimately resulted in Magistrate Judge Aaron instructing chambers staff to correctly file Plaintiff's motion papers to move the case forward." *Park I*, 2026 WL 2044185, at *4 n.8 (citing Order (Aug. 27, 2025), ECF No. 110).[7] In a subsequent order, the court accepted the SAC as timely and set a scheduling order for the anticipated motions to dismiss the SAC. Scheduling Order (Dec. 3, 2025), ECF No. 131.

Shortly thereafter, Plaintiff made her first attempt to file a motion for leave to file a third amended complaint, which the court determined failed "to comply with Local Civil Rule 15.1(a), as occurred with Plaintiff's attempt to file her Second Amended Complaint." *Park I*, 2026 WL 2044185, at *4. To continue to attempt to move this case forward, the court set a deadline for Plaintiff to file her motion papers consistent with Local Civil Rule 15.1. *See id.* Plaintiff filed her papers after the deadline and the motion papers yet again failed to comply with Local Civil Rule 15.1. *See id.* The court afforded

---

[6] The court identifies the pagination internal to Plaintiff's accompanying memorandum. Federal Defendants identify the page numbers generated by the electronic filing system. *See* Defs.' Opp'n at 2 n.1.
[7] Judge Aaron further cautioned "Plaintiff's counsel . . . that it is their responsibility going forward to properly file documents." Order (Aug. 27, 2025).

Plaintiff an additional opportunity to timely and properly file her motion, but also cautioned that if Plaintiff failed to do so, "absent consent to amendment by the Defendants, this action will move forward with the [Second Amended Complaint] as the operative pleading." *Id.* (quoting Order (Jan. 20, 2026) at 2, ECF No. 157) (alteration in original). While Plaintiff filed her proposed Third Amended Complaint by the deadline, she filed her motion for leave to file the Third Amended Complaint after the deadline and "again failed to comply with Local Civil Rule 15.1." *Id.* Upon consideration of "the continuing pattern of errors by Plaintiff's counsel" and the absence of a proper motion, the court declined to extend again Plaintiff's time to file a motion for leave to file a third amended complaint and stated that "this action will proceed with the SAC as the operative pleading." Order (Feb. 20, 2026), ECF No. 167. Thus, as explained in *Park I*, after several opportunities, Plaintiff neither timely nor properly filed her motion for leave to file a third amended complaint.[8] Plaintiff has identified no basis for the court to reconsider this aspect of its opinion.

Plaintiff next argues that although the court "could notice that prior orders, docket entries, motions, and disciplinary documents existed," the court "could not notice contested assertions within those materials for their truth and then use those assertions to defeat Plaintiff's allegations." Pl.'s Mem. Recons. at 5. For these arguments, Plaintiff

---

[8] As quoted in the Background, *supra*, the court also concluded that the Third Amended Complaint, even if it had been accepted, would not have cured the Second Amended Complaint's defects. *See Park I*, 2026 WL 2044185, at *11. Plaintiff does not address this finding, which supported dismissal in *Park I* and supports the court's decision not to reconsider the dismissal.

relies on *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773–74 (2d Cir. 1991), and *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156–57 (2d Cir. 2006). *See* Pl.'s Mem. Recons. at 5. Federal Defendants argue that Plaintiff has failed to identify any contested assertions that the court judicially noticed. Defs.' Opp'n at 3.

The cases cited by Plaintiff do not require the court to reconsider *Park I*. As an initial matter, *Kramer* does not support Plaintiff's position. There, the Second Circuit affirmed the district court when it took judicial notice of public documents filed with the U.S. Securities and Exchange Commission to address "a motion to dismiss a securities action based on allegations of material misrepresentations or omissions," reasoning that "no serious question as to [the documents'] authenticity can exist," that "the documents are the very documents that are alleged to contain the various misrepresentations or omissions and are relevant not to prove the truth of their contents but only to determine what the documents stated," and that "a plaintiff whose complaint alleges that such documents are legally deficient can hardly show prejudice resulting from a court's studying of the documents." *Kramer*, 937 F.2d at 774. The appellate court noted that "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id.*

In contrast, the *Global Network* court concluded that a district court erred in relying on trial testimony from an unrelated criminal proceeding to dismiss a complaint for failure to state a claim without converting the motion to one for summary judgment. 458 F.3d at 153, 156. The Second Circuit rejected the argument that the trial testimony

was exempt "from the conversion requirement" because the testimony was "a public record susceptible to judicial notice." *Id.* at 157. While the existence of the testimony may be judicially noticeable, the court explained, the district court erred in using the contents of the testimony to make factual findings in conflict with the allegations of the complaint, when the plaintiff neither mentioned nor relied upon the testimony in drafting the complaint. *See id.* at 156–57.

Here, consistent with *Kramer* and distinct from *Global Network*, the court judicially noticed court filings and documents in order to ascertain what the documents stated, not for purposes of determining whether the statements contained in the documents were factually true. As noted in the opinion, in determining whether Plaintiff had alleged sufficient well-pleaded facts, "[t]he court is not required to accept as true factual allegations that are contradicted 'by facts of which the court may take judicial notice.'" *Park I*, 2026 WL 2044185, at *1 n.3 (quoting *Coggins v. Cnty. of Nassau,* 988 F. Supp. 2d 231, 243 (E.D.N.Y. 2013)). Moreover, the court's holding in *Park I* did not rest on any judicially-noticed facts but, rather, on Plaintiff's unsupported allegations couched as facts and the lack of plausible allegations of conduct outside the scope of judicial immunity. *See id.* at *7–11 & n.3; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating the court is "not bound to accept as true a legal conclusion couched as a factual allegation"); *cf. Bliven v. Hunt*, 418 F. Supp. 2d 135, 138 (E.D.N.Y. 2005), *aff'd*, 579 F.3d 204 (2d Cir. 2009) (*sua sponte* dismissing claims against individual defendant judges as frivolous when the plaintiff failed to allege actions "beyond their judicial

capacity or in the clear absence of jurisdiction"). Accordingly, Plaintiff's arguments regarding judicial notice are not a basis for reconsideration.

Third, regarding judicial immunity, Plaintiff argues that "the [c]ourt must identify the particular act and determine whether it was judicial, administrative, ministerial, disciplinary, publication-related, or otherwise nonjudicial, and whether the actor possessed jurisdiction and authority for that act." Pl.'s Mem. Recons. at 6.[9] Federal Defendants argue that the court did consider the alleged acts and, further, found that Plaintiff made no claims specific to Federal Defendants Coon and Connors. Def.s' Opp'n at 4.

Courts take "a functional approach" to determining whether an act by a judge or individual tasked with performing judicial functions is judicial in nature. *Bliven*, 579 F.3d at 209–10; *see also Dieujuste v. Sin*, 125 F.4th 397, 399 (2d Cir.), *cert. denied*, 146 S. Ct. 119 (2025) ("Absolute judicial immunity also extends to those who, at the direction of a judicial officer, perform administrative functions closely associated with the judicial process."). "In employing this functional analysis, the Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. The court also applied this functional analysis to the Clerk of Court and Grievance Committee members included

[9] Similarly, Plaintiff argues that "[a]s to the Second Circuit judicial and disciplinary defendants, . . . [t]he [c]ourt must identify who made each decision, whether it was a judicial act in a case or a distinct disciplinary/administrative function, what rule authorized it, and whether an actual panel or judicial direction existed." Pl.'s Mem. Recons. at 7.

among the Federal Defendants. *See Park I*, 2026 WL 2044185, at *6 (summarizing the scope of judicial immunity). Judicial immunity is intended to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citing *Bradley v. Fisher,* 80 U.S. 335, 348 (1872)).

Plaintiff mischaracterizes the court's prior analysis and adopting her analytical approach would effectively shift the relevant burden to the court. The court reviewed Plaintiff's factual allegations in detail and found that none plausibly alleged nonjudicial conduct. *Park I*, 2026 WL 2044185, at *2–3, *6–9. The court did so against the backdrop of binding precedent stating that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge" and that "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at *6 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). And while Plaintiff asks the court to determine whether each act was taken with or without legal authority or jurisdiction, in the absence of a plausible allegation from Plaintiff, "the courts have no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011); *see also McBeth v. Porges*, 171 F. Supp. 3d 216, 236 (S.D.N.Y. 2016) ("[T]he Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions' or speculation." (quoting *Iqbal*, 556 U.S. at 678–79)).

Fourth, Plaintiff offers a series of assertions regarding the related lawsuits to support the argument that the court improperly dismissed her claims of selective or disparate treatment. *See* Pl.'s Mem. Recons. at 8–11. Federal Defendants argue that the court found Plaintiff's federal claims non-cognizable under *Bivens*, in addition to being barred by judicial immunity, and notes that Plaintiff does not seek reconsideration of the *Bivens* portion of the court's opinion. Defs.' Opp'n at 4.

Plaintiff's legal argument is difficult to discern. To the extent that Plaintiff argues she adequately alleged disparate treatment, Plaintiff offers no new legal authority undermining the court's analysis of her First and Fifth Amendment claims against the Federal Defendants. *See Park I*, 2026 WL 2044185, at *10–11. Indeed, Plaintiff does not mention *Bivens* at all.[10] Thus, the court sees no reason to reconsider that additional basis for dismissing Ms. Park's federal claims.

Fifth, Plaintiff again "requests competent confirmation of the applicable authorization for each individual-capacity defendant." Pl.'s Mem. Recons. at 12. The court has addressed, and rejected, Plaintiff's allegations of infirmities in the U.S.

---

[10] Plaintiff suggests that once she "alleges that later actors exceeded or departed from the limited referral, that notice and evidentiary procedures were deficient, and that confidential disciplinary information was disseminated or republished beyond lawful authority," she is entitled to, or the court must identify for her, "the actor, rule, decision, and authorization for each challenged step" because, in Plaintiff's view, "[a] merits-panel referral does not itself prove that every later act by a grievance body, committee member, clerk, or publication mechanism was a protected judicial act." *Id.* At the Rule 12(b)(6) stage, however, the burden is on Plaintiff to identify, using the information and legal authorities available to her, facts sufficient to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff has failed to meet this burden.

Department of Justice's authorization of representation. *Park I*, 2026 WL 2044185, at *1 n.2; Order (Aug. 29, 2025) at 1–3, ECF No. 115. Plaintiff offers no basis to reconsider these rulings.

Lastly, Plaintiff requests reconsideration of the court's decision not to exercise supplemental jurisdiction over the state-law claims "[i]f any federal claim is restored." Pl.'s Mem. Recons. at 12. Because the court declines to reconsider dismissal of the federal claims, there is no need to reconsider the question of supplemental jurisdiction.

Relatedly, the court declines to amend the Judgment to "state expressly that every state-law claim over which supplemental jurisdiction was declined is dismissed without prejudice and without merits-preclusive effect." *Id.* (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122–24 (2d Cir. 2006)). Plaintiff misreads *Kolari* to require an explicit statement. *Kolari* addressed a district court's dismissal of the plaintiff's federal claims with prejudice and subsequent exercise of supplemental jurisdiction that also resulted in dismissal of the plaintiff's state claims with prejudice. *Kolari*, 455 F.3d at 119. The Second Circuit held that because "the district court should have declined jurisdiction over the state-law claims," remand was required for the district court to instead dismiss the state claims without prejudice. *Id.* at 124. Here, however, it is well-settled that "a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no res judicata effect." *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000). Dismissal based on the court's decision not to exercise supplemental jurisdiction has the same legal effect. *See Rebaudo v. AT & T Servs., Inc.*, No. 3:09–CV–00437 (DJS), 2013 WL 5435489, at *9 (D. Conn. Sept. 30, 2013)

(finding that a state law claim was not precluded when district court previously declined to exercise supplemental jurisdiction over the claim). The presence or absence of the phrase "without prejudice" in the court's judgment does not change the operative legal effect, thus, no amendment of the judgment is necessary.

## CONCLUSION AND ORDER

In accordance with the foregoing, Plaintiff's motion for reconsideration (ECF No. 180) is **DENIED**.

/s/ Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: October 2, 2026
New York, New York